FILED
OCT 23 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES FEDERAL DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37922
865-300-5831

V

U.S. Office of Special Counsel (OSC)
1730 M. St., NW
Suite 300
Washington, DC 20036

CASE NUMBER 1:06CV01834

JUDGE: Paul L. Friedman

DECK TYPE: Pro se General Civil

DATE STAMP: 10/23/2006

Related OSC Freedom of Information Act (FOIA) request file nos.

FO-06-1484
FO-06-2493
FO-06-2732

Related Federal District Court now pending at this court docket no.

05-CV-0537, Judge Friedman

Date: October 19, 2006

IN RE JOSEPH P. CARSON, PETITIONER

PETITION FOR WRIT OF MANDAMUS FROM THE U.S. OFFICE OF SPECIAL COUNSEL

BRIEF OF PETITIONER JOSEPH P. CARSON

1

UNITED STATES FEDERAL DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37922
865-300-5831

V

U.S. Office of Special Counsel (OSC)
1730 M. St., NW
Suite 300
Washington, DC 20036

Related OSC Freedom of Information Act (FOIA) request file nos..

FO-06-1484
FO-06-2493
FO-06-2732

Related Federal District Court case now pending at this court docket no.

05-CV-0537, Judge Friedman

Date: October 19, 2006

Comes the petitioner, who is pro se in this action and respectfully says as follows:

Per the Court's Minute Order of December 16, 2005 in a related case now pending at this Court, Docket no. 05-CV-0537, petitioner files another petition for writ of mandamus seeking relief from respondent failure to comply with its

statutory obligations to provide information to petitioner per 5 USC 552. He does not limit the relief requested to this, as a pro se petitioner he understands the Court, not he, is responsible to ensure the respondent has executed each and every statutory obligation it owes him, in light of the evidence presented to the Court.

Petitioner requests this case be joined and/or consolidated to the pending appeal if deemed appropriate, as the FOIA requests seek information, for the most part, related to OSC's and OSC's attorneys compliance with law in protecting federal employees from PPP's.

Petitioner, by law, is entitled to make FOIA requests of OSC and OSC, by law, has specific obligations to respond.

## THIS COURT'S JURISDICTION OVER THIS COMPLAINT

1. 5 USC 552(a)(4)(B) makes clear this Court has jurisdiction over this claim.

## RELIEF SOUGHT

2. Plaintiff contends the U.S. Office of Special Counsel (OSC) fails to meet its statutory obligations to respond to his FOIA requests and FOIA denial appeal within the time limits of 5 USC 552(a)(6). Petitioner has exhausted his administrative remedy in these FOIA requests and appeal, per 5 USC 552(a)(6)(C), so he brings this matter to the Court. He simply wants OSC to comply with the law in processing his FOIA request. Additionally, he

requests the Court make a referral for an OSC investigation of OSC's failure to comply with its lawful obligations to him, per 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3) as well as a referral, consistent with the ABA Model Rules of Judicial Conduct, to the appropriate professional body for the apparent professional malfeasance of the involved OSC attorneys.

**THE ISSUES PRESENTED**

3.   The Office of Special Counsel is an independent investigatory and prosecutorial agency. Its primary mission is to protect federal employees from prohibited personnel practices (PPP's), especially retaliation for whistleblowing. By performing this primary mission it indirectly upholds and defends the merit system principles, but that secondary to its primary mission of protecting the individual federal employees who seek its protection, which includes a statutory imperative for it and its licensed attorneys to "act in the interest" of those who seek its protection (5 USC 1201 Appendix). The law at 5 USC 1214, including its appendix, places a number of specific demands on OSC regarding its obligations to protect those who seek its protection.

4.   Petitioner, in related petitions for mandamus, contends that OSC and its licensed attorneys are systemic and persistent lawbreakers and that its and

their lawbreaking creates an additional and unnecessary risk of a nuclear 9/11. To obtain further information on OSC and its attorneys compliance with its statutory obligations, petitioner has presented several FOIA requests to OSC. True to form, particularly given OSC's essential role in enforcing FOIA compliance in all federal agencies, OSC and its attorneys fail to comply with its statutory obligations in this area too.

5. The essence of this petition for writ of mandamus is that OSC failed, in several specific ways, to comply with its statutory obligations to respond to petitioner's FOIA requests per the time requirements of the law. These shortcomings are essentially ministerial in nature.

THE FACTS NECESSARY TO UNDERSTAND THE ISSUES PRESENTED

*The Facts Regarding OSC's Failure, to Report Its Statutory Required Determination in Petitioner's PPP Complaint OSC File nos. MA-06-2118 and 2752.*

6. As Exhibits (1-4) demonstrate, OSC has not responded to petitioner's FOIA requests and/or appeal within the statutory established time frames and/or adequately justified its failure to do so.

7. OSC failures was essentially ministerial in nature - it failed to respond to petitioner's FOIA requests and appeal within the established time or provide

the statutory required justification for its not doing so.

## THE REASONS WHY THE WRIT SHOULD ISSUE

8.  Criteria for writs of mandamus to issue include: 1) the plaintiff must have a clear right to the relief, 2) the defendant must have a clear duty to act, and 3) no other adequate remedy must be available (See <u>Jones v. Alexander</u>, 609 F.2d 778 (5th Cir. 1980), *cert. denied*, 449 U.S. 832 (1980).

*Plaintiff must have a clear right to the relief:*

9.  5 USC 552 makes clear that OSC must respond to FOIA requests and appeals within statutory established time periods or justify its not doing so, consistent with law's guidance. It has failed to do so, which is particularly troubling, given OSC's unique responsibilities to enforce FOIA law in other agencies.

*The defendant must have a clear duty to act:*

10. 5 USC 552 makes clear that court ordered relief for OSC's failure to comply with the law in responding to his FOIA requests and appeal is appropriate.

*No other adequate remedy must be available*:

11. 5 USC 552 makes this clear.

12. The relief requested of OSC is essentially ministerial in nature - that OSC comply with the law in responding to petitioner's FOIA request and appeal

by providing the required information or justifying its delay in not doing so.

**CONCLUSION**

13. 5 USC 552 establishes the requirements for OSC to respond to FOIA requests and charges it with unique responsibilities to ensure other agencies do too. The District Court can order mandamus relief as necessary to ensure OSC complies with the law in responding to FOIA requests and FOIA appeals.

14. By ABA model rules of Judicial Conduct, the Judge has positive legal and professional obligations to "blow whistles" on evidence of attorney malfeasance, which petitioner thinks is evidenced by OSC's failure to comply with its FOIA responsibilities, so he requests the Judge "blow whistles" to the appropriate professional body on the apparent professional malfeasance of involved OSC attorneys.

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Plaintiff

# LIST OF EXHIBITS, CARSON V. OSC
October 19, 2006

## For FOIA request FO-06-1484

1. FOIA request, dated April 9, 2006

2. OSC status letter, dated July 11, 2006, which is the last written communication from OSC.

## For FOIA Request FO-06-2493

3. FOIA request of July 31, 2006

4. OSC acknowledgment letter of August 7, 2006, which is the only written communication received from OSC

## For FOIA Request FO-06-2732

5. FOIA request of September 4, 2006

6. OSC response, denying FOIA request, dated September 5, 2006

7. Appeal of FOIA response, dated September 9, 2006

8. OSC acknowledgment of FOIA appeal, dated October 3, 2006

April 9, 2006   FOIA REQUEST

FOIA Officer
US Office of Special Counsel (OSC) <www.osc.gov>
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
Tel: (202) 254-3600; Fax: (202) 653-5151

Dear OSC FOIA Officer,

Per 5 CFR 1800.2 I submit a FOIA request for certain information. I am willing to pay up to $50.00 for this information, per relevant law and regulation. If more money is required for me to obtain this information, please inform me what the estimated cost will be.

1. A list of all instances where OSC attempted to enforce its subpoena, per 5 USC 1212(b)(3)(A), with sufficient detail to obtain the relevant records from the relevant Federal District Court.

2. A list of all instances in which the Special Counsel initiated and conducted an investigation into a possible PPP or pattern PPP per 5 USC 1214(a)(5). (Note: By 5 USC 1218, OSC's annual reports to Congress should reflect the existence of such investigations.)

3. A list of all written requests made to OSC by Congress, per 5 USC 1217, from 1989 to present, describing the requests.

4. A list of all reports made by OSC to MSPB, OPM, and involved agency, per 5 USC 1214(b)(2)(B). (Note: by 5 USC 1218, these reports should also be described in OSC's annual reports to Congress.)

5. A list of actions initiated by OSC at the MSPB for "willful and knowing refusal or failure" to comply with a MSPB Order, per 5 USC 1215(a)(1)(C), preferably with the MSPB Docket No. or, if a published MSPB resulted, the MSPR citation. (Note: By 5 USC 1218, these should be reflected in OSC's annual reports to Congress.)

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934

cell phone: 865-300-5831; email <jpcarson@tds.net>

06 1834

**FILED**

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

July 11, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE: Freedom of Information Act Request
(Ref. # FO-06-1484)

Dear Mr. Carson:

In response to your recent inquiry, I wish to update you on the status of your Freedom of Information Act (FOIA) request. I have approximately 50 FOIA requests pending. As of today, my records indicate that your request is number 37 in that queue of pending requests.

The Office of Special Counsel answers simple FOIA requests immediately. All of the pending requests, including yours, fall into another category of requests– i.e., those that appear to require retrieval, review, and analysis of case files and/or large numbers of records. In fairness to all requesters, it is our policy to process such requests in the order in which they were received.

I anticipate being able to reach and respond to your request by August 31, 2006. If there will be any delay beyond that date, I will let you know.

Sincerely,

*Chris Kurt*

Christopher Kurt
FOIA Officer

06 1834

**FILED**

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exh 2

# Freedom of Information Act Request

July 31, 2006

OSC
1730 M St, NW
Suite 201
Washington, DC 20036

Dear FOIA Officer,

Per the law and OSC regulations for FOIA requests, I request the following records:

1. A list of all current licensed attorneys employed by OSC, and where they are licensed to practice law.

2. A list of all previously employed attorneys at OSC, from 1989, both career and appointed, with where they told OSC they were licensed to practice law.

I am willing to pay $100.00 for this information.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831
jpcarson@tds.net

06 1834

FILED

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex 3



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

8/7/06

Re: Freedom of Information Act and/or Privacy Act Request

This is to confirm that the Office of Special Counsel (OSC) has received your Freedom of Information Act (FOIA) and/or Privacy Act request. The request was received by OSC's Legal Counsel and Policy Division (LC&P) on 8/2/06. That date has been recorded as the incoming date of your request, which has been assigned # FO-06-2493.

As of the date of this letter, our records indicate that your request stands at number 55, out of approximately 56 pending requests. Most of the pending requests, including yours, are complex – that is, they appear to require more search and analysis time than other pending requests. In keeping with our policy, and in fairness to all requesters, we will process your request in the order in which it was received.

Until a decision is issued in response to your request, it may be helpful for you to know that disclosures of records from OSC files are extremely limited. This is mainly due to the type of information received or created by OSC in connection with its law enforcement responsibilities. Both the FOIA and the Privacy Act permit agencies to withhold certain types of records, using one or more exemptions authorized by law. Those exemptions protect public and private interests recognized by Congress and the courts.

Among the types of records that agencies can legally withhold under the FOIA, for example, are privileged information; information from or about persons – complainants or witnesses, for example – whose privacy would be violated by disclosure of the information to others; and active investigative files. *Most OSC files consist entirely of these types of records.* The result is that most OSC file records are usually withheld from disclosure, based on one or more FOIA and/or Privacy Act exemptions. A description of the exemptions that apply most often to OSC records is enclosed.

Copies of documents previously sent by you to OSC, or by OSC to you, can generally be provided in response to a request. (OSC regulations provide that fees will be charged for copying of materials over the first 100 pages, at the rate of $.25 per page.) If you would be interested in limiting the scope of your request to those documents, please notify OSC in writing, clearly noting "FOIA" and/or "Privacy Act" on the correspondence or envelope. Any such notification should be sent to the Legal Counsel and Policy Division by mail (at the address shown at the top of the first page of this letter), or by fax (to 202-653-5161).

Finally, the information provided above is **not** a decision on your request under the FOIA and/or Privacy Act. It is simply an explanation, in advance, that many of the records that you asked for may not be released. The decision letter will specify the reason(s) for the withholding of any records that you requested.

Enclosure

06 1834

FILED
OCT 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Freedom of Information Act (FOIA) request

September 4, 2006

Christopher Kurt, FOIA Officer
US Office of Special Counsel
1730 M St, NW, Suite 218
Washington, DC 20036
202-653-5151 fax

Re: FOIA Request,

Dear Mr. Kurt,

Per law and OSC regulation, I respectfully make a FOIA request for the following information:

1) Any court referrals made to OSC, since 1989, per 5 USC 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests, the relevant part of OSC law is 5 USC 1216(a)(3).

5 USC 552(a)(4)(F) states:

> "and the **court additionally issues a written finding that the circumstances surrounding the withholding *raise questions* whether agency personnel acted arbitrarily or capriciously with respect to the withholding** (emphasis added), the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends."

2) Copies of the OSC's findings and recommendations for its investigation of all such Court referrals.

I will pay the necessary money, up to $50, for OSC to fulfill this FOIA request.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

06 1834

FILED
OCT 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex 5



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

September 5, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE: Freedom of Information Act Request (Ref. # FO-06-2732)

Dear Mr. Carson:

I am writing in response to your letter, dated September 4, 2006. In that letter, you asked the Office of Special Counsel (OSC) to provide you with certain records or information from OSC files. Your patience during the delay in responding to your request has been greatly appreciated.

Your request has been processed under the Freedom of Information Act (FOIA).[1] In response to that request, I have been informed that OSC's automated case management system does not distinguish between allegations of arbitrary or capricious withholding under FOIA received and investigated by this agency under 5 U.S.C. § 552(a)(4)(F) (court referrals) and those received under 5 U.S.C. § 1216(a)(3) (referrals from other sources). The case management system, therefore, does not record the information you requested. A search of agency case files would not be feasible, as many case files over three years old have been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files. I am, therefore, unable to furnish you with the information you requested.

You have the right to appeal this response under the FOIA. Any such appeal must be in writing, and be postmarked within 30 days of the date of this letter. The appeal should be sent to Ms. Erin M. McDonnell, Associate Special Counsel, Office of Special Counsel, at the address shown at the top of this letter.

Sincerely,

Chris Kurt

Christopher M. Kurt
FOIA Officer
Legal Counsel and Policy Division

06 1834

FILED
OCT 23 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---
[1] 5 U.S.C. § 552.

Ex 6

FOIA APPEAL

September 9, 2006

Ms. Erin McDonnell, Esq
Associate General Counsel
OSC 1730 M St, Suite 218
Washington, DC 20036-4505

Re: Appeal of FOIA response of September 5, 2006, Ref. # FO-06-2732

Dear Ms. McDonnell,

I appreciate the very prompt response of Mr. Kurt, the OSC FOIA Officer, to this request. Given OSC's singular and vital responsibilities for protecting the FOIA process, I think it should be a model of responsiveness.

However, I disagree with Mr. Kurt's reasoning. As I understand 5 USC 552, only a federal court can make a referral to OSC as described in 5 USC 1216(a)(3) - any investigation conducted by OSC per 5 USC 1216(a)(3) can result only from a Court referral made per 5 USC 552(a)(4)(F), no other sources are authorized to request such an OSC investigation. I have performed a word search of 5 USC 552, the only mention of OSC occurs in 552(a)(4)(F), a result consistent with my understanding.

Therefore my FOIA request is for any available information about any investigation conducted by OSC per 5 USC 1216(a)(3) since 1989 and, if any related reports made by OSC per 5 USC 552(a)(4)(F) have been destroyed, what kind of information was in those reports.

Therefore, I renew my FOIA request, as clarified by this letter, and appeal OSC's determination.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

06 1834

FILED

OCT 23 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex 17



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

10/03/06

Re: <u>Your Freedom of Information Act and/or Privacy Act Appeal</u>
(Ref: FO-06-2732)

This is to confirm that the Office of Special Counsel (OSC) has received your Freedom of Information Act (FOIA) and/or Privacy Act (PA) appeal. The appeal was received by OSC's Legal Counsel and Policy Division (LC&P) on <u>09/15/06</u>. That date has been recorded as the incoming date of your appeal, which was logged in under the same number assigned to your initial request (shown above).

As of today, our records indicate that your appeal stands at number 17, out of approximately 23 pending appeals. In keeping with our policy, and in fairness to all requesters, we will process your appeal in the order in which it was received.

06 1834

FILED

OCT 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex 8

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-1834
PLF

## I (a) PLAINTIFFS

JOSEPH P. CARSON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

U.S. OFFICE OF SPECIAL COUNSEL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

10953 Twin Harbor Dr.
Knoxville, TN. 37922
865-300-5831

CASE NUMBER  1:06CV01834

JUDGE: Paul L. Friedman

DECK TYPE: Pro se General Civil

DATE STAMP: 10/23/2006

FT

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENS FOR PLAINTIFF

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ Multi district Litigation
- ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1361

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** _____   Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO  If yes, please complete related case form.

**DATE** 10.23.06   **SIGNATURE OF ATTORNEY OF RECORD** _NCD_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd