## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 06-1834 (PLF) |
| | ) |
| UNITED STATES OFFICE OF | ) |
| SPECIAL COUNSEL, | ) |
| | ) |
| Defendant. | ) |
| —————————————————— | ) |

## DEFENDANT'S MOTION FOR A STAY OF PROCEEDINGS[1]

Defendant, United States Office of Special Counsel ("OSC"), by and through undersigned

counsel, hereby respectfully moves this Court for a stay of four months, pursuant to *Open*

*America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976) ("*Open*

*America*"), pending the processing of Plaintiff's FOIA requests.  Defendant has not yet processed

the FOIA requests at issue despite OSC's good faith efforts and due diligence in working on

OSC's backlog of FOIA requests.  Therefore, an *Open America* stay is appropriate.  A

memorandum in support of this motion and a proposed Order granting the relief requested is

attached.

Dated:  January 10, 2007                        Respectfully submitted,

                                                                /s/
                                                ————————————————————
                                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                United States Attorney

---

[1] Because Plaintiff is proceeding *pro se*, LCvR 7(m) does not apply to this motion, and
Defendant, therefore, has not obtained his position as to the relief requested.  Local Civil Rule
7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*."  It does not
require counsel to discuss those motions with *pro se* parties.

_/s/_
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1834 (PLF) |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| SPECIAL COUNSEL, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR A STAY OF PROCEEDINGS

## I. Introduction

Plaintiff filed this action on October 23, 2006, as a Petition for Writ of Mandamus, demanding that the United States Office of Special Counsel ("OSC") respond to Plaintiff's FOIA requests for records that he alleges are maintained by the OSC.  On November 8, 2006, the Court denied Plaintiff's writ of mandamus and ordered that this action proceed as a civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  As discussed below, pursuant to 5 U.S.C. § 552(a)(6)(C), Defendant moves for a stay to allow it additional time to process Plaintiff's FOIA requests.

As shown by Plaintiff's exhibits in this case, he has filed three FOIA requests with the OSC.  See Plaintiff's Exhibits ("Pl. Exhs.") 1, 3, 5.   The OSC acknowledged receipt of two of the requests and advised Plaintiff that there would be some delay in responding to his requests because of OSC's backlog of FOIA requests.  See Pl. Exhs. 2, 4.   The OSC acknowledged a third request and advised Plaintiff that it would be unable to provide the information sought in that request, because no such records existed.  See Pl. Exh. 6.  Plaintiff appealed that response,

and OSC acknowledged Plaintiff's appeal.  *See* Pl. Exhs. 7, 8.

Although Defendant is exercising due diligence in responding to Plaintiff's FOIA requests, exceptional circumstances have prevented Defendant from processing Plaintiff's requests within the statutory time limit.  As the accompanying declaration explains, except for expedited requests, OSC routinely assigns FOIA requests and appeals for processing in the order received.  Defendant's Exhibit 1, Declaration of Erin M. McDonnell ("McDonnell Decl."), ¶¶ 16-17.  It is estimated that Plaintiff's requests will arrive at the top of the processing queue on or before May 15, 2007, and Defendant will complete the processing of these FOIA requests and provide decisions to Plaintiff on or before May 31, 2007.  McDonnell Decl. ¶ 20.

## II. __Background__

A.  __OSC's Procedures for Processing FOIA Requests__

FOIA and Privacy Act ("PA") requests and appeals are processed in the OSC's Legal Counsel and Policy Division ("LC&PD").  McDonnell Decl. ¶ 3.  When a FOIA or PA request is received in the LC&PD, it is OSC's standard operating procedure to date the FOIA request in the order in which it was received and assign it a sequential OSC file number.  McDonnell Decl. ¶ 16.  The OSC's general policy for processing appeals, as with initial requests, is to process them on a first-in, first-out basis.  McDonnell Decl. ¶ 16-17.

Unless a request for expedited processing has been made by the requester,[2] and granted by OSC, or the request is appropriate for placing on OSC's "simple" processing track, the FOIA request is addressed by OSC in the order received.  McDonnell Decl. ¶ 16.  Requests are logged

---

[2] Plaintiff did not seek expedited processing with respect to any of his requests. McDonnell Decl. ¶ 18.

in and reviewed by the FOIA/PA Officer, who then identifies relevant records, retrieves and reviews the records, arranges for copying of any records to be released, redacts exempt information as necessary, calculates any fees due, and prepares OSC's initial decision. McDonnell Decl. ¶ 5.

The OSC's appeal official is Erin M. McDonnell, Associate Special Counsel for Legal Counsel and Policy. McDonnell Decl. ¶ 1. When an appeal of an initial FOIA or PA request is received in the LC&PD, the appeal is also logged in, and after researching and identifying any legal issues, and consulting with other Federal agencies, as appropriate, a decision is made regarding the request. McDonnell Decl. ¶ 6.

B.     Administrative Processing of Plaintiff's FOIA Requests

In his complaint, Plaintiff seeks to compel the production of records sought in three FOIA requests made to OSC. Plaintiff's April 9, 2006, letter (FO-06-1484) requests five lists of items,[3] some of which date back to 1989. *See* Pl. Exh. 1. His July 31, 2006, letter (FO-06-2493) requests two lists of items, one of which dates back to1989. *See* Pl. Exh. 3. Plaintiff's September 4, 2006, letter (FO-06-2732) also requested records dating back to 1989. *See* Pl. Exh. 5. The OSC responded to this request by advising Plaintiff that there were no such records. *See* Pl. Exh. 6. Plaintiff has appealed OSC's response.

---

[3] It is questionable whether OSC even maintains "agency records" responsive to this request.

**ARGUMENT**

### III.  Defendant Has Demonstrated Exceptional Circumstances And Due Diligence In Responding To Plaintiff's FOIA Requests And Should Be Granted A Stay Of These Proceedings

When an agency receives a request for records pursuant to FOIA, the agency is required to determine within twenty (20) working days of the date of the receipt of the request "whether to comply with such request" and to "immediately notify the person making such request of the agency's determination and the reasons therefor."  5 U.S.C. § 552(a)(6)(A).  This time limit can be extended by up to ten (10) working days if the agency determines that "unusual circumstances" exist.  5 U.S.C. § 552(A)(6)(B).  In certain circumstances, FOIA authorizes a stay of judicial proceedings to allow an agency time to complete its record review.  This provision of FOIA states:

> If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.

5 U.S.C. § 552(a)(6)(C)(I).

In *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976) (hereafter "*Open America*"), the Court held that "exceptional circumstances" exist when an agency "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it is exercising due diligence in processing the requests."  The Court observed that "the good faith effort and due diligence of the agency to comply with [FOIA requests] in as short a time as is possible by

4

assigning all requests on a first-in, first-out basis, except those where exceptional need or urgency is shown, is compliance with the Act." *Open America* 547 F.2d at 616.

In the Electronic Freedom of Information Act Amendments of 1996, Congress limited the meaning of "exceptional circumstances" to exclude delays resulting from predictable agency workloads of requests, unless the agency could demonstrate reasonable progress in reducing its backlog of pending FOIA requests.  5 U.S.C. § 552 (a)(6)(C)(ii).  However, cases subsequent to these amendments have continued to hold that, where an agency is making good faith efforts and exercising due diligence in processing requests on a first-in, first-out basis, a stay of proceedings is authorized so long as the agency also demonstrates "reasonable progress in reducing its backlog of pending requests."  *See Appleton v. FDA*, 254 F.Supp.2d 6, 9-10 & n. 4 (D.D.C. 2003); *Wilderness Soc'y v. United States Dep't of the Interior*, 2005 WL 3276256 (D.D.C. 2005).

The OSC has taken steps, and continues to implement changes to reduce its backlog.  In light of its limited FOIA personnel and budgetary constraints, the agency has made reasonable progress in that regard. *See* McDonnell Decl. ¶¶ 4-6, 8.  The OSC has implemented technological and organizational changes to facilitate the timely processing of FOIA requests.  *See* McDonnell Decl. ¶¶ 7, 9-11.

The OSC has received an average of 125 new FOIA requests during the past three fiscal years.  *See* McDonnell Decl. ¶ 8.  Between August and September 2006, in an effort to address the growing backlog of FOIA requests, the OSC established a special project unit.  That effort by OSC resulted in a substantial reduction from 55 to 7 pending requests at the end of 2006.  *See* McDonnell Decl. ¶ 9.  However, the OSC did experience growth in its backlog of new appeals, many of which are identified as complex requests.  *See* McDonnell Decl. ¶ 10.

The OSC received Plaintiff's FO-06-1484 request on April 10, 2006.  At that time, OSC had 36 pending FOIA requests.  *See* McDonnell Decl. ¶ 12.  Plaintiff's FO-06-2493 request was received by OSC on August 2, 2006, at which time it had 56 pending FOIA requests.  *See* McDonnell Decl. ¶ 13.  The OSC responded to Plaintiff's third request, FO-06-2732, on September 5, 2006, advising Plaintiff that no such records existed, and Plaintiff filed an appeal. *See* McDonnell Decl. ¶ 14.  On October 3, 2006, OSC acknowledged Plaintiff's appeal and advised him that, at that time, his appeal was number 17 of 23 pending appeals.  *See* McDonnell Decl. ¶ 14.

OSC is requesting only a minimal stay in which to process Plaintiff's requests.  The agency has demonstrated due diligence, good faith, and a commitment to processing its FOIA requests and appeals in a timely manner.  Accordingly, Defendant has shown that it has met the test of *Open America* and the requirements of the FOIA, and Defendant should be granted a stay until May 31, 2007 to complete the processing of Plaintiff's FOIA requests.[4]

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

---

[4] Even if the Court were to find that OSC has not demonstrated the required due diligence, the Court nonetheless has the power to, and should, grant the agency additional time to process plaintiff's requests.  As Judge Leventhal stated in *Open America*, concurring in the result, "there certainly is some room for a court in equity to stay its hand, and to forbear from enforcing a declared right in cases where the defendant is called upon to do the impossible." *Open America*, 547 F.2d at 620.  *See also Cohen v. Fed. Bureau of Investigation*, 831 F.Supp. 850, 853 (S.D. Fla. 1993); *Califano v. Wampler*, 588 F.Supp. 1392, 1394-95 (N.D. Ill. 1984) (because no reasonable remedy exists to address violations of the limited response period provided in the act, the court "can only direct that defendants continue to work diligently and expeditiously in a good faith manner to respond to plaintiff's request").

_____/s/_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Defendant' s Motion for a Stay of

Proceedings was mailed, postage prepaid, on this 10th day of January, 2007, to:

Mr. Joseph P. Carson
10953 Twin Harbour Drive
Knoxville, TN  37934


_____/s/_____
JUDITH A. KIDWELL
ASSISTANT U.S. ATTORNEY

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1834 (PLF) |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| SPECIAL COUNSEL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER

UPON CONSIDERATION OF Defendant's motion and memorandum in support thereof

for a stay in these proceedings pursuant to *Open America v. Watergate Special Prosecution*

*Force*, 547 F.2d 605 (D.C. Cir. 1976) ("*Open America*"), any opposition thereto, and the entire

record herein, it is this _____ day of January, 2007,

ORDERED, that Defendant's motion for an *Open America* stay is GRANTED; and it is

FURTHER ORDERED that Defendant shall respond to Plaintiff's Freedom of

Information Act requests on or before May 31, 2007.


DATED: _____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EXHIBIT**
**1**

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 06-01834-PLF |
| | ) |
| U.S. OFFICE OF SPECIAL COUNSEL | ) |
| | ) |
| Respondent. | ) |
| | ) |

## DECLARATION OF ERIN M. MCDONNELL

I, Erin M. McDonnell, in lieu of an affidavit, as permitted by 28 U.S.C. §1746,

declare as follows from personal knowledge:

1.  I am the Associate Special Counsel for Legal Counsel and Policy.  As such, I

    head the Legal Counsel and Policy Division (LC&PD) in the U.S. Office of

    Special Counsel (OSC or agency).  I currently serve as the agency's Chief FOIA

    Officer.

2.  The LC&PD provides legal and policy advice and support to agency

    management and staff.  Since 1992, division responsibilities have included the

    provision of legal advice and support on agency management and personnel

    issues; provision of litigation services (e.g., representation of the OSC in

    litigation against the agency; defense of the OSC in adverse action and equal

    employment opportunity (EEO) cases; and responses to third-party discovery

    requests); development and/or reviews of agency-wide policies and procedures;

    implementation of Federal agency ethics program responsibilities; the conduct

    of the statutorily required annual survey of persons filing complaints,

disclosures, and certain requests for Hatch Act advisory opinions (this function

was assumed by another unit of the agency between 2004-2005); and

development or coordination of numerous required annual and periodic reports

on various agency functions or operations to the President, Congress, and other

Federal agencies.   Duties assigned to the unit on a temporary basis have also

included financial management and budget preparation responsibilities.

3.   In addition to the foregoing responsibilities, the LC&PD has been responsible

since 1995 for implementation of the agency's Freedom of Information Act

(FOIA) and Privacy Act (PA) program responsibilities.

4.   Staffing in the LC&PD currently consists of one attorney (myself) responsible

for management and supervision of the functions described in paragraphs 1-3,

above; one attorney responsible for litigation matters (other than program

enforcement proceedings filed by OSC), involving defense of OSC in

connection with Federal court, Merit Systems Protection Board, Equal

Employment Opportunity Commission, and other adjudicatory proceedings, and

provision of legal advice and support to agency officials in connection with

internal personnel and EEO matters; one attorney responsible for handling the

array of other legal and policy functions assigned to the division; and one

position (currently, a management and program analyst) primarily responsible

for FOIA-related matters.  Since his employment with OSC in December of

2005, the incumbent of the latter position has served as OSC's FOIA Officer.

In that capacity, his primary duties are to receive and process FOIA requests,

support and assist in the processing of FOIA appeals, and develop and

implement FOIA program policies and procedures. He also assists division attorneys, as needed, in connection with the division's litigation and other non-FOIA responsibilities.

5. FOIA and PA processing duties carried out by the FOIA Officer include: logging in incoming FOIA/PA requests in the order they are received; documenting subsequent actions on the requests; sending acknowledgment letters providing requesters with a file number for their request, and informing them of the date on which their request was received by the LC&PD, where the request stands in the queue of pending requests, FOIA exemptions that might be invoked to withhold commonly requested types of OSC records or information, and possible fees; reviewing requests to determine the status of any underlying cases (i.e., OSC complaint, Hatch Act, disclosure, or other matters about which records had been requested) and the types and locations of potentially responsive case or non-case documents; obtaining and reviewing responsive documents; consulting with other Federal agencies when needed; determining the appropriateness of releasing or withholding requested records or information; responding to questions from requesters; arranging for copying of any records to be disclosed, after making any necessary redactions of information: reviewing the fee status of requests and calculating applicable fees; drafting and mailing initial decisions to requesters, with any responsive documents being released; maintaining appropriate records of requests received and processed; and compiling statistical request data required for annual FOIA reports to the Justice Department.

6.  I serve as the appeal official for most FOIA and PA appeals. (A limited number of appeals may be decided, as needed, by a senior attorney in another OSC unit.) Assistance and support provided by the FOIA Officer to the deciding official on appeals as needed includes: logging in incoming appeals and subsequent actions related to appeals; identifying and/or researching issues involved in the appeals; determining the status of any underlying cases, and the type and location of responsive documents; obtaining and reviewing responsive documents; consulting with other Federal agencies as needed; advising on the appropriateness of releasing or withholding requested records or information; drafting proposed appeal decisions for review and approval; arranging for the copying of any additional records to be disclosed, after making any necessary redactions of information; maintaining appropriate records of appeals received and processed; and compiling statistical appeal data required for annual FOIA reports.

7.  In addition to the FOIA Officer's ongoing responsibilities, he is actively engaged in development and implementation of FOIA program policies and procedures in furtherance of goals and timetables set forth in OSC's implementation plan pursuant to Executive Order No. 13,392 ("Improving Agency Disclosure of Information").

8.  OSC has received an average of 125 new FOIA requests during the past three fiscal years. The agency has made concerted efforts during the past several years to make progress against backlogs of requests and appeals. Among the factors contributing to the chronic backlogs that developed between fiscal years

4

(FYs) 2003-2006 were an extended vacancy in the FOIA position, budgetary
constraints, and the imposition of several hiring freezes.

9.  Among the measures taken in efforts to reduce backlogs of requests and appeals
between FY 2003-2006 was the assumption of FOIA processing duties by me
and a staff attorney (in addition to our regular duties, along with new ones
added due to the temporary addition for more than 1-1/2 years of financial
management and budget preparation responsibilities), and an extended vacancy
until May of 2006 in the litigation counsel position.  LC&P requested and
obtained details of, and trained, two field office investigators to work on FOIA
requests for approximately six months in 2003.  In May of 2004, the division
began work with a consultant and OSC's Information Technology Branch to
design and implement a FOIA request tracking capability that could be
integrated into the agency's automated case tracking system.  Use of this new
system capability began in October 2005.  Additional staff resources were made
available to LC&P for several months during the second half of FY 2004 to
participate in backlog reduction efforts.  Between August-September of 2006, in
an effort to arrest another growing backlog of requests, LC&P and a field office
investigator, with part-time assistance from an intern in another unit of the
agency, worked together as a special project unit to reduce the backlog of
pending requests.  That effort resulted in a substantial reduction in the number
of requests pending in August – i.e., 55 – to seven requests pending at the close
of FY 2006.  That succeeded in maintaining the downward progression in the

request backlog after FY 2003 – from 83 at the end of FY 2004, to 33 at the close of FY 2005, and seven at the end of FY 2006.

10. While substantial gains had been made on the request backlog, however, the backlog of new appeals grew by the end of FY 2006 to more than 25 (due, in part, to new appeals from requests processed during the special project effort in August-September). Many of these appeals are from what have been identified as complex requests. (See paragraph 14, below.) LC&PD staff members have been engaged in concerted efforts since October of 2006 to address the appeals backlog, with the result that it has been cut to 15 as of this date.

11. While the intake and backlog numbers reported above may appear to be relatively small, it has taken concerted efforts in recent years to overcome the effects of vacancies in key LC&PD positions, among other factors described in paragraph 6, above, to make and secure progress against backlogs of FOIA requests and appeals, while improving FOIA operations generally, and carrying out the division's other assigned responsibilities. Our continuing and ambitious FOIA backlog reduction goals (along with other goals for improvement of agency FOIA program operations) are set forth in the agency's implementation plan pursuant to Executive Order 13,392.

12. The OSC received the FOIA request attached to the petition as Exhibit 1 on April 10, 2006. The OSC assigned it reference number FO-06-1484, and acknowledged its receipt in the July 11, 2006, letter dated that appears as Exhibit 2 to the petition. At the time that the OSC received this request, it had approximately 36 pending FOIA requests.

13. The OSC received the FOIA request attached to the petition as Exhibit 3 on August 2, 2006. The OSC assigned it reference number FO-06-2493 and acknowledged its receipt in the August 7, 2006 that appears as Exhibit 4 to the petition. As of the date of the response, OSC had approximately 56 pending requests, and the plaintiff's second request was number 55.

14. The OSC received the FOIA request attached to the petition as Exhibit 5 on September 4, 2006. The OSC assigned it reference number FO-06-2732 and acknowledged its receipt in the September 5, 2006, letter dated that appears as Exhibit 6 to the petition. The letter indicates that the OSC is unable to furnish the information the plaintiff requested. The plaintiff filed an appeal with the OSC to the response it sent him pertaining to FO-06-2732. That appeal appears as Exhibit 7 to the petition.

15. On October 3, 2006, the OSC acknowledged the plaintiff's appeal of its response to FO-06-2732. That response appears as Exhibit 8 to the petition. The acknowledgement informed the plaintiff that his appeal stood at the time as number 17 of 23 pending appeals. Subsequent data reconciliation procedures indicated that there were actually 26 pending requests, rather than the 23 shown in the acknowledgement letter sent to the plaintiff, but his position in the queue of pending requests described was not affected.

16. OSC's general policy and procedure is to process FOIA/PA requests in order of receipt, with the exception of those requests for which expedited processing is requested and granted, using simple and complex processing queues. FOIA/PA requests are received, dated and assigned a sequential number for record-

keeping purposes. Expedited requests are those in which someone asks for his/her FOIA/PA request to be processed ahead of others in the queue, usually on the basis that the information sought is relevant to the issues in a case pending at the MSPB or in Federal court. "Simple" requests are ones that generally require less intensive review and analysis (e.g., because they entail requests only for records that OSC does not have or maintain, or for copies of records that the requester exchanged with OSC, or for a discrete item of information such as the name of the agency credit card holder). "Complex" requests are generally those seeking entire OSC investigative case files, or non-case records or information that are voluminous or need to be identified in one or more administrative systems (requiring more extensive searches and/or reviews of case files or other records).

17. OSC's general policy for processing appeals, as with initial requests, is to process them on a first-in, first-out basis.

18. In none of the three FOIA requests did the plaintiff seek expedited processing. The plaintiff has not modified any of his requests. The OSC is unaware of any exceptional need or urgency in the form of an imminent threat to life or safety with respect to any of the requests. The requests entail consultation with other OSC units and with one or more other agencies to identify and retrieve any responsive and accessible agency records before responding to the plaintiff.

19. There are currently four FOIA requests designated as complex requests ahead of the plaintiff's request in FO-06-1484, and five requests ahead of the plaintiff's

request in FO-06-2493. There are currently four appeals ahead of the plaintiff's in FO-06-2732, all of them complex.

20. Based on current division workload, I anticipate that the two pending requests and the appeal at issue in this case will reach the front of their respective queues on or about May 15, 2007, and that decisions will be issued on or before May 31, 2007.

_Erin M. McDonnell_
Erin M. McDonnell

Date: 1/10/07

9