## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH P. CARSON,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No: 06-1834 (PLF)** |
| **v.** | ) |
| **U.S. OFFICE OF SPECIAL COUNSEL,** | ) |
| | ) |
| **Defendant** | ) |
| | ) |
| | ) |

## AMENDED OBJECTION AND MOTION FOR RECONSIDERATION OF JANUARY 11, 2007 ORDER GRANTING DEFENDANT'S STAY REQUEST

Plaintiff, who is pro se, respectfully motions for leave to amend his objection and motion for reconsideration of the Court's order of January 11, 2007 granting a stay of almost 4 months to the defendant. This amended objection and motion for reconsideration are timely filed.

Plaintiff bases this request on the failure of defendant to comply with relevant law prior to making this request and in omitting relevant and material facts in its motion and accompanying declaration. Plaintiff also suggests there is an issue about its timeliness.

Plaintiff has also now filed a request for expedited processing of two of the involved FOIA requests, his delay in doing so is due, in significant part, to defendant's failure to include the statutory required information about making

1

RECEIVED

JAN 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

such requests in its regulations.

Plaintiff requests the Court reconsider its order until the defendant has considered his request for expedited processing of the FOIA requests and complied with its statutory obligation to provide the plaintiff "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

Respectfully Submitted,

Joseph P. Carson, P.E., Petitioner
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH P. CARSON,                            )
                                             )
        Plaintiff                            )
                                             )
                                             )   Civil Action No: 06-1834 (PLF)
        v.                                   )
U.S. OFFICE OF SPECIAL COUNSEL,              )
                                             )
        Defendant                            )
                                             )
_____     )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION OF OBJECTION AND MOTION FOR RECONSIDERATION OF JANUARY 11, 2007 ORDER GRANTING DEFENDANT'S STAY REQUEST

### I. Introduction

Plaintiff served the complaint and summons for this case on defendant, by certified mail, on December 7, 2006. According to postal records, it was received by defendant on December 11, 2006. By 5 USC 552(a)(4)(C), defendant had 30 days to respond, plaintiff is uncertain by the Federal Rules of Civil Procedure if that would be January 9, 2007 or January 10, 2007. The docket report for this case, item 9, appears to be in error. It appears to reflect the time - 60 days - for the government to respond in most civil cases, but not the specific statutory time frame established for FOIA suits. On January 10, 2007, defendant filed a stay request for four months, to end on May 31, 2007, even though this is closer to a five month stay request. On January 11, 2006, the Court granted it.

1

<u>Basis in Law and Fact for Objection and Motion for Reconsideration</u>

Defendant's regulations for FOIA requests do not comply with the statutory obligation to contain information about how and when to request expedited processing, which prejudiced plaintiff from making such a request (Carson declaration 2, exhibit 1). Some of the information in two of the FOIA requests fall into the category under which the defendant grants expedited processing, according to its website (Carson declaration 3). Additionally, defendant has failed to comply with its statutory obligation to provide him an "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." (Carson declaration 4.)

Plaintiff has now prepared and faxed a request for expedited processing and request for defendant to comply with its statutory obligation to give him an opportunity to amend the request (Carson declaration 5) which is attached as exhibit 2.

Defendant's FOIA Officer, Christopher Kurt, repeatedly represented to Mr. Carson, by phone, that the response to FO-06-1484 was almost complete during August and September 2006, after writing him in July to inform him it should be completed by the end of August 2006 (Carson decl. 7-9), causing him to question

2

the accuracy of defendant's sworn representation that it will 4 more months to complete.

Plaintiff, based on defendant's Annual Reports to Congress, has compiled a table about investigations it has conducted as a result of court referrals about agency non-compliance with FOIA (exhibit 3), which is demonstrates the fallacious reasoning of defendant in its September 5, 2006 FOIA response to FO-06-2732 (Carson decl. 10-13).

Because the defendant did not comply with relevant statutory obligations towards plaintiff regarding informing him, via its regulations, of its process for making requests for expedited processing or in giving him an  "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," before requesting this stay of almost 5 months, plaintiff respectfully requests the Court to rescind its Order granting it and, instead replace it with a stay of 14 days allow defendant opportunity to: 1) process his request for expedited processing, and 2) give him the required "opportunity" to amend the scope of the involved FOIA requests and further order any additional stay requests made by defendant to reflect the results of this.

3

Respectfully Submitted,

Joseph P. Carson, P.E., Petitioner
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH P. CARSON,                              )
                                              )
        Plaintiff                             )
                                              )    Civil Action No: 06-1834 (PLF)
        v.                                    )
U.S. OFFICE OF SPECIAL COUNSEL,               )
                                              )
        Defendant                             )
                                              )
_____)

## ORDER

UPON CONSIDERATION OF Plaintiff's objection and motion for

reconsideration of Order granting four month stay, with memorandum in support,

and opposition thereto, and the entire record, it is this ___ day of January 2007,

ORDERED, that the Order granting the four month stay of January 11, 2007 is

cancelled and Plaintiff's motion for a 14 day stay is GRANTED; it is

FURTHER ORDERED that Defendant shall during the 14 day stay period, process

Plaintiff's request for expedited processing of his FOIA request and provide him

the opportunity to amend his FOIA requests; it is

FURTHER ORDERED that Defendant shall describe the results in any additional

stay requests it makes; and it is

FURTHER ORDERED that the docket record be corrected to show that

1

Defendant's response to the complainant and summons was due on January 10, 2007.

DATED:_____


_____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No: 06-1834 (PLF) |
| v. | ) | |
| U.S. OFFICE OF SPECIAL COUNSEL, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## AMENDED DECLARATION OF JOSEPH P CARSON, P.E., PLAINTIFF ABOUT FOIA REQUESTS FO-06-1484, 06-2493, and 06-2732

I, Joseph P. Carson, P.E., Plaintiff in his action, in lieu of an affidavit, as permitted by 28 USC 1746, declare as follows from personal knowledge and documentary evidence as an amendment to a similar declaration I executed on January 13, 2007:

1.    I am the requestor for these FOIA request now pending at OSC.

2.    In preparing these FOIA requests, I reviewed OSC's regulations for FOIA, at 5 CFR 1820. They do not mention how a FOIA requestor can request expedited processing, something which the law requires, but did not know at the time. Ms. McDonnell's declaration, in paragraph 18, omits this material fact. If OSC's regulations complied with the law, I possibly would have requested expedited processing for FOIA request FO-06-1484 when I

/ - 1

Exhibit 1

made it.

3.    However, in reviewing the matter to prepare an objection and motion for

reconsideration of the Court's Order of January 11, 2007, I reviewed OSC's

website which also has information related to its FOIA processing.

<http://www.osc.gov/foia.htm> states:

> 8. Under what circumstances can the processing of my (FOIA)
> request be expedited?
>
> OSC will honor a written request for expedited processing of a FOIA
> request for records when OSC has established to its satisfaction that:
> (a) the requester has a case pending before the Merit Systems
> Protection Board (MSPB) or similar administrative tribunal, or in
> court of law, or faces an imminent deadline for filing in any of those
> venues, and (b) the records requested relate to the case in question.

Ms. McDonnell's declaration, in paragraph 18, omits this material fact as I

think items 3. 4, and 5 of the request may be relevant to cases I have

pending in Federal Court.

4.    Additionally, OSC OSC has failed to comply with the requirements of 5

USC 552(a)(6)(B) in that it has failed to provide me the required

"opportunity to limit the scope of the request so that it may be processed

with the time limit or an opportunity to arrange with the agency an

alternative time frame for processing the request or a modified request," for

) ~ 2

any of the involved FOIA requests.  Ms. McDonnell's declaration, in

paragraph 18, omits this material fact in stating I have not modified my

requests.

5.  I have now prepared and faxed a request for expedited processing to OSC

for FO-06-1484 and FO-06-2732 which also requested an "opportunity to

limit the scope of the request so that it may be processed with the time limit

or an opportunity to arrange with the agency an alternative time frame for

processing the request or a modified request" for all of the involved FOIA

requests.  It is provided as an exhibit to my amended objection and motion

for reconsideration of the Court's January 11, 2007 Order.

6.  For FO-06-1484, the context of my making this FOIA request is OSC's

refusing to provide me such information when I requested of it OSC prior to

my personally visiting it in late March 2006.  I made this information

request and subsequent FOIA request as I believe it could be quite germane

to: 1) my litigation against OSC, and 2) my attempts to spur Congressional

oversight of OSC's practices and record in protecting federal employees

from PPPs.

7.  Contrary to the statement in paragraph 12 of Ms. McDonnell's declaration,

OSC acknowledged this request in late April, the July 11,2006 letter was a

$\big)\!\sim$ 3

status update, not the initial acknowledgment. The July 11, 2006 letter of

Christopher Kurt, OSC's FOIA officer, establishes August 31, 2006 as the

estimated time for completion of the FOIA request.

8.    Between mid-August and the end of September, Christopher Kurt, OSC

FOIA Officer, called me several times to tell me that the FOIA was almost

complete, each time asking for a few more days or week to complete it,

citing various reasons for the delay in its completion.  I took no issue with

his requests or explanations and appreciated his keeping me informed of the

status.  Ms. McDonnell's declaration omits this material fact.

9.    Given Mr. Kurt's repeated statements to me that this FOIA request was

almost complete - made in August and September - I simply do not think

Ms. McDonnell's statements in her declaration about needing 4 more

months to complete it - made 4 months after I was told it was almost

complete - are accurate.

10.   For FOIA request FO-06-2732, the statements in Mr. Kurt's letter of

September 5, 2006 are not correct or credible, based on the wording of the

relevant law.  His letter claims that 5 USC 1216(a)(3) and 5 USC (a)(4)(F)

referrals are mutually exclusive, but the law clearly shows they are identical.

5 USC 1216(a)(3) only involves referrals made per 5 USC 552 and 5 USC

552 only authorizes federal judges to makes referrals to OSC.

11.    His confusion appears to stem from the fact that while anyone can write to

OSC and complain about an agency's processing of FOIA requests, the law

only authorizes (and requires) OSC to investigate referrals about FOIA from

federal courts.   His letter actually, if only tacitly, describes this vital

distinction in stating:

> "OSC's automated case management system does not distinguish
> between allegations of arbitrary and capricious withholding under
> FOIA received **and investigated** (emphasis added) under 5 USC
> 552(a)(4)(F) (court referrals) and those received under 5 USC
> 1216(a)(3) (referrals from other sources)."

12.    As the exhibit to my objection and motion for reconsideration of the Court's

Order of January 11, 2007 shows by the table of number of complaints

received by OSC about FOIA along with the number of investigations OSC

has conducted about FOIA, the information I requested corresponds to the

investigations OSC conducted about FOIA.   The fact OSC has received a

number of unauthorized complaints about FOIA is irrelevant to my FOIA

request.

13.    I spoke with Mr. Kurt in early September, after receiving his letter about

how the law only authorized federal judges to make referrals to OSC,

described in 5 USC 1216(a)(3), but he said he had spoken to "an OSC

attorney" who told him otherwise and he was not going to investigate it further.

14. For FOIA request FO-06-2493, it specifically separates the information requested for current OSC attorney employees from past (starting in 1989) ones. I do not understand why OSC does not comply with the law and 5 USC 552(a)(6)(B) to promptly provide the information requested for current attorney employees, the information requested is a public record in the states in which they are licensed.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 USC 1746.

Executed this 15th day of January 2007.


_____

Joseph P. Carson, P.E., Petitioner

6

January 15, 2007.

Ms. Erin McDonnell
U.S. Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036

Via: fax and mail

Subject: Amended Request for Expedited FOIA Request Processing; Request for "Opportunity to Modify FOIA Request for FOIA Requests FO-06-1484, 2493, and 2732

Dear Ms. McDonnell,

This amended request replaces the one I sent you on January 13, 2007.

I have read your declaration in support of a stay for processing <u>Carson v. Office of Special Counsel</u>, Docket no. 06-1834 in Federal District Court for the District of Columbia.

I understand Judge Friedman has granted the stay request, but am filing an objection and motion requesting for reconsideration of the stay with the Court based on OSC's failure to comply with aspects of relevant law and this request.

**<u>OSC non-compliance with law for FOIA processing in this matter.</u>**

1) OSC regulations for FOIA, found at 5 CFR 1820, do not describe how requests for expediting FOIA requests can be made, contrary to the requirements of 5 USC 552(a)(6)(E).   5 USC 552, does not authorize alternative methods to provide the required information, but OSC's website does describe reasons for expediting FOIA requests, including ones I think relevant for some of the information requested:

From <http://www.osc.gov/foia.htm>:

> 8. Under what circumstances can the processing of my request be expedited?
>
> OSC will honor a written request for expedited processing of a FOIA request for records when OSC has established to its satisfaction that: (a) the requester has a case pending before the Merit Systems Protection Board (MSPB) or similar administrative tribunal, or in court of law, or faces an imminent deadline for filing in any of those venues, and (b) the records requested relate to the case in question.
>
> Likewise, if a requester demonstrates that failure to obtain requested records on an

2 - 1

Exhibit 2

expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual, or if a requester primarily engaged in disseminating information demonstrates that an need to inform the public about actual or alleged Federal Government activity, OSC will expedite processing of the request.

Within 10 days of its receipt of a written request for expedited processing, OSC's FOIA office will notify the requester as to whether or not the request for expedited processing has been granted. If granted, processing of the request will be completed as quickly as possible.

2)    OSC has failed to comply with the requirements of 5 USC 552(a)(6)(B) in these requests ni it has failed to provide me the required "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

So while paragraph 18 of your declaration notes I have not made an expedited request, it fails to note the material fact that OSC regulations are defective in not addressing when and how such requests are to be made. Additionally, paragraph 18 of your declaration states, "The plaintiff has not modified any of his requests," without mentioning the material fact that OSC has failed to comply with its lawful duty to provide me an "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

**Reasons for expediting FOIA request FO-06-1484 include:**

1.    Some of the information requested, specifically items nos. 3, 4 and 5, may be relevant to either or both pending cases in Federal Court - Carson v. Office of Special Counsel, docket no. 06-1833 in Federal District Court for DC and Carson v. OSC, docket no. 06-5364 in the Federal Court of Appeals for DC. Therefore, by the guidelines OSC has established for expediting FOIA requests, which include: the requester has a case pending in court of law, and the records requested relate to the case, this FOIA merits expedited processing.

2.    By 5 USC 1218 the information requested in items 2, 4, and 5 is required to be provided in OSC's Annual Reports to Congress, but it is not in them, based on OSC Annual Report to Congress from 1989 through 2005. Because my FOIA request results from OSC failing to provide the required information in its Annual Reports, I think OSC needs to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency."

3.    The information requested may be relevant to planned bills in Congress to strengthen the protections federal employees have from prohibited personnel practices, particularly whistleblower reprisal. In the 109th Congress, H.R. 1317, H.R. 3097, S.494, and S. 2285 addressed strengthening protections for federal employees from PPPs. As the attached

2 - 2

press release of the Government Accountability Project (GAP) indicates, such a bill has already been introduced in the Senate in the current Congress. OSC is the primary bulwark of such protection, under current law and its performance in this function - protecting federal employee from PPPs, its primary function - has apparently received no Congressional, MSPB, or other third party oversight since the last changes to relevant law at 5 USC 1214 occurred in late 1994. Because my FOIA request is intended to obtain information relevant to planned bills to reform OSC and intend to widely disseminate it, via the internet, to the media, and others, I think OSC is justified to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency," as well as by 552(a)(6)(E)(v)(II) - "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity."

Additionally, Christopher Kurt, OSC's FOIA officer, contacted me by phone several times in August and September 2006 to inform me that OSC's completion of this FOIA request was imminent, as the July 11, 2006 status letter stated the FOIA would be fulfilled by August 31, 2006. I think the failure of your declaration to mention these phone conversations are other omissions of material fact that are relevant to this request - why should I make an expedited request when 1) your regulations by which I prepared the request fail to mention it, and 2) I was told it would be fulfilled by the end of August 2006?

I suspect you directed Mr. Kurt to not issue the completed FOIA response, perhaps at the direction of Special Counsel Bloch, because the information would be contrary to OSC's representations to Congress, the public, and the Court in Carson v. OSC, about its practices and record in protecting federal employees from PPPs. My suspicion strengthened by your declarations failure to mention material facts related to OSC's actions/inactions/statements in processing this FOIA request.

I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so.

**Reasons for Expediting FO-06-2732 include:**

1.  A number of bills were introduced in the 109th Congress about improving FOIA, including S.589, S.394, S.622, H.R. 867, and H.R. 1620. By 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3), OSC has unique responsibilities to enforce FOIA compliance in every federal agency and its performance in doing so, indicated by its response to this FOIA, may be relevant to planned and pending efforts to improve FOIA in federal government. Because my FOIA request is intended to obtain information relevant to planned bills to reform FOIA and intend to widely disseminate it, via the internet, to the media, and others, I think OSC is justified to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency," as well as by 552(a)(6)(E)(v)(II) - "with respect to a request made by a person primarily engaged in disseminating information, urgency to

$\partial$- 3

inform the public concerning actual or alleged Federal Government activity."

2.  I suspect OSC may have simply "trashed" - disposed without proper investigation and/or submitting the required findings and recommendations - every referral for an investigation made to it by **federal courts** per 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3). I could be wrong in that suspicion, but I have that suspicion, as the law does not require OSC to report the results of its investigations back to the referring Court, or the aggrieved party. Such willful lawbreaking, involving referrals made to OSC by Federal Courts, if demonstrated, would be consistent with my contentions about OSC's systemic and persistent lawbreaking involving its primary responsibilities to protect federal employees from PPPs per 5 USC 1214, and might be considered relevant by the Courts in the cases mentioned previously as well as case pending about OSC's response to my FOIA requests. Therefore, by the guidelines OSC has established for expediting FOIA requests, which include: the requester has a case pending in court of law, and the records requested relate to the case, I think this FOIA merits expedited processing.

3.  By 5 USC 1218 the information requested in item 2 of this FOIA request is required to be provided in OSC's Annual Reports to Congress for every referral made to it by a federal court. Such information is not present, based on OSC Annual Report to Congress from 1989 through 2005. Because my FOIA request results, at least in part, from OSC failing to provide the required information in its Annual Reports, I think OSC needs to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency."

Mr. Kurt's letter of September 5, 2006 is uninformed by the law and OSC records. I have reviewed each OSC Annual Report to Congress for relevant information and compiled a table of relevant information, which is attached. The immediately apparent explanation for the disparity between the number of complaints/referrals received and actual investigations conducted is that almost all complaints alleging agency wrongdoing in FOIA come from private citizens. OSC cannot control if it receives complaints from such sources, even though it is not authorized to investigate them. OSC is only authorized (and required) to investigate referrals made to it by federal courts, which apparently do not often occur (I suspect there is a typo for large number given for 1999).

So OSC can readily determine how many referrals were made by Federal Court, which is what I requested - they were the only ones OSC investigated. That is a relatively small number, based on OSC Annual Reports to Congress. OSC's case management system indicates which complaints resulted in investigations, those are the only ones germane to my FOIA request.

Consistent with my suspicion that OSC has failed to comply with its statutory obligations to investigate such referrals and make reports with recommendations to the involved agencies, are some other OSC/MSPB records (or lack thereof.) Not a single OSC press release since 1998 (available on OSC's website) mentions the results of any OSC investigation about agency FOIA non-compliance. Additionally, there are no published decisions at the U.S. Merit Systems

2 - 4

Protection Board (MSPB) involving disciplinary action taken as a result of such an OSC investigation (MSPB's website <http://www.mspb.gov/mspbdecisionspage.html> has a searchable database of all its published decisions since 1979.)  Finally, the Department of Justice, since 2000, has issued annual reports summarizing FOIA suits in federal court, including whether the plaintiff prevailed, and what attorney fees and costs were awarded (available on its website <http://www.usdoj.gov/oip/04_6.html>).  For the court to make a referral to OSC, the plaintiff has to prevail and attorney fees need to be awarded, a situation which has regularly occurred, according to the information compiled by Department of Justice.

I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so.

## FOIA Request FO-06-2493

While I do not have a basis to seek its being expedited, I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so.  It should be straightforward to provide me the information requested about OSC's current attorney employees, which is one of the two items requested.

Per 5 USC 552(a)(6)(E)(vi), I certify statements contained in this request are true and correct to the best of my knowledge and belief.

Respectfully,

Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

copy: Christopher Kurt, OSC FOIA Officer

Attachments:

1.    January 12, 2007 Press Release of Government Accountability Project (GAP) about Senate bill about whisteblowing

2.    Information related to law and OSC reports about complaints received and investigations conducted related to agency FOIA non-compliance

2 - 5

## INFORMATION ABOUT COMPLAINTS RECEIVED BY OSC ABOUT FOIA AND INVESTIGATIONS CONDUCTED BY IT, TAKEN FROM OSC'S ANNUAL REPORTS TO CONGRESS.

By 5 USC 1218, OSC's Annual Reports to Congress are required to include the number and types of investigations conducted by it, as well as a description of the recommendations and reports made by it to other agencies pursuant to this subchapter, and the actions taken by the agencies as a result of the reports and recommendations.

By 5 USC 1216(a)(3), OSC is required to investigate of referrals made per 5 USC 552 involving possible arbitrary or capricious withholding of information.

By 5 USC 552(a)(4)(F):

> "Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends."

The table on the next page indicates, by fiscal year, something that is not required to be included in OSC's annual reports - the number of complaints received by OSC (from all sources) involving FOIA - and something that is required to be in it - the number of investigations OSC conducted based on referrals about FOIA from federal courts.

Required information, by 5 USC 1218, that is missing in all OSC Annual Reports is a description of the recommendations and reports made by OSC as a result of its FOIA investigations as well as the actions taken by the agencies as a result of the reports or recommendations.

(Note: There is probably a typo for the number of FOIA investigations conducted in 1999.)

3 - 1        Exhibit 3

| Year FY | number of complaints received from all sources about agencies' FOIA practices | number of OSC investigations conducted as a result of referrals from federal courts about agency FOIA issues, per 5 USC 552(a)(4)(F) and 1216(a)(3). |
|---------|---------|---------|
| 1989 | 34 | 1 |
| 1990 | 27 | 2 |
| 1991 | 30 | 1 |
| 1992 | 29 | 1 |
| 1993 | 50 | 3 |
| 1994 | 48 | 1 |
| 1995 | 55 | 4 |
| 1996 | 45 | 6 |
| 1997 | 33 | 3 |
| 1998 | 35 | 5 |
| 1999 | 43 | 27 |
| 2000 | 47 | 3 |
| 2001 | 29 | 6 |
| 2002 | 25 | 2 |
| 2003 | info not in annual report | info not in annual report |
| 2004 | info not in annual report | info not in annual report |
| 2005 | info not in annual report | info not in annual report |

3- 2

# **Certificate of Service**

I certify that the following documents for <u>Carson v. Office of Special Counsel</u>, docket no. 06-1833:

1.    Amended Objection and motion for reconsideration of Order granting stay request, with its exhibits.

was served, via commercial overnight delivery, on

Representative for OSC

US Dept. of Justice
Attention: Judith Kidwell
555 Fourth St, NW
Room E4905
Washington, DC 20530

Joseph P. Carson

January 15, 2007

3