UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH P. CARSON, )
)
   Plaintiff )
)
) Civil Action No: 06-1834 (PLF)
v. )
U.S. OFFICE OF SPECIAL COUNSEL, )
)
   Defendant )
)
)

## OBJECTION AND REQUEST FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT STAY REQUEST

   Petitioner respectfully objects to the Court's order of January 11, 2007 granting a stay of almost 4 months to the defendant and respectfully requests reconsideration for reasons described in his request to OSC to expedite two of the FOIA requests involved (exhibit 1) and his attached declaration (exhibit 2).

   Petitioner respectfully requests that OSC should have contacted him, per 5 USC 552(a)(6)(B), prior to requesting the stay. He respectfully suggests the Court should direct OSC to contact him to discuss the status of the FOIA requests and, based on results of that, determine the appropriateness of granting the stay.

Respectfully Submitted,

Joseph P. Carson, P.E., Petitioner
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

RECEIVED
JAN 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
JAN 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## Certificate of Service

I certify that the following documents for <u>Carson v. Office of Special Counsel</u>, docket no. 06-1833:

1.   Objection and request for reconsideration of Order granting stay request, with its exhibits.

was served, via U.S. Mail, on


Representative for OSC

US Dept. of Justice
Attention: Judith Kidwell
555 Fourth St, NW
Room E4905
Washington, DC 20530

_____
Joseph P. Carson

January 13, 2007

January 13, 2007

Ms. Erin McDonnell
U.S. Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036

Subject: Request for Expedited FOIA request processing

Dear Ms. McDonnell,

I have read your declaration in support of a stay for processing <u>Carson v. Office of Special Counsel</u>, Docket no. 06-1834 in Federal District Court for the District of Columbia.

I understand Judge Friedman has granted the stay request, but am filing an objection and request for reconsideration with the Court.

**Reasons for expediting FOIA request FO-06-1484 include:**

1.  The information requested may be relevant to two pending cases in Federal Court - <u>Carson v. Office of Special Counsel</u>, docket no. 06-1833 in Federal District Court for DC and <u>Carson v. OSC</u>, docket no. 06-5364 in the Federal Court of Appeals for DC.

2.  The information requested may be relevant to planned bills in Congress to strengthen the protections federal employees have from prohibited personnel practices, particularly whistleblower reprisal. In the 109th Congress, H.R. 1317, H.R. 3097, S.494, and S. 2285 addressed strengthening protections for federal employees from PPPs. OSC is the primary bulwark of such protection, under current law and its performance in this function -its primary one - has apparently received no Congressional, MSPB, or other third party oversight since the last changes to 5 USC 1214 occurred in late 1994.

Additionally, as Christopher Kurt, OSC's FOIA officer, contacted me by phone several times in August and September 2006 to inform me that OSC's completion of this FOIA request was imminent, as the July 11, 2006 status letter stated the FOIA would be fulfilled by August 31, 2006. I take exception to misleading statement in your declaration, that I had not previously requested this FOIA request be expedited, when OSC has repeatedly informed me that it would be quickly fulfilled - why should I request it be expedited when I was told it would be promptly fulfilled?

I suspect you directed Mr. Kurt to not issue the completed FOIA response, perhaps at the direction of Special Counsel Bloch, because the information would be contrary to OSC's representations to Congress, the public, and the Court in <u>Carson v. OSC</u>, about its practices and

1

Ex 1-1

record in protecting federal employees from PPPs.

Additionally, 5 USC 552(a)(6)(B) and (C) describes how an agency as OSC should contact a FOIA requestor about modifying the scope of the request in situations as these, something OSC has failed to do.

### Reasons for Expediting FO-06-2732 include:

1. A number of bills were introduced in the 109th Congress about improving FOIA, including S.589, S.394, S.622, H.R. 867, and H.R. 1620. By 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3), OSC has unique responsibilities to enforce FOIA compliance in every federal agency and its performance in doing so, indicated by its response to this FOIA, may be relevant to planned and pending efforts to improve FOIA in federal government.

2. I suspect OSC may have simply "trashed" - disposed with no investigation - every referral for an investigation made to it federal judges per 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3). I could be wrong in that suspicion, but I have that suspicion, as the law does not require OSC to ever report to anyone what it did with such referrals. Such willful lawbreaking, involving referrals made to OSC by Federal Judges, if demonstrated, would be consistent with my contentions about OSC's lawbreaking involving its responsibilities to protect federal employees from PPPs per 5 USC 1214, and might be considered relevant by the Courts in the cases mentioned previously.

   It should be a "big deal" to OSC when a Federal Judge directs it to investigate an agency's non-compliance with FOIA and, contrary to Mr. Kurt's statement in his letter of September 5, 2006, 5 USC 1216(a)(3) only allows Federal Judges to make such a request, so I do not find his statement credible, that he cannot tell the source of a 5 USC 1216(a)(3) referral - when 5 USC 1216(a)(3) only cites 5 USC 552, which only allows a Federal Judge to make such a referral.

Regarding FO-06-2493, while I do not have a basis to seek its being expedited, it should be straightforward to provide me the information requested about OSC's current attorney employees, which is one of the two items requested. Given that, per 5 USC 552(a)(6)(B) and (C) OSC have offered, months ago, to respond to the first item in the request first.

Respectfully,

Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

/ — 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON,<br><br>    Plaintiff<br><br>v.<br><br>U.S. OFFICE OF SPECIAL COUNSEL,<br><br>    Defendant | Civil Action No: 06-1834 (PLF) |

## DECLARATION OF JOSEPH P CARSON, P.E., PLAINTIFF ABOUT FOIA REQUEST FO-06-1484, 06-2493, and 06-2732

I, Joseph P. Carson, P.E., Plaintiff in his action, in lieu of an affidavit, as permitted by 28 USC 1746, declare as follows from personal knowledge and documentary evidence:

1. I am the requestor for these FOIA request now pending at OSC.

2. For FO-06-1484, the context of my making this FOIA request is Ms. McDonnell's refusing to provide me such information when I requested of it OSC prior to my personally visiting it in late March 2006. I made this information request and subsequent FOIA request as I believe it could be quite germane to: 1) my litigation against OSC, and 2) my attempts to spur Congressional oversight of OSC's practices and record in protecting federal employees from PPPs.

1

Ex 2-1

3. Contrary to the statement in paragraph 12 of her declaration, OSC acknowledged this request in late April, the July 11, 2006 letter was a status update, not the initial acknowledgment. The July 11, 2006 letter of Christopher Kurt, OSC's FOIA officer, establishes August 31, 2006 as the estimated time for completion of the FOIA request.

4. Between mid-August and the end of September, Mr. Kurt called me several times to tell me that the FOIA was almost complete, each time asking for a few more days or week to complete it, citing various reasons for the delay in its completion. I took no issue with his requests or explanations and appreciated his keeping me informed of the status.

5. Given Mr. Kurt's repeated statements to me that this FOIA request was almost complete - made in August and September - I simply do not think Ms. McDonnell's statements in the declaration about needing 4 more months to complete it - made 4 months after I was told it was almost complete - are accurate.

6. If OSC is processing about 125 FOIA requests a year - over 2 a week - and this one is fourth on a list to be processed - it should not take another 4 months, not when I have been repeatedly told by the OSC FOIA officer that it was just about done in August and September.

2

7. OSC has made no effort to contact me about modifying the scope of this FOIA request, per 5 USC 552(a)(6)(B) or (C), to facilitate its (partial) completion.

8. For FOIA request FO-06-2732, the statements in Mr. Kurt's letter of September 5, 2006 are not credible, based on the wording of the relevant law. His letter claims that 5 USC 1216(a)(3) and 5 USC (a)(4)(F) referrals are mutually exclusive, but the law shows they are identical. 5 USC 1216(a)(3) only involves referrals made per 5 USC 552 and 5 USC 552 only authorizes federal judges to makes referrals to OSC.

9. I spoke with Mr. Kurt about how the law only authorized federal judges to make referrals to OSC, described in 5 USC 1216(a)(3), but he said he had spoken to "an attorney" who told him otherwise and he was not going to investigate it further.

10. For FOIA request FO-06-2493, it specifically separates the information requested for current OSC attorney employees from past (starting in 1989) ones. I do not understand why OSC does not comply with the law and 5 USC 552(a)(6)(B) to promptly provide the information requested for current attorney employees, the information requested is a public record in the states in which they are licensed.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct in accordance with 28 USC 1746. Executed this 13th day of January 2007.

_____
Joseph P. Carson, P.E., Petitioner

4