UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No: 06-1834 (PLF) |
| v. | ) |
| U.S. OFFICE OF SPECIAL COUNSEL, | ) |
| | ) |
| Defendant | ) |
| | ) |
| _____ | ) |

# MOTION FOR LEAVE TO SUPPLEMENT RELIEF REQUESTED TO INCLUDE DIRECTING DEFENDANT TO EXPEDITE PROCESSING OF INVOLVED FOIA REQUESTS

Plaintiff respectfully motions for leave to amend the relief requested based on new evidence - the denial by the defendant, Office of Special Counsel (OSC), of his request for expediting two of the FOIA requests which are part of this action, FO-06-1484 and 06-2732. A memorandum in support of this motion and a proposed order granting the relief requested is attached.

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Petitioner
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON,<br><br>    Plaintiff<br><br>v.<br><br>U.S. OFFICE OF SPECIAL COUNSEL,<br><br>    Defendant | )<br>)<br>)<br>) Civil Action No: 06-1834 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT RELIEF REQUEST TO EXPEDITE PROCESSING OF FOIA REQUESTS NOS. FO-06-1484 AND FO-06-2732**

### I. Introduction

Per 5 USC 552(a)(6)(E)(iii), defendant's decision to deny defendant's request to expedite its processing of two FOIA requests involved in this action is subject to judicial review.

Defendant made a request for expedited processing of FOIA request nos. FO-06-1484 (exhibit 1 of complaint) and 06-2732 (exhibit 5 of complaint) on January 15, 2007 (exhibit 1). OSC timely responded by denying it on January 25, 2007 (exhibit 2).

**For FOIA no. FO-06-1484, reasons the FOIA should be expedited include:**

1.    Some of the information requested, specifically items nos. 3, 4 and 5, may be relevant to either or both pending cases in Federal Court - <u>Carson v. Office of Special</u>

1

<u>Counsel</u>, docket no. 06-1833 in Federal District Court for DC and <u>Carson v. OSC</u>, docket no. 06-5364 in the Federal Court of Appeals for DC. Therefore, by the guidelines OSC has established for expediting FOIA requests, which include: the requester has a case pending in court of law, and the records requested relate to the case, this FOIA merits expedited processing.

2.  By 5 USC 1218 the information requested in items 2, 4, and 5 is required to be provided in OSC's Annual Reports to Congress, but it is not in them, based on OSC Annual Report to Congress from 1989 through 2005. Because these parts of the FOIA request result from OSC failing to provide the required information in its Annual Reports, OSC should expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency."

3.  The information requested may be relevant to planned bills in Congress to strengthen the protections federal employees have from prohibited personnel practices, particularly whistleblower reprisal. In the 109th Congress, H.R. 1317, H.R. 3097, S.494, and S. 2285 addressed strengthening protections for federal employees from PPPs.

**For FO-06-2732, reasons the FOIA request should be expedited include:**

1.  A number of bills were introduced in the 109th Congress about improving FOIA, including S.589, S.394, S.622, H.R. 867, and H.R. 1620. By 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3), OSC has unique responsibilities to enforce FOIA compliance in every federal agency and its performance in doing so, indicated by its response to this FOIA, may be relevant to planned and pending efforts to improve FOIA in federal government. Because defendant's FOIA request is intended to obtain information relevant to planned

2

bills to reform FOIA and defendant intends to widely disseminate it, via the internet, to the media, and others, he thinks its being expedited is justified, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency," as well as by 552(a)(6)(E)(v)(II) - "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity."

2.  Defendant suspect OSC may have simply "trashed" - disposed without proper investigation and/or submitting the required findings and recommendations - every referral for an investigation made to it by **federal courts** per 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3). The law does not require OSC to report the results of its investigations back to the referring Court, or the aggrieved party, but it does require it to report them to the involved agency.

Compliance with that requirement should have generated other records and information by Defendant. However, based on defendant's review of every OSC Annual Report to Congress since 1989, its public records maintained per 5 USC 1219(a)(3) of such OSC reports made to agencies per 5 USC 1214(e), its press releases on its website since 1998, and all published decisions of the Merit Systems Protection Board; there is no evidence that OSC has made the required reports of its findings and recommendations for any of the 40 FOIA investigations it conducted as a result of referrals from Federal Courts, per 5 USC 552(a)(4)(F), between 1989 and 2002 (see Exhibit 3). (Defendant presumes the number "27" for 1999 is a typo, and that the correct number is "2." Information about number FOIA investigations conducted by OSC since 2002, along with

3

descriptions of the resulting reports and recommendations, and resulting agency actions is missing from the OSC Annual Reports to Congress, contrary to the requirements of 5 USC 1218.)

Such willful lawbreaking, involving referrals made to OSC by Federal Courts, if demonstrated, would be consistent with defendant's contentions about OSC's systemic and persistent lawbreaking involving its primary responsibilities to protect federal employees from PPPs per 5 USC 1214, and might be considered relevant by the Courts in the cases mentioned previously as well this case.

Therefore, by the guidelines OSC has established for expediting FOIA requests, which include: the requester has a case pending in court of law, and the records requested relate to the case, I think this FOIA merits expedited processing.

3. By 5 USC 1218, the information requested in item 2 of this FOIA request is required to be provided in OSC's Annual Reports to Congress for every referral made to it by a federal court. Such information is not present, based on OSC Annual Report to Congress from 1989 through 2005. Because defendant's FOIA request results, at least in part, from OSC failing to provide the required information in its Annual Reports, OSC should expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency."

For the above reasons, the defendant respectfully requests the Court to Order the defendant to expedite the processing of these FOIA requests.

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Petitioner
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| Plaintiff | ) ) ) ) Civil Action No: 06-1834 (PLF) |
| v. | ) |
| U.S. OFFICE OF SPECIAL COUNSEL, | ) ) |
| Defendant | ) ) ) |

## ORDER

UPON CONSIDERATION OF Plaintiff's motion that defendant expedite the processing of FOIA requests FO-1484 and 06-2732, with memorandum in support, and opposition thereto, and the entire record, it is this ___ day of February 2007,

ORDERED, that the plaintiff's motion requesting the defendant to expedite its processing of FOIA requests FO-1484 and 06-2732 is GRANTED; it is

FURTHER ORDERED that Defendant shall complete its processing of the FOIA requests within 20 working days, per 5 USC 552(a)(6)(A).

DATED:_____

UNITED STATES DISTRICT JUDGE

January 15, 2007.

Ms. Erin McDonnell
U.S. Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036

Via: fax and mail

Subject: Amended Request for Expedited FOIA Request Processing; Request for "Opportunity to Modify FOIA Request for FOIA Requests FO-06-1484, 2493, and 2732

Dear Ms. McDonnell,

This amended request replaces the one I sent you on January 13, 2007.

I have read your declaration in support of a stay for processing Carson v. Office of Special Counsel, Docket no. 06-1834 in Federal District Court for the District of Columbia.

I understand Judge Friedman has granted the stay request, but am filing an objection and motion requesting for reconsideration of the stay with the Court based on OSC's failure to comply with aspects of relevant law and this request.

**OSC non-compliance with law for FOIA processing in this matter.**

1) OSC regulations for FOIA, found at 5 CFR 1820, do not describe how requests for expediting FOIA requests can be made, contrary to the requirements of 5 USC 552(a)(6)(E).  5 USC 552, does not authorize alternative methods to provide the required information, but OSC's website does describe reasons for expediting FOIA requests, including ones I think relevant for some of the information requested:

From <http://www.osc.gov/foia.htm>:

> 8. Under what circumstances can the processing of my request be expedited?
>
> OSC will honor a written request for expedited processing of a FOIA request for records when OSC has established to its satisfaction that: (a) the requester has a case pending before the Merit Systems Protection Board (MSPB) or similar administrative tribunal, or in court of law, or faces an imminent deadline for filing in any of those venues, and (b) the records requested relate to the case in question.
>
> Likewise, if a requester demonstrates that failure to obtain requested records on an

1

*expedited basis* could reasonably be expected to pose an imminent threat to the life or physical safety of an individual, or if a requester primarily engaged in disseminating information demonstrates that an need to inform the public about actual or alleged Federal Government activity, OSC will expedite processing of the request.

Within 10 days of its receipt of a written request for expedited processing, OSC's FOIA office will notify the requester as to whether or not the request for expedited processing has been granted. If granted, processing of the request will be completed as quickly as possible.

2) OSC has failed to comply with the requirements of 5 USC 552(a)(6)(B) in these requests ni it has failed to provide me the required "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

So while paragraph 18 of your declaration notes I have not made an expedited request, it fails to note the material fact that OSC regulations are defective in not addressing when and how such requests are to be made. Additionally, paragraph 18 of your declaration states, "The plaintiff has not modified any of his requests," without mentioning the material fact that OSC has failed to comply with its lawful duty to provide me an "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

**Reasons for expediting FOIA request FO-06-1484 include:**

1. Some of the information requested, specifically items nos. 3, 4 and 5, may be relevant to either or both pending cases in Federal Court - <u>Carson v. Office of Special Counsel</u>, docket no. 06-1833 in Federal District Court for DC and <u>Carson v. OSC</u>, docket no. 06-5364 in the Federal Court of Appeals for DC. Therefore, by the guidelines OSC has established for expediting FOIA requests, which include: the requester has a case pending in court of law, and the records requested relate to the case, this FOIA merits expedited processing.

2. By 5 USC 1218 the information requested in items 2, 4, and 5 is required to be provided in OSC's Annual Reports to Congress, but it is not in them, based on OSC Annual Report to Congress from 1989 through 2005. Because my FOIA request results from OSC failing to provide the required information in its Annual Reports, I think OSC needs to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency."

3. The information requested may be relevant to planned bills in Congress to strengthen the protections federal employees have from prohibited personnel practices, particularly whistleblower reprisal. In the 109th Congress, H.R. 1317, H.R. 3097, S.494, and S. 2285 addressed strengthening protections for federal employees from PPPs. As the attached

)~ 2

press release of the Government Accountability Project (GAP) indicates, such a bill has already been introduced in the Senate in the current Congress. OSC is the primary bulwark of such protection, under current law and its performance in this function - protecting federal employee from PPPs, its primary function - has apparently received no Congressional, MSPB, or other third party oversight since the last changes to relevant law at 5 USC 1214 occurred in late 1994. Because my FOIA request is intended to obtain information relevant to planned bills to reform OSC and intend to widely disseminate it, via the internet, to the media, and others, I think OSC is justified to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency," as well as by 552(a)(6)(E)(v)(II) - "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity."

Additionally, Christopher Kurt, OSC's FOIA officer, contacted me by phone several times in August and September 2006 to inform me that OSC's completion of this FOIA request was imminent, as the July 11, 2006 status letter stated the FOIA would be fulfilled by August 31, 2006. I think the failure of your declaration to mention these phone conversations are other omissions of material fact that are relevant to this request - why should I make an expedited request when 1) your regulations by which I prepared the request fail to mention it, and 2) I was told it would be fulfilled by the end of August 2006?

I suspect you directed Mr. Kurt to not issue the completed FOIA response, perhaps at the direction of Special Counsel Bloch, because the information would be contrary to OSC's representations to Congress, the public, and the Court in Carson v. OSC, about its practices and record in protecting federal employees from PPPs. My suspicion strengthened by your declarations failure to mention material facts related to OSC's actions/inactions/statements in processing this FOIA request.

I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so.

**Reasons for Expediting FO-06-2732 include:**

1. A number of bills were introduced in the 109th Congress about improving FOIA, including S.589, S.394, S.622, H.R. 867, and H.R. 1620. By 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3), OSC has unique responsibilities to enforce FOIA compliance in every federal agency and its performance in doing so, indicated by its response to this FOIA, may be relevant to planned and pending efforts to improve FOIA in federal government. Because my FOIA request is intended to obtain information relevant to planned bills to reform FOIA and intend to widely disseminate it, via the internet, to the media, and others, I think OSC is justified to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency," as well as by 552(a)(6)(E)(v)(II) - "with respect to a request made by a person primarily engaged in disseminating information, urgency to

inform the public concerning actual or alleged Federal Government activity."

2. I suspect OSC may have simply "trashed" - disposed without proper investigation and/or submitting the required findings and recommendations - every referral for an investigation made to it by **federal courts** per 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3). I could be wrong in that suspicion, but I have that suspicion, as the law does not require OSC to report the results of its investigations back to the referring Court, or the aggrieved party. Such willful lawbreaking, involving referrals made to OSC by Federal Courts, if demonstrated, would be consistent with my contentions about OSC's systemic and persistent lawbreaking involving its primary responsibilities to protect federal employees from PPPs per 5 USC 1214, and might be considered relevant by the Courts in the cases mentioned previously as well as case pending about OSC's response to my FOIA requests. Therefore, by the guidelines OSC has established for expediting FOIA requests, which include: the requester has a case pending in court of law, and the records requested relate to the case, I think this FOIA merits expedited processing.

3. By 5 USC 1218 the information requested in item 2 of this FOIA request is required to be provided in OSC's Annual Reports to Congress for every referral made to it by a federal court. Such information is not present, based on OSC Annual Report to Congress from 1989 through 2005. Because my FOIA request results, at least in part, from OSC failing to provide the required information in its Annual Reports, I think OSC needs to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency."

Mr. Kurt's letter of September 5, 2006 is uninformed by the law and OSC records. I have reviewed each OSC Annual Report to Congress for relevant information and compiled a table of relevant information, which is attached. The immediately apparent explanation for the disparity between the number of complaints/referrals received and actual investigations conducted is that almost all complaints alleging agency wrongdoing in FOIA come from private citizens. OSC cannot control if it receives complaints from such sources, even though it is not authorized to investigate them. OSC is only authorized (and required) to investigate referrals made to it by federal courts, which apparently do not often occur (I suspect there is a typo for large number given for 1999).

So OSC can readily determine how many referrals were made by Federal Court, which is what I requested - they were the only ones OSC investigated. That is a relatively small number, based on OSC Annual Reports to Congress. OSC's case management system indicates which complaints resulted in investigations, those are the only ones germane to my FOIA request.

Consistent with my suspicion that OSC has failed to comply with its statutory obligations to investigate such referrals and make reports with recommendations to the involved agencies, are some other OSC/MSPB records (or lack thereof.) Not a single OSC press release since 1998 (available on OSC's website) mentions the results of any OSC investigation about agency FOIA non-compliance. Additionally, there are no published decisions at the U.S. Merit Systems

/ - 4

Protection Board (MSPB) involving disciplinary action taken as a result of such an OSC investigation (MSPB's website <http://www.mspb.gov/mspbdecisionspage.html> has a searchable database of all its published decisions since 1979.) Finally, the Department of Justice, since 2000, has issued annual reports summarizing FOIA suits in federal court, including whether the plaintiff prevailed, and what attorney fees and costs were awarded (available on its website <http://www.usdoj.gov/oip/04_6.html>). For the court to make a referral to OSC, the plaintiff has to prevail and attorney fees need to be awarded, a situation which has regularly occurred, according to the information compiled by Department of Justice.

I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so.

**FOIA Request FO-06-2493**

While I do not have a basis to seek its being expedited, I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so. It should be straightforward to provide me the information requested about OSC's current attorney employees, which is one of the two items requested.

Per 5 USC 552(a)(6)(E)(vi), I certify statements contained in this request are true and correct to the best of my knowledge and belief.

Respectfully,


Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

copy: Christopher Kurt, OSC FOIA Officer

Attachments:

1.   January 12, 2007 Press Release of Government Accountability Project (GAP) about Senate bill about whisteblowing

2.   Information related to law and OSC reports about complaints received and investigations conducted related to agency FOIA non-compliance

/~5



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, DC 20036-4505
(202) 254-3600

January 25, 2007

Mr. Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934

          Re:    <u>Freedom of Information Act Appeals</u>
                  <u>(File Nos. FO-06-1484; FO-06-2732)</u>

Dear Mr. Carson:

    I am writing in response to your letter dated January 15, 2007. In that letter, you asked the Office of Special Counsel (OSC) to expedite its processing of administrative appeals in connection with two of your pending Freedom of Information Act (FOIA) requests – one dated April 9, 2007 (FO-06-1484), and the other dated September 4, 2007 (FO-06-2732). After review of your letter, the OSC is denying your request to expedite FOIA processing of both matters.

    OSC's general policy is to process FOIA requests in the order in which they were received, in fairness to all persons whose requests OSC received first. That policy also applies to FOIA appeals.

    OSC also has a policy on expedited processing of FOIA requests. That policy, acknowledged in your January 15, 2007 letter, is posted on this agency's web site. It sets forth the basic criteria used by the OSC to evaluate requests for expedited processing. Those criteria involve certain litigation, health and safety concerns, and requests from persons primarily engaged in the dissemination of information as their profession. The arguments made in your January 15th letter fail to satisfy those criteria.

<u>FO-06-1484</u>

    Your January 15th letter states that the information requested (*i.e.*, lists of other matters handled by this agency over a period of many years) "may be relevant" to two pending cases – *Carson v. Office of Special Counsel* (U.S. D.C. D.C., Case No. 06-1833), and *Carson v. Office of Special Counsel* (C.A. D.C. Circuit, Case No. 06-5364). Your letter failed, however, to demonstrate or establish to the OSC's satisfaction how the information requested in FO-06-1484 is relevant to your claims in either court case.

2-1

Ex/2-1

**U.S. Office of Special Counsel**
Letter to Mr. Joe Carson
January 25, 2007
Page 2

    The pending District Court action is a petition for writ of mandamus based on the language used in letters from the OSC to you about prohibited personnel practice (PPP) complaints you had filed with this agency. None of the information you requested in FO-06-1484 is relevant to either the PPP complaint dispositions or letters challenged by you in that case.

    The record is closed in the pending Court of Appeals matter. Again, none of the information you requested in FO-06-1484 relates to or would affect the outcome of that case.

    None of the other reasons given in your letter as a basis for expediting the administrative appeal in this FOIA matter relate to the criteria set forth in OSC's policy on the handling of requests for expedited processing.

<u>FO-06-2732</u>

    In a letter dated September 5, 2006, the OSC issued a decision on your initial request in this matter, indicating (in substance) that the agency maintains no records responsive to that request. You subsequently filed an administrative appeal from that decision. None of the bases set forth in your January 15th letter have any relation to the criteria set forth in the OSC policy on handling of requests for expedited processing. Your letter identified no pending administrative or court litigation related to the information you requested, nor any health or safety issues, and failed to establish that you are primarily engaged in the dissemination of information.

    For these reasons, the OSC is denying your requests to expedite the processing of the administrative appeals in the above-captioned matters.

                              Sincerely,

                              Erin McDonnell
                              Associate Special Counsel
                                  for Legal Counsel and Policy

2-2

# INFORMATION ABOUT COMPLAINTS RECEIVED BY OSC ABOUT FOIA AND INVESTIGATIONS CONDUCTED BY IT, TAKEN FROM OSC'S ANNUAL REPORTS TO CONGRESS.

By 5 USC 1218, OSC's Annual Reports to Congress are required to include the number and types of investigations conducted by it, as well as a description of the recommendations and reports made by it to other agencies pursuant to this subchapter, and the actions taken by the agencies as a result of the reports and recommendations.

By 5 USC 1216(a)(3), OSC is required to investigate of referrals made per 5 USC 552 involving possible arbitrary or capricious withholding of information.

By 5 USC 552(a)(4)(F):

> "Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends."

The table on the next page indicates, by fiscal year, something that is not required to be included in OSC's annual reports - the number of complaints received by OSC (from all sources) involving FOIA - and something that is required to be in it - the number of investigations OSC conducted based on referrals about FOIA from federal courts.

Required information, by 5 USC 1218, that is missing in all OSC Annual Reports is a description of the recommendations and reports made by OSC as a result of its FOIA investigations as well as the actions taken by the agencies as a result of the reports or recommendations.

(Note: There is probably a typo for the number of FOIA investigations conducted in 1999.)

3-1

Ex/3

| Year FY | number of complaints received from all sources about agencies' FOIA practices | number of OSC investigations conducted as a result of referrals from federal courts about agency FOIA issues, per 5 USC 552(a)(4)(F) and 1216(a)(3). |
|---|---|---|
| 1989 | 34 | 1 |
| 1990 | 27 | 2 |
| 1991 | 30 | 1 |
| 1992 | 29 | 1 |
| 1993 | 50 | 3 |
| 1994 | 48 | 1 |
| 1995 | 55 | 4 |
| 1996 | 45 | 6 |
| 1997 | 33 | 3 |
| 1998 | 35 | 5 |
| 1999 | 43 | 27 |
| 2000 | 47 | 3 |
| 2001 | 29 | 6 |
| 2002 | 25 | 2 |
| 2003 | info not in annual report | info not in annual report |
| 2004 | info not in annual report | info not in annual report |
| 2005 | info not in annual report | info not in annual report |

# Certificate of Service

I certify that the Plaintiff's motion to supplement relief requested, <u>Carson v. Office of Special Counsel</u>, docket no. 06-1833:

was served, commercial overnight delivery, on


Representative for OSC

US Dept. of Justice
Attention: Judith Kidwell
555 Fourth St, NW
Room E4905
Washington, DC 20530

_____
Joseph P. Carson

January 25, 2007