UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSEPH P. CARSON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 06-1834 (PLF) |
|  | ) |
| UNITED STATES OFFICE OF | ) |
| SPECIAL COUNSEL, | ) |
|  | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION AND MOTION FOR LEAVE TO
SUPPLEMENT RELIEF REQUESTED**

Defendant, the United States Office of Special Counsel ("OSC"), through the undersigned attorneys, hereby files its opposition to plaintiff's motion for reconsideration and to his motion for leave to supplement relief requested. Defendant respectfully submits that the stay granted by the Court in this case was appropriate, and that plaintiff has provided no bases to modify the Court's Order.

**Background**

Plaintiff initially filed this action as a petition for a writ of mandamus alleging that OSC had failed to meet its statutory obligations and demanding the release of records maintained by the OSC. On November 8, 2006, the Court denied the petition for a writ of mandamus and ordered that this action proceed as a civil action pursuant to the Freedom of Information Act ("FOIA").

Thereafter, defendant filed a motion for a stay pursuant to *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976) ("Open America"), supported by a

declaration from an OSC official. On January 11, 2007, the Court granted defendant's motion for a stay until May 31, 2007, to allow defendant the time to process all of plaintiff's FOIA requests.

Subsequently, plaintiff filed an "Amended Objection and Motion for Reconsideration" of the Court's stay order. He advised the Court that he had now filed a request with OSC for expedited processing of his FOIA requests. Although plaintiff acknowledged that the OSC's website provided information with respect to expedited processing of FOIA requests, plaintiff contended that he had not known about this option, because OSC's regulations did not contain information regarding expedited processing of FOIA requests. Plaintiff requested that the Court reconsider its stay order until such time as OSC had addressed plaintiff's request for expedited processing.

On January 29, 2007, prior to the filing of a response to plaintiff's motion for reconsideration, plaintiff filed an additional motion advising the Court that OSC had denied plaintiff's request for expedited processing of his FOIA requests.[1] Plaintiff's second motion requests leave from the Court to seek additional relief, and to have the Court direct OSC to expedite plaintiff's FOIA requests. *See* Motion for Leave and Plaintiff's Proposed Order ("Proposed Order").

---

[1] Plaintiff has styled this as a "Motion for Leave to Supplement Relief Requested to Include Directing Defendant To Expedite Processing of Involved FOIA Requests" (hereafter, "Motion for Leave").

## ARGUMENT

### I. Plaintiff's Motion for Reconsideration Is Moot

Plaintiff's argument for requesting that the Court reconsider its Stay Order of January 11, 2007, is moot. In his motion for reconsideration, plaintiff advised the Court that he had made a request to OSC to expedite his FOIA requests. He contended that, had he known that he could seek expedited treatment of his FOIA requests, he "possibly would have requested expedited processing . . ." Plaintiff's Declaration, ¶ 2. In his motion for reconsideration, plaintiff requested that the Court reconsider its decision granting defendant a stay, until such time as OSC had addressed plaintiff's request for expedited processing of plaintiff's FOIA requests.

However, as evidenced by plaintiff's latest filing with the Court on January 29, 2007, OSC has considered and denied plaintiff's request for expedited treatment of his FOIA requests. See Motion for Leave, Exhibit ("Ex.") 2. Therefore, plaintiff's motion for reconsideration is moot and should be denied.

### II. Plaintiff's Motion for Leave to Supplement Relief Requested Is Improper

Although styled as a motion, plaintiff's latest filing is essentially a request for leave to amend his complaint in order to request additional relief from the Court.[2] That is, plaintiff is proposing that the Court direct OSC to expedite his FOIA requests within 20 working days. *See* Proposed Order.

To the extent that plaintiff may want to amend his complaint, he must abide by the Federal Rules of Civil Procedure and file an amended complaint. Defendant would then have 10

---

[2] Throughout this motion, plaintiff often refers to himself as the defendant in this action, although he is clearly referring to himself.

days after service of the amended pleading in which to respond to plaintiff's amended complaint. *See* Fed. R. Civ. P. 15(a). Accordingly, plaintiff's motion for leave to supplement relief requested should be denied.[3]

### III. Plaintiff Has Failed To Provide Any Justification To Modify The Court's *Open America* Stay Order

The Court has already established a reasonable date by which OSC is to complete the processing of plaintiff's FOIA requests. Plaintiff is merely attempting to re-litigate the issues concerning the writ of mandamus initially denied by the Court.[4] In any event, plaintiff has offered no justification for expedited processing of his FOIA requests.[5] Nor has he offered any reason to modify the Court's decision to grant defendant an *Open America* stay.

The D.C. Circuit Court in *Open America* recognized that some FOIA requests necessarily involve a far greater degree of urgency than others, and that when a requester can show "exceptional need or urgency," his request should be processed out of turn. *Open America*, 547 F.2d, at 614-16, *(citing* 5 U.S.C. § 552(a)(6)(C)). However, plaintiff has failed to demonstrate any urgency with respect to his FOIA requests.

While acknowledging that OSC timely processed his request for expedited processing,

---

[3] At all events, for reasons set forth in section III, infra., any attempt to amend the complaint to seek expedited processing would be futile.

[4] Plaintiff's motion for leave is filled with the same type of unfounded allegations regarding OSC's failures to comply with statutes and his suspicions that "OSC may have simply 'trashed' referrals without proper investigation." Motion for Leave at 3.

[5] Should plaintiff properly amend his complaint, the Court would have jurisdiction to review OSC's denial of expedited processing of plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(E)(iii). However, the Court's review would be based on the record before the agency at the time of the determination. *See* 5 U.S.C. § 552(a)(4)(B).

plaintiff contends that OSC was wrong to deny this request. Yet, in support of his arguments, plaintiff makes such qualified assertions as "[S]ome of the information requested . . . may be relevant to either or both [of plaintiff's] pending cases." Motion for Leave at 1.

Significantly, plaintiff has not alleged that OSC's failure to expedite his requests would impair any of his substantial due process rights or that he has a compelling need for such expedition. He also fails to explain how the information he seeks would be relevant in an appellate case in which the record is closed, or in a case seeking mandamus relief because of the language OSC included in letters sent to him regarding allegations of prohibited personnel practices. Nonetheless, plaintiff argues vehemently that OSC should move plaintiff's FOIA requests in front of other individuals' FOIA requests, despite the fact that such action would work to the direct disadvantage of these other FOIA requesters.

Even more incredible, is plaintiff's disingenuous assertion that he is a professional primarily engaged in the dissemination of information. Motion for Leave at 3. He argues that he meets OSC's criteria, because some of the information requested "is intended to obtain information relevant to planned bills [before Congress] to reform FOIA and that he "intends to widely disseminate it, via the internet, to the media, and others, . . ." Motion for Leave at 3, (citing 5 U.S.C. § 552(a)(6)(E)(v)(II)). In light of the fact that plaintiff has previously stated that he is an engineer at the U.S. Department of Energy, it is difficult to imagine how he can claim a "compelling need" because he is "a person primarily engaged in disseminating information." *See* 5 U.S.C. § 552(a)(6)(E)(v)(II).

As OSC explained in its letter of denial, plaintiff did not meet the agency's criteria for expedited processing. *See* Motion for Leave, Ex. 2. In one instance, OSC had already advised

plaintiff that the agency did not have any records in response to his FOIA request.[6]  Thus, plaintiff's request was to expedite the appeal of a "no records response."  The OSC also could not justify putting plaintiff's requests in front of other individuals' requests based on his vague assertions that this alleged information was needed immediately for plaintiff's two court cases.  Especially, when one of the cases is an appellate case in which the record has been closed.  Finally, OSC's determination that plaintiff is not a professional primarily engaged in disseminating information warrants no further discussion.

The OSC has provided the Court with sufficient evidence that the agency needs additional time to process all of plaintiff's FOIA requests.  Plaintiff has offered nothing except supposition vague assertions, and questionable claims to dispute this evidence.  Accordingly, plaintiff is not entitled to expedited processing of his FOIA requests.

## Conclusion

For the reasons stated above, defendant respectfully requests that plaintiff's motion for reconsideration and motion for leave to supplement relief requested be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[6] Several paragraphs of plaintiff's Declaration contain either his beliefs that this is not true or his legal arguments concerning the statutory interpretation of several statutes.  Neither are relevant for purposes of the *Open America* stay.  Plaintiff's Declaration, ¶¶ 10-13.

   /s/ _____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2007, I caused the foregoing Defendant's Opposition to Motion for Reconsideration and Motion for Leave to Supplement Relief Requested, and a proposed Order to be served by first class mail, postage prepaid, on:

Joseph P. Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1834 (PLF) |
| UNITED STATES OFFICE OF SPECIAL COUNSEL, | ) |
| Defendant. | ) |

**ORDER**

UPON CONSIDERATION OF Plaintiff's Motion for Reconsideration and Motion for Leave To Supplement Relief, Defendant's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

**ORDERED,** that Plaintiff's Motion for Reconsideration is **DENIED,** as moot; and it is

**FURTHER ORDERED,** that Plaintiff's Motion For Leave to Supplement Relief Requested is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE