UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| Plaintiff | ) |
| | ) Civil Action No: 06-1834 (PLF) |
| v. | ) |
| U.S. OFFICE OF SPECIAL COUNSEL, | ) |
| Defendant | ) |

RECEIVED
FEB - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR RECONSIDERATION AND MOTION TO SUPPLEMENT RELIEF REQUESTED

### I. Background

There were two major deficiencies to defendant's motion for a stay pursuant to Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976).

1. Defendant's regulations for FOIA at 5 CFR 1810 are deficient in not describing, as required by law at 5 USC 552(a)(6)(E), how expedited FOIA requests can be made, and

2. Defendant failed to comply with its statutory obligation, per 5 USC 552(a)(6)(B)(ii), to provide the plaintiff:

    "an opportunity to limit the scope of the request so that it may

1

>be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

Despite the deficiencies in defendant's FOIA regulations, the plaintiff filed a request for expedited processing, which defendant denied. But the second deficiency in defendant's motion for a stay, one which simply nullifies its claim of "exceptional circumstances," remains outstanding.

The law requires certain conditions be fulfilled before an agency can claim "exceptional circumstances," and the defendant continues to be non-compliant with them. All the requirements of 5 USC 552(a)(6)(B) **must** be fulfilled before defendant can claim "exceptional circumstances," per USC 552(a)(6)(C), in requesting a stay. This has yet to happen, so defendant's motion for a stay is unlawful on its face. Since defendant's declaration omitted this material fact, it may be perjurious, in intent, if not actual fact.

Unless and until the defendant:

1. Provides the plaintiff:

   > "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," and

2. Files an amended stay request (if still needed) that describes the results, it is

unlawful for it to claim "exceptional circumstances."

Right now, as before, this Court cannot then comply with the law at 5 USC 552(a)(6)(C)(iii):

> "Refusal by a person to reasonably modify the scope of the request or arrange of alternative time frame for processing a request (or a modified request) under clause (ii) after being given an opportunity to do so by the agency to whom the person made the request shall be considered as a factor in determining whether exceptional circumstances exist for the purpose of this subparagraph."

The facts are the defendant has yet to provide the plaintiff the required opportunity, therefore he had no opportunity to refuse it, making defendant's entire motion for a stay unlawful on its face. Because of the omission of this material fact from defendant's declaration, the Court apparently presumed defendant's motion was lawful in granting the stay.

Additionally, Plaintiff thinks the defendant's opposition further supports his suspicion that it has simply "trashed" the forty or so related Federal Court referrals made per 5 USC 552(a)(4)(F) that its annual reports indicate it supposedly investigated from 1989-2002. Defendant now claims it has no responsive records for the "findings and recommendations" (see page 6 of opposition and footnote 6 of opposition) the law directs it to create and submit to the involved agency for any of these 40 or so investigations, which is consistent with plaintiff's suspicion that it simply "trashed" these Court referrals.

Plaintiff is not a professional journalist, but "blogging" is widely recognized to be blurring the line between professional journalists and others deeply involved with the dissemination of information to the public. The plaintiff is a "blogger," so he thinks his request for expediting his FOIA request based on his having intentions and means somewhat similar to a professional journalist at the time the law was written.

Plaintiff prays this Court will protect him from defendant's unlawful motion for a stay and its defective sworn declaration and grant his motion for reconsideration and his motion to supplement the relief requested in his initial complaint.

Respectfully Submitted,

Joseph P. Carson, P.E., Plaintiff
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

**Certificate of Service**

I certify that the Plaintiff's amended memorandum in support of his motion to supplement relief requested, <u>Carson v. Office of Special Counsel</u>, docket no. 06-1833:

was served, U.S. Mail, on


Representative for OSC

US Dept. of Justice
Attention: Judith Kidwell
555 Fourth St, NW
Room E4905
Washington, DC 20530

_____
Joseph P. Carson

February 1, 2007