**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**JOSEPH P. CARSON,**                               )
                                                    )
             **Plaintiff,**                         )
                                                    )
       **v.**                                       )     **Civil Action No. 06-1834 (PLF)**
                                                    )
**UNITED STATES OFFICE OF**                         )
**SPECIAL COUNSEL,**                                )
                                                    )
             **Defendant.**                         )
_____             )

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, the United States Office of Special Counsel ("OSC"), by and through

undersigned counsel, pursuant to Fed. R. Civ. P. 56(c), moves for summary judgment.  As set

forth in the accompanying Memorandum of Points and Authorities, Defendant has conducted an

adequate search in response to Plaintiff's three requests under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552.  Defendant has responded to Plaintiff's requests by releasing

responsive documents with certain redactions made because of privacy interests.  Defendant has

also advised Plaintiff that, in certain instances, there are no records responsive to Plaintiff's

requests.  Therefore, Defendant moves for summary judgment on the grounds that no records of

the OSC have improperly been withheld from Plaintiff and, therefore, Defendant is entitled to

judgment as a matter of law.  In support of this motion, Defendant attaches the Declaration of

Erin M. McDonnell, Associate Special Counsel for Legal Counsel and Policy, the Chief FOIA

officer of the OSC.  _See_ Attachment 1 (with separate Exhibits).  Defendant also files the attached

Statement of Material Facts Not In Dispute and proposed order in support of Defendant's motion.

Plaintiff, _pro se_, should take notice that any factual assertions contained in the declaration

and other attachments in support of Defendant's motion will be accepted by the Court as true

unless Plaintiff submits his own affidavit or declaration, or other documentary evidence

contradicting the assertions in Defendant's attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C.

Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e), which provide:

> Supporting and opposing affidavits shall be made on
> personal knowledge, shall set forth such facts as would be
> admissible in evidence, and shall show affirmatively that
> the affiant is competent to testify to the matters stated
> therein.  Sworn or certified copies of all papers or parts
> thereof referred to in an affidavit shall be attached thereto
> or served therewith.  The court may permit affidavits to be
> supplemented or opposed by depositions, answers to interrogatories,
> or further affidavits.  When a motion for summary judgment is made
> and supported as provided in this rule, an adverse party may not rest upon
> mere allegations or denials of the adverse party's pleading, but
> the adverse party's response, by affidavits or as otherwise
> provided in this rule, must set forth specific facts showing that
> there is a genuine issue for trial.  If the adverse party does not so
> respond, summary judgment, if appropriate, shall be entered against
> the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of August, 2007, I caused the foregoing

Motion for Summary Judgment, Statement of Material Facts Not In Genuine Dispute,

Memorandum of Points and Authorities with attachments and exhibits, and proposed order to be

served by first class mail, postage prepaid, on:

Joseph P. Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
JOSEPH P. CARSON,                         )
                                          )
                Plaintiff,                )
                                          )
        v.                                )        Civil Action No. 06-1834 (PLF)
                                          )
UNITED STATES OFFICE OF                   )
SPECIAL COUNSEL,                          )
                                          )
                Defendant.                )
_____ )

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, United States Office of Special Counsel ("OSC"), respectfully submits this

memorandum of points and authorities in support of its motion for summary judgment.

## I. INTRODUCTION

On October 23, 2006, Plaintiff *pro se*, Joseph Carson, filed a petition for writ of

mandamus seeking to have the OSC respond to Defendant's requests under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.  On November 8, 2006, the Court denied Plaintiff's

petition for writ of mandamus and ordered that this action proceed as a FOIA action pursuant to 5

U.S.C. § 552.  Thereafter, Defendant filed a motion for a stay of the proceedings until May 31,

2007, pursuant to *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.

Cir. 1976).  On January 11, 2007, the Court granted Defendant's motion for a stay until May 31,

2007.

In response to Plaintiff's three FOIA requests, the OSC conducted adequate searches for

responsive records using methods reasonably expected to produce the information requested.  As

discussed below, the OSC found no records responsive to several of Plaintiff's requests.

However, the OSC located and released responsive records to Plaintiff on May 31, 2007, with

redactions made to protect privacy interests.  Accordingly, having complied with its FOIA

obligations, Defendant is now entitled to summary judgment as a matter of law.

## II.  FACTUAL BACKGROUND

The Court is respectfully referred to the attached Statement of Material Facts Not In

Dispute.  The facts of this case are summarized below beginning with the referrals by Plaintiff to

the OSC.

### FO-06-1484

1.    On April 10, 2006, the OSC received a FOIA request from Plaintiff dated April 9,

2006, and designated as the OSC's File Number FO-06-1484.  *See* Declaration of Erin M.

McDonnell ("McDonnell Decl."), ¶¶ 4, 5.

2.    Plaintiff requested the following records from the OSC:

(a) a list of all instances where the OSC has attempted to enforce its subpoena
pursuant to 5 U.S.C. § 1212(b)(3)(A), with sufficient detail to obtain the relevant
records from the relevant Federal district Court;

(b) a list of all instances in which the Special Counsel initiated and conducted an
investigation into a possible PPP [prohibited personnel practice] or pattern PPP
pursuant to 5 U.S.C. § 1214(a)(5);

(c) a list of all written requests made to OSC by Congress pursuant to 5 U.S.C.
§ 1217, from 1989 to present, describing the requests;

(d) a list of all reports made by the OSC to MSPB [the Merit Systems Protection
Board], OPM [the Office of Personnel Management], and involved agency
pursuant to 5 U.S.C. § 1214(b)(2)(B); and

(e) a list of actions initiated by the OSC at the MSPB for "willful and knowing
refusal or failure" to comply with a [sic] MSPB Order per 5 U.S.C.

2

§ 1215(a)(1)(C), preferably with the MSPB Docket No. or, if a published MSPB resulted [sic], the MSPR [Merit Systems Protection Reporter] citation.

McDonnell Decl. ¶ 5, Exhibit 1.

3.     By letter dated July 11, 2006, the OSC provided Plaintiff with a status of his request and the OSC's policies and procedures for processing FOIA requests.  McDonnell Decl. ¶ 6, Exhibit 2.

4.     While his FOIA action was stayed, Plaintiff, in a letter to the OSC dated January 13, 2007, and received by the OSC on January 17, 2007, requested expedited processing of his FOIA request.  McDonnell Decl. ¶ 7, Exhibit 3.  In a letter dated January 25, 2007, the OSC denied Plaintiff's request for expedited processing of his FOIA request.  McDonnell Decl. ¶ 8, Exhibit 4.

5.     On May 31, 2007, the OSC responded to Plaintiff's FOIA request advising him that the OSC had identified only two lists which were responsive to his FOIA request.  McDonnell Decl. ¶ 9 .  These lists were released to Plaintiff with certain redactions pursuant to FOIA Exemption (b)(7)(C).  McDonnell Decl. ¶ 9 .

**FO-06-2493**

6.     On August 2, 2006, the OSC received a second FOIA request from Plaintiff dated July 31, 2006, and designated as the OSC's File Number FO-06-2493.  McDonnell Decl. ¶ 10 .

7.     Plaintiff requested the following records from the OSC:  (a) a list of all current licensed attorneys employed by the OSC, and where they are licensed to practice law; and (b) a list of all previously employed attorneys at the OSC, from 1989, both career and appointed, with where they told the OSC they were licensed to practice law.  McDonnell Decl. ¶ 10, Exhibit 6.

3

8.     By letter dated January 15, 2007, Plaintiff wrote to the OSC indicating a willingness to modify his FOIA request.  McDonnell Decl. ¶ 11, Exhibit 7.  However, the OSC received no other correspondence from Plaintiff in regard to modifying his request.  McDonnell Decl. ¶ 11.

9.     On May 31, 2007, the OSC responded to Plaintiff's second FOIA request and advised Plaintiff that the OSC had no records responsive to his request.  The OSC also advised Plaintiff that the OSC was not required to create records to respond to FOIA requests for lists of information.  McDonnell Decl. ¶ 12, Exhibit 5.

**FO-06-2732**

10.    On September 5, 2006, the OSC received a third FOIA request from Plaintiff dated September 4, 2006, and designated as the OSC's File Number FO-06-2732.  McDonnell Decl. ¶ 13.

11.    Plaintiff requested the following records from the OSC:  (a) any court referrals made to the OSC, since 1989, pursuant to 5 U.S.C. § 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests; and (b) copies of the OSC's findings and recommendations for its investigation of all such Court referrals.  McDonnell Decl. ¶ 13, Exhibit 8.

12.    On September 5, 2006, the OSC responded to Plaintiff's request and advised him that the OSC's automated case management system does not distinguish between allegations received from courts and other sources.  The OSC also advised Plaintiff that a manual search of records was not feasible because most of the case files over three years old had been destroyed in accordance with the National Archives and Records Administration disposition schedule for such

4

files.  McDonnell Decl. ¶ 14, Exhibit 9.

13.    By letter dated September 9, 2006, Plaintiff appealed the OSC's response.

McDonnell Decl. ¶ 15, Exhibit 10.

14.    While his FOIA action was pending, Plaintiff, by letter to the OSC dated January

13, 2007, requested expedited processing of his FOIA request.  McDonnell Decl. ¶ 16, Exhibit 3.

The OSC denied Plaintiff's request.  McDonnell Decl. ¶ 17, Exhibit 4.

15.    By letter to the OSC dated February 2, 2007, Plaintiff clarified his FOIA request.

McDonnell Decl. ¶ 18, Exhibit 11.

16.    On May 31, 2007, the OSC responded to Plaintiff's FOIA appeal.  The OSC

advised Plaintiff that the OSC was upholding its initial response to Plaintiff that the OSC had no

records responsive to his request.  In addition, the OSC notified Plaintiff that there had been no

known court referrals to the OSC pursuant to 5 U.S.C. § 552(a) since 1989.  McDonnell Decl.

¶ 19, Exhibit 5.

### III.  ARGUMENT

### DEFENDANT IS ENTITLED TO SUMMARY
### JUDGMENT AS A MATTER OF LAW

**A.**    **Legal Standard of Review in FOIA Cases**

A district court reviews an agency's determination to withhold information under the

FOIA *de novo*.  *See* 5 U.S.C. §§ 552(a)(4)(B).  The FOIA requires agencies of the federal

government to release records to the public upon request, unless one of nine statutory exemptions

applies.  *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975).  It is the agency

opposing disclosure of the information under FOIA that bears the burden of establishing that the

claimed exemption applies.  *See* 5 U.S.C. 552(a)(4)(B); *see also Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003).   Once the agency demonstrates that it has met its burden, a plaintiff, in order to prevail, must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'"  *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989), quoting *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980); *see* 5 U.S.C. § 552(a)(4)(B).

**B**.     <u>**Legal Standard for Summary Judgment**</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Where no genuine dispute exists as to any material fact, summary judgment is required.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  *Id*. at 247.  "The burden on the moving party may be discharged by 'showing' - - that is, pointing out to the [Court] - - that there is an absence of evidence to support the non-moving party's case."  *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment, Plaintiff must present some objective evidence that would enable the Court to find that he is entitled to relief.

In responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Supreme Court has instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather, as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. *See Cooper Cameron Corp. v. U.S. Dep't of Labor,* 280 F.3d 539, 543 (5th Cir. 2002) ("[S]ummary judgment resolves most FOIA cases."); *Harrison v. Executive Office for U.S. Attorneys*, 377 F. Supp. 2d 141, 145 (D.D.C. 2005) ("FOIA cases are typically and appropriately decided on motions for summary judgment.").

For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the Courts. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and a plaintiff with affidavits or declarations which show that the documents are exempt

from disclosure. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973); *Canning v. United States Dep't of Justice*, 848 F. Supp. 1037, 1042 (D.D.C.) (Agencies are typically permitted to meet [their] heavy burden by 'filing affidavits describing the material withheld and the manner in which it falls within the exemption claimed." (quoting *King v. United States Dep't of Justice*, 830 F.2d 210, 217 (D.C. 1987)). Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits [or declarations] are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" *Public Citizen, Inc. v. Dept. of State*, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). *See also Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d at 1387. "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe 'the justification for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Miller v. Casey,* 730 F.2d 773, 776 (D.C. Cir. 1984) (quoting *Military Audit Project v. Casey*, 656 F.2d at 738).

**C.     The OSC's Search Was Reasonable and Adequate**

        In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records. *Oglesby v. United States Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The agency should demonstrate that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."

*Oglesby v. United States Department of the Army*, 920 F.2d at 68.

   The issue is not whether there might exist any other records possibly responsive to the request, but rather whether the search for responsive records was adequate. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1995); *Weisberg v. Dept. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). An agency's search need not be exhaustive, merely reasonable, *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983), and an agency is not required "to create a document that does not exist in order to satisfy a [FOIA] request." *Yeager v. Drug Enforcement Administration*, 678 F.2d 315, 321 (D.C. Cir. 1982). Moreover, although "the agency is required to make a diligent effort calculated to uncover the requested document [it] need not restructure its entire system in order to satisfy the request. *See McGehee v. Central Intelligence Agency*, 697 F.2d at 1100, *modified in part on reh'g*, 711 F.2d 1076 (D.C. Cir. 1983).

   Once the agency establishes the adequacy of its search, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. *Miller v. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985). It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims about undiscovered documents. *See Carney v. Dept. of Justice*, 19 F.3d 807, 813 (2nd Cir. 1994); *Safecard Servs. v. SEC.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991); *Oglesby v. Dep't of the Army*, 920 F.2d at 68.

   Under these standards, the OSC submits that it has carried its burden to show that it conducted adequate searches reasonably calculated to uncover relevant documents in response to Plaintiff's three FOIA requests. *See Weisberg v. Dept. of Justice*, 705 F.2d at 1351. The OSC has provided a detailed description of the search methodology used to recover relevant

9

documents, including a description of its automated case management system referred to as

"OSC 2000."  McDonnell Decl. ¶¶ 21-23.  The OSC explained how this system can be searched

to retrieve lists of cases using various search terms, including some, but not all, of OSC's

authorizing statutes.  McDonnell Decl. ¶¶ 22-23, 25.  The OSC also described the limitations of

this system in retrieving certain information requested by Plaintiff and explained that for one of

Plaintiff's FOIA requests, the OSC's automated case management system simply does not

distinguish between allegations received by the OSC and investigated pursuant to 5 U.S.C. §

552(a)(4)(F) (court referrals), and allegations received by the OSC and investigated pursuant to 5

U.S.C. § 1216(a)(3) (allegations from other sources).  McDonnell Decl. ¶¶ 14, 21.  Furthermore,

in response to Plaintiff's FOIA request for records since 1989, the OSC explained that individual

searches of OSC's case files would not be feasible because most of the case files over three years

old have been destroyed in accordance with the National Archives and Records Administration

disposition schedule for such files.  McDonnell Decl. ¶ 14.

      More importantly, the OSC's search of OSC 2000 was able to locate a list of cases

responsive to one of Plaintiff's requests. McDonnell Decl. ¶ 23.  In addition, Ms. McDonnell

directed inquiries to other employees of the OSC to determine whether any of them had records

responsive to Plaintiff's FOIA requests.  McDonnell Decl. ¶¶ 23-25.  As a result, a handwritten

list of cases responsive to one of Plaintiff's FOIA requests was located and released to Plaintiff.

McDonnell Decl. ¶ 23.  Accordingly, the OSC has demonstrated that it conducted adequate

searches reasonably calculated to uncover records relevant to Plaintiff's FOIA requests.

**D.**    **The OSC's Withholding of Names Was Proper Under Exemptions 6 and 7(C)**

Pursuant to Exemptions 6 and 7(C), the OSC withheld from records released to Plaintiff: (1) the names of individuals who had filed PPP complaints with the OSC pursuant to 5 U.S.C. § 1214(b)(2)(B); and (2) the names of the OSC employees assigned to investigate these PPP complaints. McDonnell Decl. ¶ 28. The OSC determined that this information, if disclosed, would cause or could reasonably be expected to constitute an unwarranted invasion of the personal privacy of the complainants and employees. McDonnell Decl. ¶¶ 33, 34, 37. The OSC also determined that the public interest did not outweigh the personal privacy interests of these individuals. *Id.* ¶¶ 33-35, 37; *See Department of Defense v. FLRA*, 510 U.S. 487, 497 (1994) (rejecting a request to release a newsletter mailing list and reiterating that "the only relevant public interest in the FOIA balancing analysis" is "the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'") (quoting *Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 773 (1989). Therefore, the OSC redacted this limited information from the records released to Plaintiff.

In order to sustain the OSC's reliance on these enumerated FOIA exemptions, the Court must find that the OSC's "affidavits [or declarations] describe 'the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Miller v. Casey*, 730 F.2d at 776 (quoting *Military Audit Project v. Casey*, 656 F.2d at 738).

In light of the potential for retaliation by officials or supervisors of their respective

11

agencies because of these complaints to the OSC, the privacy interest that these complainants have in not having their names disclosed is substantial. Moreover, there is limited public interest in the release of these names or the names of the OSC employees who investigated these complaints, because this information reveals nothing about government operations. Furthermore, the OSC properly segregated these names and released to Plaintiff a list of complaints concerning prohibited personnel practices, because this information had the potential to shed light on the operations of various government agencies.

1.  **Exemption 6**

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Supreme Court has interpreted the scope of Exemption 6 broadly, holding that any information that "applies to a particular individual" may qualify for protection if its disclosure would rise to the level of a "clearly unwarranted invasion of privacy." *United States Department of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); *see also N.Y. Times Co. v. NASA*, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (*en banc*). The protection covers all personal information "even if it is not embarrassing or of an intimate nature." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989).

In the instant case, the Court must first determine whether disclosure of the names of the individuals who have filed complaints with the OSC and the names of the OSC employees who investigated these complaints "would compromise a substantial, as opposed to a *de minimis*, privacy interest." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d at 874. If a substantial privacy interest is at stake, then a court "must weigh that privacy interest in non-

disclosure against the public interest in the release of the records in order to determine whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy."  *Id*.

As recognized by the Supreme Court in *Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. at 773, the only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know "what their government is up to."  If there is no public interest at all in the information, then the government may withhold it because "something, even a modest privacy interest, outweighs nothing every time."  *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d at 879.

Pursuant to Exemption 6, the OSC withheld the names of individuals who have filed complaints with the OSC concerning prohibited personnel practices and the names of the OSC employees who investigated these complaints.  McDonnell Decl. ¶ 37.  The OSC determined that a release of this information could subject these complainants and employees to harassment and that there was no public interest which would counterbalance these individuals' privacy rights.  *Id*.

### 2.  Exemption 7(C)

The FOIA exempts from the requirement of disclosure:

(7) records or information compiled for law enforcement purposes,
 . . . to the extent that the production of such law enforcement records
or information . . .  (C) could reasonably be expected to constitute
an unwarranted invasion of personal privacy . . .

5 U.S.C. § 552 (b)(7)(C).  A court evaluating Exemption 7(c) redactions must balance the privacy interests involved against the public's interest in disclosure.  *See Department of Justice v.*

13

*Reporters Comm. for Freedom of the Press*, 489 U.S. at 762; *SafeCard Servs. v. SEC*, 926 F.2d at 1205. "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. at 773).

Unlike Exemption 6, which requires that disclosure would constitute an unwarranted invasion of privacy, under exemption 7(C), the OSC need only show that disclosure could reasonably be expected to constitute an unwarranted invasion of privacy. *Compare* 5 U.S.C. § 552(b)(6) with 5 U.S.C. § 552(b)(7)(C). The D.C. Circuit has recognized that Exemption 7(C) provides broad privacy rights to witnesses and investigators. *See SafeCard Servs. v. SEC*, 926 F.2d at 1205 (citing *Bast v. Department of Justice*, 665 F.2d 1251, 1254 (D.C. Cir. 1981). The OSC properly determined that the disclosure of the names of the OSC employees who investigated the relevant PPP complaints, could result in the harassment of these employees and impede the OSC's investigations. McDonnell Decl. ¶ 34.

Courts have held that law enforcement officials have a privacy interest in non-disclosure of their names in connection with law enforcement investigations. *See Neely v. FBI*, 208 F.3d 461 (4th Cir. 2000); *Jones v. F.B.I.*, 41 F.3d 238, 247 (6th Cir. 1994) (stating "that federal law enforcement officials have the right to be protected against public disclosure of their participation in law enforcement investigations pursuant to exemption (b)(7)(C)"). (internal quotation marks and citation omitted).

The OSC compiles information for law enforcement purposes, and witnesses in the OSC's investigations have privacy interests "in keeping their names confidential because

14

disclosure could subject them to unwarranted questioning concerning the OSC investigation, subpoenas issued by private litigants in civil suits, and harassment from co-workers or other individuals." *Croskey v. United States Office of Special Counsel*, 9 F. Supp. 2d 8, 12 (D.D.C. 1998), *aff'd* 1999 WL 58614 (D.C. Cir. 1999) (holding that the government employee witnesses whose names were redacted from a Report of Investigation have a privacy interest in keeping their names confidential.)    *See also*, *Jefferson v. Dep't of Justice, Office of Professional Responsibility*, 284 F.3d 172 (2002) (discussing the assessment of records compiled for law enforcement purposes).

This concern is equally applicable to complainants.  It is not unreasonable to suggest  that individuals who file complaints with the OSC alleging that their agencies are committing prohibited personnel practices could reasonably be expected to be subjected to harassment or retaliation.  "[U]nless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity," such information is exempt from disclosure.  *SafeCard Servs. v. SEC*, 926 F.2d at 1206.

Moreover, "[A] plaintiff seeking information encompassed by Exemption 7(C) bears the burden of proving that "the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake, and that the information is likely to advance that interest."  *National Archives and Records Admin. v. Favish*, 541 U.S. 157 (2004). "[A] mere desire to review how an agency is doing its job, coupled with allegations that it is not, does not create a public interest sufficient to override the privacy interests protected by Exemption 7(C)."  *McCutchen v. Department of Health and Human Servs.*, 30 F.3d 183, 188

(D.C. Cir. 1994); *Valdez v. Depart. of Justice*, 474 F.Supp.2d 128 (2007) (holding that the plaintiff had failed to demonstrate a public interest to outweigh a third party's privacy interest "[A]bsent 'evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred,'") (quoting *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. at 174 (2004)).

**E.    The OSC Properly Segregated Information**

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999); 5 U.S.C. § 552(b)).

Before approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld. *See Sussman v. United States Marshals Service,* 2007 WL 2176117 (D.C. Cir. 2007); *Summers v. DOJ*, 140 F.3d 1077, 1081 (D.C. Cir. 1998); *Krikorian v. Dep't of State*, 984 F.2d 461, 467 (D.C. Cir. 1993). In this case, the OSC released all of the records that it could locate responsive to Plaintiff's requests, except for the names that were withheld under Exemptions 6 and 7(C). Accordingly, the OSC has complied with its obligation to disclose all reasonably segregable material to Plaintiff.

**Conclusion**

Defendant has demonstrated that it responded properly to Plaintiff's FOIA requests, releasing to him all records and portions thereof not exempted from disclosure. Accordingly,

Defendant respectfully requests that this motion for summary judgment be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

17

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**JOSEPH P. CARSON,**                   )
                                        )
    **Plaintiff,**   )
                                        )
    **v.**            )    **Civil Action No. 06-1834 (PLF)**
                                        )
**UNITED STATES OFFICE OF**             )
**SPECIAL COUNSEL,**                    )
                                        )
    **Defendant.**    )
_____ )

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Defendant, United States Office of Special Counsel ("OSC"), submits this statement of

material facts as to which there is no genuine dispute in accordance with Local Rule 7(h).

The attached declaration of Erin McDonnell, Associate Special Counsel for Legal Counsel and

Policy for the United States Office of Special Counsel ("OSC"), supports this statement.

    1.    Plaintiff sent a request to the Office of Special Counsel ("OSC"), pursuant to the

Freedom of Information Act ("FOIA") for the following records:

    (a) a list of all instances where the OSC has attempted to enforce its subpoena

    pursuant to 5 U.S.C. § 1212(b)(3)(A), with sufficient detail to obtain the relevant

    records from the relevant Federal District Court;

    (b) a list of all instances in which the Special Counsel initiated and conducted an

    investigation into a possible PPP [prohibited personnel practice] or pattern PPP

    pursuant to 5 U.S.C. § 1214(a)(5);

    (c) a list of all written requests made to OSC by Congress pursuant to 5 U.S.C.

    § 1217, from 1989 to present, describing the requests;

(d) a list of all reports made by the OSC to MSPB [the Merit Systems Protection

Board], OPM [the Office of Personnel Management], and involved agency

pursuant to 5 U.S.C. § 1214(b)(2)(B); and

(e) a list of actions initiated by the OSC at the MSPB for "willful and knowing

refusal or failure" to comply with a [sic] MSPB Order per 5 U.S.C. §

1215(a)(1)(C), preferably with the MSPB Docket No. or, if a published MSPB

resulted [sic], the MSPR [Merit Systems Protection Reporter] citation.

McDonnell Decl. ¶ 5, Exhibit 1.

2.     By letter dated July 11, 2006, the OSC provided Plaintiff with a status of his

request and the OSC's policies and procedures for processing FOIA requests.  McDonnell Decl.

¶ 6, Exhibit 2.

3.     In a letter to the OSC dated January 13, 2007, and received by the OSC on

January 17, 2007, Plaintiff requested expedited processing of his FOIA request.  McDonnell

Decl. ¶ 7, Exhibit 3.  In a letter dated January 25, 2007, the OSC denied Plaintiff's request for

expedited processing of his FOIA request.  McDonnell Decl. ¶ 8, Exhibit 4.

4.     On May 31, 2007, the OSC responded to Plaintiff's FOIA request advising him

that the OSC had identified only two lists which were responsive to his FOIA request.

McDonnell Decl. ¶ 9 .   These lists were released to Plaintiff with certain redactions. *Id*.

**FO-06-2493**

5.     On August 2, 2006, the OSC received a second FOIA request from Plaintiff dated

July 31, 2006, and designated as the OSC's File Number FO-06-2493.   McDonnell Decl. ¶ 10 .

6.     Plaintiff requested the following records from the OSC:  (a) a list of all current

2

licensed attorneys employed by the OSC, and where they are licensed to practice law; and (b) a list of all previously employed attorneys at the OSC, from 1989, both career and appointed, with where they told the OSC they were licensed to practice law.  McDonnell Decl. ¶ 10, Exhibit 6.

7.     By letter dated January 15, 2007, Plaintiff wrote to the OSC indicating a willingness to modify his FOIA request.   McDonnell Decl. ¶ 11, Exhibit 7.  However, the OSC received no other correspondence from Plaintiff in regard to modifying his request.  *Id.*

8.     On May 31, 2007, the OSC responded to Plaintiff's second FOIA request and advised Plaintiff that the OSC had no records responsive to his request.  The OSC also advised Plaintiff that the OSC was not required to create records to respond to FOIA requests for lists of information.  McDonnell Decl. ¶ 12, Exhibit 5.

**FO-06-2732**

9.     On September 5, 2006, the OSC received a third FOIA request from Plaintiff dated September 4, 2006, and designated as the OSC's File Number FO-06-2732.  McDonnell Decl. ¶  13.

10.     Plaintiff requested the following records from the OSC:  (a) any court referrals made to the OSC, since 1989, pursuant to 5 U.S.C. § 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests; and (b) copies of the OSC's findings and recommendations for its investigation of all such Court referrals.   McDonnell Decl. ¶ 13, Exhibit 8.

11.     On September 5, 2006, the OSC responded to Plaintiff's request and advised him that the OSC's automated case management system does not distinguish between allegations received from courts and other sources.  The OSC also advised Plaintiff that a manual search of

3

records was not feasible because most of the case files over three years old had been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files.  McDonnell Decl. ¶ 14, Exhibit 9.

12.    By letter dated September 9, 2006, Plaintiff appealed the OSC's response. McDonnell Decl. ¶ 15, Exhibit 10.

13.    While his FOIA action was pending, Plaintiff, by letter to the OSC dated January 13, 2007, requested expedited processing of his FOIA request.   McDonnell Decl. ¶ 16, Exhibit 3. The OSC denied Plaintiff's request.  McDonnell Decl. ¶ 17, Exhibit 4.

14.    By letter to the OSC dated February 2, 2007, Plaintiff clarified his FOIA request. McDonnell Decl. ¶ 18, Exhibit 11.

15.    On May 31, 2007, the OSC responded to Plaintiff's FOIA appeal.  The OSC advised Plaintiff that the OSC was upholding its initial response to Plaintiff that the OSC had no records responsive to his request.  In addition, the OSC notified Plaintiff that there had been no known court referrals to the OSC pursuant to 5 U.S.C. § 552(a) since 1989.  McDonnell Decl. ¶ 19, Exhibit 5.

16.    The OSC conducted adequate searches in response to Plaintiff's three FOIA requests using the OSC's case management system and direct inquiries of employees. McDonnell Decl. ¶¶ 20-25.

17.    The OSC located only one list in response to Plaintiff's requests for lists in FO-06-1484.  The OSC located no lists in response to Plaintiff's requests in FO-06-2493 and FO-06-2732.  McDonnell Decl. ¶ 26.

18.    Ms. McDonnell properly balanced the privacy interests of the complainants and the OSC employees against the public interest in applying Exemptions 6 and 7(C).  McDonnell Decl. ¶¶ 28, 32-37.

19.    The OSC processed and released all information responsive to Plaintiff's three requests that it had located, except for the names of individuals who had filed complaints with the OSC and the names of the OSC employees who investigated these complaints.  McDonnell Decl. ¶¶ 26-27.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**JOSEPH P. CARSON,**                               )
                                                    )
                **Plaintiff,**                      )
                                                    )
        **v.**                                      )     **Civil Action No. 06-1834 (PLF)**
                                                    )
**UNITED STATES OFFICE OF**                          )
**SPECIAL COUNSEL,**                                )
                                                    )
                **Defendant.**                      )
_____             )

## <u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion for Summary Judgment and

attachments and exhibits thereto, Defendant's Memorandum of Points and Authorities in Support

thereof and Defendant's Statement of Material Facts Not In Dispute, any Opposition thereto, any

Reply, and the entire record herein, it is this _____ day of _____, 2007, hereby

ORDERED that Defendant's Motion for Summary Judgment is granted.


                                    _____
                                    UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Joseph Carson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. Action No. 06-1834 |
| v. | ) | |
| | ) | |
| United States Office of Special Counsel, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF ERIN McDONNELL**

I, Erin McDonnell, declare the following to be a true and correct statement of

facts:

(1)    I am the Associate Special Counsel for Legal Counsel and Policy for the

U.S. Office of Special Counsel ("OSC").  As such, I head OSC's Legal Counsel and

Policy Division ("LC&PD"), and serve as general counsel for the agency.  I have served

in this capacity since 1992.  One of LC&PD's responsibilities is to process Freedom of

Information Act ("FOIA") and Privacy Act ("PA") requests received by OSC.

(2)    I serve as OSC's appeal official for FOIA and PA appeals.  Due to the

nature of my official duties, I am familiar with the procedures followed by this office in

responding to the FOIA/PA requests made to OSC by the above-captioned plaintiff.

(3)    The statements that follow are made on the basis of my review of OSC's

official files and records, my own personal knowledge, and the information I acquired in

performing my official duties.

Background

(4)      With respect to this case, the plaintiff submitted three FOIA requests to

OSC.  Those requests are identified by OSC File Nos. FO-06-1484, FO-06-2493, and

FO-06-2732.

FIRST REQUEST: FO-06-1484

(5)      On April 10, 2006, OSC received a FOIA request letter dated April 9,

2006, from plaintiff requesting:

1.  A list of all instances where OSC attempted to enforce its subpoena,
    per 5 USC 1212(b)(3)(A), with sufficient detail to obtain the relevant
    records from the relevant Federal District Court.

2.  A list of all instances in which the Special Counsel initiated and
    conducted an investigation into a possible PPP [prohibited personnel
    practice] or pattern PPP per 5 USC 1214(a)(5).

3.  A list of all written requests made to OSC by Congress, per 5 USC
    1217, from 1989 to present, describing the requests.

4.  A list of all reports made by OSC to MSPB [the Merit Systems
    Protection Board], OPM [the Office of Personnel Management], and
    involved agency, per 5 USC 1214(b)(2)(B).

5.  A list of actions initiated by OSC at the MSPB for "willful and
    knowing refusal or failure" to comply with a [sic] MSPB Order, per 5
    USC 1215(a)(1)(C), preferably with the MSPB Docket No. or, if a
    published MSPB resulted [sic], the MSPR [Merit Systems Protection
    Reporter] citation.

[Exhibit 1 attached hereto.]

(6)      By letter dated July 11, 2006, OSC provided plaintiff a status update on

his request, explaining that OSC's policy is to process requests requiring retrieval,

review, and analysis of OSC case files and/or large numbers of records in the order of

receipt.  This same letter explained that it had approximately 50 FOIA requests pending;

that plaintiff's request was number 37 in the queue of pending requests; and that OSC

2

anticipated being able to respond to the request by August 31, 2006. [Exhibit 2 attached hereto.]

(7)    Plaintiff requested expedited processing of his FOIA request in a letter dated January 13, 2007, and received by OSC on January 17, 2007. [Exhibit 3 attached hereto.]

(8)    OSC denied plaintiff's request for expedited processing in a letter dated January 25, 2007. [Exhibit 4 attached hereto.] That letter set forth OSC's policy on expedited processing of FOIA requests, as outlined on the FOIA page of OSC's website, and notified plaintiff that OSC was denying his request for expedited processing.

(9)    On May 31, 2007, OSC responded to plaintiff's FOIA request. OSC processed the request as an administrative appeal due to the lawsuit plaintiff filed on October 23, 2006. [Exhibit 5 attached hereto.] OSC identified only two lists responsive to plaintiff's request. OSC provided plaintiff with those lists but redacted the names of the individuals who had filed complaints with OSC (*i.e.*, complainants) and the names of OSC employees involved in handling the cases, pursuant to FOIA exemption (b)(7)(C).

SECOND REQUEST: FO-06-2493

(10)    On August 2, 2006, OSC received a FOIA request letter dated July 31, 2006, from plaintiff requesting:

1.  A list of all current licensed attorneys employed by OSC, and where they are licensed to practice law.

2.  A list of all previously employed attorneys at OSC, from 1989, both career and appointed, with where they told OSC they were licensed to practice law.

[Exhibit 6 attached hereto.]

(11)    On January 15, 2007, plaintiff wrote to OSC, indicating that he was willing to discuss modifying his request.  [Exhibit 7 attached hereto.]  However, plaintiff never modified his request.

(12)    On May 31, 2007, OSC responded to plaintiff's request.  OSC processed the request as an administrative appeal due to the lawsuit plaintiff filed on October 23, 2006.  [See Exhibit 5 attached hereto.]  OSC advised plaintiff that it did not have lists of information responsive to his request and that it was not required under FOIA to create such lists.

THIRD REQUEST: FO-06-2732

(13)    On September 5, 2006, OSC received a FOIA request letter dated September 4, 2006, from plaintiff requesting:

1.  Any court referrals made to OSC, since 1989, per 5 USC 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests, the relevant part of OSC law is 5 USC 1216(a)(3) [sic].

2.  Copies of the OSC's findings and recommendations for its investigation of all such Court referrals.

[Exhibit 8 attached hereto.]

(14)    On September 5, 2006, OSC responded to plaintiff's request, advising him that OSC's automated case management system does not distinguish between allegations received and investigated under 5 U.S.C. § 552(a)(4)(F) (court referrals) and allegations received and investigated under 5 U.S.C. § 1216(a)(3) (allegations from other sources) and that a search of agency case files would not be feasible because most of the case files over three years old have been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files.  [Exhibit 9 attached hereto.]  OSC also advised plaintiff of his right to appeal this response.

(15)    Plaintiff appealed OSC's response in a letter dated September 9, 2006, received by OSC on September 13, 2006. [Exhibit 10 attached hereto.]

(16)    Plaintiff also requested expedited processing of this request in his letter to OSC dated January 13, 2007, and received by OSC on January 17, 2007. [See Exhibit 3 attached hereto.]

(17)    OSC denied plaintiff's request for expedited processing of this request, as well as FO-06-1484, by its letter dated January 25, 2007. [See Exhibit 4 attached hereto.] In denying plaintiff's request for expedited processing of this request, OSC explained that none of the reasons plaintiff cited in his request had any relation to the criteria set forth in OSC's policy on handling requests for expedited processing.

(18)    By letter dated February 2, 2007, and received by OSC on February 5, 2007, plaintiff clarified his FOIA request. [Exhibit 11 attached hereto.]

(19)    On May 31, 2007, OSC responded to plaintiff's appeal, upholding its initial response that OSC had no information responsive to plaintiff's request. [See Exhibit 5 attached hereto.] In that letter, OSC also notified plaintiff that there had been no known court referrals to OSC pursuant to 5 U.S.C. § 552(a) since 1989.

ADEQUACY OF SEARCH

(20)    Pursuant to plaintiff's FOIA requests, a search to determine the location of files responsive to his requests was undertaken in order to answer the requests. OSC's FOIA/PA Officer, Christopher Kurt, and I conducted systematic searches for records.

FIRST REQUEST: FO-06-1484

(21)    OSC utilizes an automated case management system called "OSC 2000" that can be searched to retrieve lists of cases using various search terms, including some,

but not all, of OSC's authorizing statutes.  OSC 2000 does not, for example, differentiate

between complaints of arbitrary and capricious withholding of information under FOIA

received and investigated by OSC under 5 U.S.C. § 1216(a)(3), as opposed to 5 U.S.C.

§ 552(a).

(22)    As to plaintiff's first request, identified as FO-06-1484, Jennifer Li, OSC

Information Technology Specialist, and her predecessor Hope Zurn (retired), conducted

searches of OSC 2000 for lists of information responsive to plaintiff's request at my

request and/or under my direction.  Ms. Li provided search results to me for my use and

review in my processing of plaintiff's request under OSC's FOIA appeals procedures.

(23)    Ms. Li's search produced a list of cases that was responsive to the fourth

item in plaintiff's FOIA request.  For each case, the list identified the case file number,

the case file name, and an "action date," and for some of the cases, the list identified the

case file number of related cases and remarks.

I also conferred with Senior Associate Special Counsel for Investigation and

Prosecution Leonard M. Dribinsky and with Associate Special Counsel for Investigation

and Prosecution William E. Reukauf to determine whether they maintained any lists

responsive to the requests plaintiff made in FO-06-1484.  Messrs. Dribinsky and Reukauf

are the senior managers of OSC's Investigation and Prosecution Division, which is

responsible for handling the activities referenced in that request.

Mr. Dribinsky provided a handwritten list he maintained, containing a list of cases

determined to be responsive to the fourth item in plaintiff's FOIA request.  Mr.

Dribinsky's list contained notations about when and to whom "C/A" (corrective action)

letters were sent, along with the names of the case file and of OSC employees assigned to

the cases, and in some instances, the results of sending the corrective action letter to an agency (e.g., "global settlement," or "agency agrees to C/A"). Mr. Dribinsky's list also contained information about other matters not responsive to any of the items in plaintiff's request.

Mr. Reukauf did not have any lists containing information responsive to the items in plaintiff's request.

Finally, Mr. Kurt consulted with Loren Smith, Director of OSC's Office of Congressional and Public Affairs, to determine whether Mr. Smith maintained or possessed a list or log of written requests made pursuant to 5 U.S.C. § 1217 by a committee or subcommittee of Congress, in relation to item # 3 of plaintiff's request. Mr. Smith advised that he did not maintain any such list.

SECOND REQUEST: FO-06-2493

(24)    As to plaintiff's second request, identified as FO-06-2493, I conferred with OSC's Human Resources ("HR") Office to determine whether it maintained a list of OSC employees with their bar affiliations. OSC's HR Office advised that it did not maintain lists of current or former OSC employees with their bar affiliations.

THIRD REQUEST: FO-06-2732

(25)    As to plaintiff's third request, OSC's computer case tracking system – "OSC 2000" – was searched for lists of information responsive to plaintiff's request. Searches were conducted by Mr. Kurt. OSC 2000 can be searched to retrieve lists of cases investigated under some, but not all, of OSC's authorizing statutes. Mr. Kurt's search failed to reveal any lists responsive to plaintiff's FOIA request.

I also conferred with Messrs. Dribinsky and Reukauf to determine whether they maintained any lists of information potentially responsive to the request. Messrs. Dribinsky and Reukauf are the senior managers of OSC's Investigation and Prosecution Division, which is responsible for handling the activities referenced in that request. Neither Mr. Dribinsky nor Mr. Reukauf maintained lists containing information responsive to any of the items in plaintiff's request.

## RESPONSIVE INFORMATION DISCLOSED

(26)    Upon reviewing the results of the searches of OSC 2000, and consulting with other OSC officials (including Messrs. Dribinsky and Reukauf and HR personnel), I determined that OSC maintained lists of information responsive to item #4 in plaintiff's request, identified as FO-06-1484, and that OSC did not maintain lists of information responsive to any of the other items in FO-06-1484 or to plaintiff's two other FOIA requests, FO-06-2493 or 2732. Specifically, I determined that OSC had lists of reports made by OSC to the involved agency, MSPB, and OPM under 5 U.S.C. § 1214(b)(2)(B). One such responsive list was retrieved from Ms. Li's search of OSC 2000. I obtained the other responsive list from Mr. Dribinsky.

(27)    OSC provided plaintiff these lists but redacted the names of the individuals who had filed complaints with OSC (i.e., complainants) and the names of OSC employees involved in handling the cases.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

(28)    OSC's bases for withholding the names of complainants and employees, as reflected in the following Index, are explained below.

8

| PGS. | DOCUMENT DESCRIPTION | STATUS/ EXEMPTION | JUSTIFICATION |
|---|---|---|---|
| 1 | List of Cases Retrieved from OSC 2000 processed under 5 U.S.C. § 1214(b)(2)(B) | Released to plaintiff with redactions<br><br>(b)(7)(C)<br>(b)(6) | Names of individuals who filed the PPP complaints with OSC were redacted and withheld by application of Exemptions (b)(7)(C) and (b)(6) to protect each individual from an unwarranted invasion of personal privacy. |
| 1 | List of Cases Maintained by Mr. Dribinsky regarding cases processed under 5 U.S.C. § 1214(b)(2)(B) | Released to plaintiff with redactions<br><br>(b)(7)(C)<br>(b)(6) | Names of individuals who filed PPP complaints and OSC employees assigned to the complaints were redacted and withheld by application of (b)(7)(C) to protect each individual from an unwarranted invasion of personal privacy, and also under (b)(6) to protect each individual from an unwarranted invasion of personal privacy. |

## Exemption (b)(7)(C)

(29)    FOIA exemption (b)(7)(C) exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy.

(30)    OSC is a law enforcement agency whose mission is to investigate, prosecute, and seek remedies for violations of law, including specified personnel practices prohibited under 5 U.S.C. § 2302(b).  OSC's authority to engage in these law enforcement activities is granted under 5 U.S.C. §§ 1212, 1214, 1215, 1216, and 2302, and 38 U.S.C. § 4324.

(31)    I determined that the only lists maintained by OSC that were responsive to plaintiff's three FOIA requests were two lists of cases in relation to which OSC submitted reports to the agency involved, and the MSPB and OPM, notifying them that OSC had reasonable grounds to believe that a PPP had been committed or was being committed and requesting appropriate action be taken to correct the violation of law, pursuant to 5 U.S.C. § 1214(b)(2)(B).  (These lists are responsive to item #4 of plaintiff's request, identified as FO-06-1484.)

(32)    These lists contain the name of the complainant, the OSC file number, and the action date, as well as, in some instances, the name of the OSC employee assigned to the case, any related cases, remarks entered into OSC 2000 about the case by OSC employee(s), and the result achieved after sending the report.  This information was compiled by OSC personnel in conjunction with investigations it conducted into allegations of violations of law, primarily 5 U.S.C. § 2302(b).

(33)    Although OSC provided these lists to plaintiff in response to item #4 of his request, identified as FO-06-1484, OSC applied exemption (b)(7)(C) to withhold the identities of the third-party individuals who filed complaints with OSC, because the release of their names would subject such persons to an unwarranted invasion of personal privacy.  Release of identifying information could result in unwanted and even unlawful efforts to gain further access to complainants or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case, all to their detriment.

(34)    OSC also applied this exemption to withhold the identities of OSC employees who participated in the investigations and prosecutions of the cases identified in the responsive lists provided to plaintiff.  Individual duties and assignments are not public and such publicity as would likely arise from disclosure could impede and/or jeopardize, law enforcement effectiveness in subsequent cases, even subjecting such employees to harassment or harm.  These employees have protected privacy interests in the conduct of law enforcement investigations.

(35)    Finally, I weighed the rights of third-party individuals and OSC employees against any public interest there might be in the release of their names and

determined that the public interest did not outweigh their privacy interests.  Specifically, I
concluded that dissemination of the information would not help explain the activities and
operations of OSC and that there was no public interest that would counterbalance these
individuals' privacy rights in the information withheld under this exemption.  I also
considered that plaintiff did not provide OSC with authorization or consent from any
third-party individual to release otherwise personal privacy protected materials about
them.

EXEMPTION (b)(6)

(36)    FOIA exemption (b)(6) permits the withholding of personnel and medical
files and similar files, which if disclosed, would constitute a clearly unwarranted invasion
of personal privacy.  This exemption has been interpreted by the United States Supreme
Court broadly so as to qualify all information pertaining to a particular individual.  This
exemption also supports OSC's decision to withhold the names of complainants and OSC
employees.

(37)    In responding to item #4 of plaintiff's request, identified as FO-06-1484,
OSC redacted the names of third-party individuals who filed complaints with OSC and
OSC employees assigned to those cases because these persons' right to personal privacy
outweighs the public's right to know.  I have determined that release of this information
would constitute a clearly unwarranted invasion of personal privacy of these individuals
and employees in a manner that could subject them to harassment and that there was no
public interest that would counterbalance these individuals' privacy rights in the
information withheld under this exemption.  I have also considered that plaintiff did not

provide OSC with authorization or consent from any third-party individual to release

otherwise personal privacy protected materials about them.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _July 27_, 2007.


Erin McDonnell
Associate Special Counsel
for Legal Counsel and Policy

EXHIBIT 1

April 9, 2006

Special Counsel Scott Bloch
US Office of Special Counsel (OSC) <www.osc.gov>
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
Tel: (202) 254-3600; Fax: (202) 653-5151

Dear Mr. Bloch,

When I visited OSC on March 31, 2006, I was told that I could contact you and/or make a FOIA request to obtain the information I requested in my letter to Mr. McVay of March 26, 2006, that was not provided on March 31, 2006. Consistent with that, I am both making a FOIA request and directly requesting the following information from you:

1. A list of all instances where OSC attempted to enforce its subpoena, per 5 USC 1212(b)(3)(A), with sufficient detail to obtain the relevant records from the relevant Federal District Court.

2. A list of all instances in which the Special Counsel initiated and conducted an investigation into a possible PPP or pattern PPP per 5 USC 1214(a)(5). (Note: By 5 USC 1218, OSC's annual reports to Congress should reflect the existence of such investigations.)

3. A list of all written requests made to OSC by Congress, per 5 USC 1217, from 1989 to present, describing the requests.

4. A list of all reports made by OSC to MSPB, OPM, and involved agency, per 5 USC 1214(b)(2)(B). (Note: by 5 USC 1218, these reports should also be described in OSC's annual reports to Congress.)

5. A list of actions initiated by OSC at the MSPB for "willful and knowing refusal or failure" to comply with a MSPB Order, per 5 USC 1215(a)(1)(C), preferably with the MSPB Docket No. or, if a published MSPB resulted, the MSPR citation. (Note: By 5 USC 1218, these should be reflected in OSC's annual reports to Congress.)

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934

cell phone: 865-300-5831; email <jpcarson@tds.net>

EXHIBIT
1

EXHIBIT 2



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

July 11, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE:  Freedom of Information Act Request
(Ref. # FO-06-1484)

Dear Mr. Carson:

In response to your recent inquiry, I wish to update you on the status of your
Freedom of Information Act (FOIA) request. I have approximately 50 FOIA requests
pending. As of today, my records indicate that your request is number 37 in that queue of
pending requests.

The Office of Special Counsel answers simple FOIA requests immediately. All of the
pending requests, including yours, fall into another category of requests– i.e., those that
appear to require retrieval, review, and analysis of case files and/or large numbers of
records. In fairness to all requesters, it is our policy to process such requests in the order
in which they were received.

I anticipate being able to reach and respond to your request by August 31, 2006. If
there will be any delay beyond that date, I will let you know.

Sincerely,

*Chris Kurt*

Christopher Kurt
FOIA Officer

EXHIBIT

2

EXHIBIT 3

January 13, 2007

2007 JAN 17 PM 1:35

Ms. Erin McDonnell
U.S. Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036

Subject: Request for Expedited FOIA request processing

Dear Ms. McDonnell,

I have read your declaration in support of a stay for processing <u>Carson v. Office of Special Counsel</u>, Docket no. 06-1834 in Federal District Court for the District of Columbia.

I understand Judge Friedman has granted the stay request, but am filing an objection and request for reconsideration with the Court.

**<u>Reasons for expediting FOIA request FO-06-1484 include:</u>**

1.  The information requested may be relevant to two pending cases in Federal Court - <u>Carson v. Office of Special Counsel</u>, docket no. 06-1833 in Federal District Court for DC and <u>Carson v. OSC</u>, docket no. 06-5364 in the Federal Court of Appeals for DC.

2.  The information requested may be relevant to planned bills in Congress to strengthen the protections federal employees have from prohibited personnel practices, particularly whistleblower reprisal. In the 109th Congress, H.R. 1317, H.R. 3097, S.494, and S. 2285 addressed strengthening protections for federal employees from PPPs. OSC is the primary bulwark of such protection, under current law and its performance in this function -its primary one - has apparently received no Congressional, MSPB, or other third party oversight since the last changes to 5 USC 1214 occurred in late 1994.

Additionally, as Christopher Kurt, OSC's FOIA officer, contacted me by phone several times in August and September 2006 to inform me that OSC's completion of this FOIA request was imminent, as the July 11, 2006 status letter stated the FOIA would be fulfilled by August 31, 2006. I take exception to misleading statement in your declaration, that I had not previously requested this FOIA request be expedited, when OSC has repeatedly informed me that it would be quickly fulfilled - why should I request it be expedited when I was told it would be promptly fulfilled?

I suspect you directed Mr. Kurt to not issue the completed FOIA response, perhaps at the direction of Special Counsel Bloch, because the information would be contrary to OSC's representations to Congress, the public, and the Court in <u>Carson v. OSC</u>, about its practices and

1


EXHIBIT
J

record in protecting federal employees from PPPs.

Additionally, 5 USC 552(a)(6)(B) and (C) describes how an agency as OSC should contact a FOIA requestor about modifying the scope of the request in situations as these, something OSC has failed to do.

**Reasons for Expediting FO-06-2732 include:**

1. A number of bills were introduced in the 109th Congress about improving FOIA, including S.589, S.394, S.622, H.R. 867, and H.R. 1620. By 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3), OSC has unique responsibilities to enforce FOIA compliance in every federal agency and its performance in doing so, indicated by its response to this FOIA, may be relevant to planned and pending efforts to improve FOIA in federal government.

2. I suspect OSC may have simply "trashed" - disposed with no investigation - every referral for an investigation made to it federal judges per 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3). I could be wrong in that suspicion, but I have that suspicion, as the law does not require OSC to ever report to anyone what it did with such referrals. Such willful lawbreaking, involving referrals made to OSC by Federal Judges, if demonstrated, would be consistent with my contentions about OSC's lawbreaking involving its responsibilities to protect federal employees from PPPs per 5 USC 1214, and might be considered relevant by the Courts in the cases mentioned previously .

   It should be a "big deal" to OSC when a Federal Judge directs it to investigate an agency's non-compliance with FOIA and, contrary to Mr. Kurt's statement in his letter of September 5, 2006, 5 USC 1216(a)(3) only allows Federal Judges to make such a request, so I do not find his statement credible, that he cannot tell the source of a 5 USC 1216(a)(3) referral - when 5 USC 1216(a)(3) only cites 5 USC 552, which only allows a Federal Judge to make such a referral.

Regarding FO-06-2493, while I do not have a basis to seek its being expedited, it should be straightforward to provide me the information requested about OSC's current attorney employees, which is one of the two items requested. Given that, per 5 USC 552(a)(6)(B) and (C) OSC have offered, months ago, to respond to the first item in the request first.

Respectfully,


Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

2

.

EXHIBIT 4

**FILE COPY**



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, DC 20036-4505
(202) 254-3600

January 25, 2007

Mr. Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934

        Re:   <u>Freedom of Information Act Appeals</u>
                   <u>(File Nos. FO-06-1484; FO-06-2732)</u>

Dear Mr. Carson:

     I am writing in response to your letter dated January 15, 2007. In that letter, you asked the Office of Special Counsel (OSC) to expedite its processing of administrative appeals in connection with two of your pending Freedom of Information Act (FOIA) requests – one dated April 9, 2007 (FO-06-1484), and the other dated September 4, 2007 (FO-06-2732). After review of your letter, the OSC is denying your request to expedite FOIA processing of both matters.

     OSC's general policy is to process FOIA requests in the order in which they were received, in fairness to all persons whose requests OSC received first. That policy also applies to FOIA appeals.

     OSC also has a policy on expedited processing of FOIA requests. That policy, acknowledged in your January 15, 2007 letter, is posted on this agency's web site. It sets forth the basic criteria used by the OSC to evaluate requests for expedited processing. Those criteria involve certain litigation, health and safety concerns, and requests from persons primarily engaged in the dissemination of information as their profession. The arguments made in your January 15th letter fail to satisfy those criteria.

<u>FO-06-1484</u>

     Your January 15th letter states that the information requested (*i.e.*, lists of other matters handled by this agency over a period of many years) "may be relevant" to two pending cases – *Carson v. Office of Special Counsel* (U.S. D.C. D.C., Case No. 06-1833), and *Carson v. Office of Special Counsel* (C.A. D.C. Circuit, Case No. 06-5364). Your letter failed, however, to demonstrate or establish to the OSC's satisfaction how the information requested in FO-06-1484 is relevant to your claims in either court case.



**EXHIBIT**

4

**U.S. Office of Special Counsel**
Letter to Mr. Joe Carson
January 25, 2007
Page 2

The pending District Court action is a petition for writ of mandamus based on the language used in letters from the OSC to you about prohibited personnel practice (PPP) complaints you had filed with this agency. None of the information you requested in FO-06-1484 is relevant to either the PPP complaint dispositions or letters challenged by you in that case.

The record is closed in the pending Court of Appeals matter. Again, none of the information you requested in FO-06-1484 relates to or would affect the outcome of that case.

None of the other reasons given in your letter as a basis for expediting the administrative appeal in this FOIA matter relate to the criteria set forth in OSC's policy on the handling of requests for expedited processing.

<u>FO-06-2732</u>

In a letter dated September 5, 2006, the OSC issued a decision on your initial request in this matter, indicating (in substance) that the agency maintains no records responsive to that request. You subsequently filed an administrative appeal from that decision. None of the bases set forth in your January 15th letter have any relation to the criteria set forth in the OSC policy on handling of requests for expedited processing. Your letter identified no pending administrative or court litigation related to the information you requested, nor any health or safety issues, and failed to establish that you are primarily engaged in the dissemination of information.

For these reasons, the OSC is denying your requests to expedite the processing of the administrative appeals in the above-captioned matters.

Sincerely,

Erin McDonnell
Associate Special Counsel
for Legal Counsel and Policy

EXHIBIT 5

**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, DC 20036-4505
(202) 254-3600

May 31, 2007

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE:  <u>Freedom of Information Act Appeals</u>
<u>(Ref. Nos. FO-06-1484; FO-06-2493; FO-06-2732)</u>

Dear Mr. Carson:

I am writing in response to your appeals under the Freedom of Information Act (FOIA) in the above-captioned matters, identified as follows:

1. <u>FO-06-1484</u>: initial request letter dated April 9, 2006, and received in the FOIA office on April 10, 2006; appeal filed in Federal District Court on October 23, 2006;

2. <u>FO-06-2493</u>: initial request letter dated July 31, 2006, and received in the FOIA office on August 2, 2006; appeal filed in Federal District Court on same date shown above; and

3. <u>FO-06-2732</u>: initial request letter dated September 4, 2006, and received in the FOIA office on September 5, 2006; administrative appeal letter dated September 9, 2006, and received in the FOIA office on September 15, 2006; appeal filed in Federal District Court on same date shown above.

The Office of Special Counsel's (OSC's) responses are as follows, after a description of the initial request in each matter:

<u>FO-06-1484</u>

Your initial request asked for five lists.  Your description of those lists, along with OSC's response to each request, follows:

1. *"A list of all instances where OSC attempted to enforce its subpoena, per 5 USC 1212(b)(3)(A), with sufficient detail to obtain the relevant records from the relevant Federal District Court."*

EXHIBIT
5

U.S. Office of Special Counsel
Letter to Mr. Joe Carson
May 31, 2007
Page 2 of 4

OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

2. *"A list of all instances in which the Special Counsel initiated and conducted an investigation into a possible PPP or pattern PPP per 5 USC 1214(a)(5)."*

OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

3. *"A list of all written requests made to OSC by Congress, per 5 USC 1217, from 1989 to present, describing the requests."*

OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

4. *"A list of all reports made by OSC to MSPB, OPM, and involved agency, per 5 USC 1214(b)(2)(B)."*

Those reports listed in the case tracking system used by OSC are shown in the enclosed list. One other listing, including six of the same reports shown in the case tracking system, was also identified, and the portion of that list responsive to your request is also enclosed. Complainant names have been redacted from both lists pursuant to exemption (7)(C) of the FOIA.[1] Names of OSC employees have also been redacted from the second list pursuant to exemption (7)(C). One or more other reports have been made by OSC pursuant to 5 U.S.C. § 1214(b)(2)(B), but are not listed in the agency's case tracking system, and OSC is not required by the FOIA to create such a list in order to respond to your request.

5. *"A list of actions initiated by OSC at the MSPB for "willful and knowing refusal or failure" to comply with a MSPB Order, per 5 USC 1215(a)(1)(C), preferably with the MSPB Docket No. or, if a published MSPB resulted, the MSPR citation."*

OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

FO-06-2493

Your initial request asked for two lists. Your description of those lists, along with OSC's response to each request, follows:

---
[1] 5 U.S.C. § 552(b)(7)(C).

U.S. Office of Special Counsel
Letter to Mr. Joe Carson
May 31, 2007
Page 3 of 4

1. *"A list of all current licensed attorneys employed by OSC, and where they are licensed to practice law."*

   OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

2. *"A list of all previously employed attorneys at OSC, from 1989, both career and appointed, with where they told OSC they were licensed to practice law."*

   OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

## FO-06-2732

Your initial request asked for: (1) any court referrals made to OSC since 1989 pursuant to 5 U.S.C. § 552(a)(4)(F); and (2) copies of the OSC's findings and recommendations for its investigation of all such court referrals. In Mr. Kurt's response, dated September 5, 2006, he correctly informed you that OSC's automated case management system does not distinguish between allegations of arbitrary or capricious withholding under FOIA received and investigated by this agency under 5 U.S.C. § 552(a)(4)(F) (referrals from Federal courts) and those received under 5 U.S.C. § 1216(a)(3) (allegations from other sources). He also correctly informed you that most case files over three years old have been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files. I note, however, that no court referrals to OSC pursuant to 5 U.S.C. § 552(a) are known to have been made since 1989, with the result that OSC would have no records responsive to your request.

Your administrative appeal from Mr. Kurt's initial decision, and a subsequent letter dated February 2, 2007, indicate a misunderstanding of § 1216(a)(3). Referrals from a Federal court pursuant to 5 U.S.C. § 552(a)(4)(F) are investigated by OSC under that section. OSC investigates allegations of arbitrary and capricious withholding under the FOIA received from others pursuant to 5 U.S.C. § 1216(a)(3). The allegations shown as having been received and investigated by OSC in its annual reports since 1989 are allegations received from persons or entities other than Federal courts, pursuant to 5 U.S.C. § 1216(a)(3).

Mr. Kurt's decision responded to your initial request, as you defined it, and my decision on your appeal is confined to that request. In light of the explanation above of the difference between investigations conducted pursuant to 5 U.S.C. §§ 552(a)(4)(F) and 1216(a)(3), if you want to request records about investigations under § 1216(a)(3) of allegations received from persons or entities other than Federal courts, you should send a request under the FOIA to Mr. Kurt, at the address shown at the top of this letter.

**U.S. Office of Special Counsel**
Letter to Mr. Joe Carson
May 31, 2007
Page 4 of 4


In closing, you may seek judicial review of this decision on your FOIA/PA appeals by filing a complaint in an appropriate United States district court. *See* 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(1).


Sincerely,

Erin M. McDonnell
Associate Special Counsel
for Legal Counsel and Policy


Enclosure

## Action Code 540 per 5 USC 1214(b)(2)(B)

| Case Number | Related Case | File Name | Action Date | Remarks |
|---|---|---|---|---|
| MA-96-0808 | | (b)(7)(C) | 10/20/1998 | PPP Report & CA Letter sent to INS as noted in OSC`s Petition for Corrective Action in this matter. |
| MA-97-1266 | | | 10/19/1999 | |
| MA-99-0729 | | | 12/9/1999 | |
| MA-97-0894 | | | 1/3/2000 | Agency agreed in wiriting to upgrade appraisal, pay reasonable attny fees, do trianing, and orally admonish subjects. We are still working out details of amount of attny fees and what appraisal will reflect. |
| MA-03-0131 | | | 9/5/2003 | |
| MA-02-1900 | LI-06-0825 | | 7/6/2005 | |
| MA-02-1919 | LI-06-0825 | | 7/6/2005 | |
| LI-06-0825 | MA-02-1900 MA-02-1919 | | 5/1/2006 | |
| MA-04-2464 | | | 5/2/2006 | |
| MA-04-1894 | | | 10/18/2006 | |
| MA-05-0403 | | | 10/31/2006 | |
| MA-04-2595 | | | 12/1/2006 | |
| MA-05-1384 | | | 1/26/2007 | |
| MA-06-1972 | | | 3/2/2007 | Special Counsel mailed letter w/PPP Report to US Atty General |
| MA-05-2571 | | | 5/4/2007 | |

| Case Name | Attorney | Fed or S/L | Charges | Date Filed | Date Decided and Penalty | ALJ |
|---|---|---|---|---|---|---|
| | | | | | | |



(b)(7)(C)

(b)(8)

c/A to Sec NAV   5/4/07

EXHIBIT 6

# Freedom of Information Act Request

July 31, 2006

OSC
1730 M St, NW
Suite 201
Washington, DC 20036

Dear FOIA Officer,

Per the law and OSC regulations for FOIA requests, I request the following records:

1.    A list of all current licensed attorneys employed by OSC, and where they are licensed to
      practice law.

2.    A list of all previously employed attorneys at OSC, from 1989, both career and appointed,
      with where they told OSC they were licensed to practice law.

I am willing to pay $100.00 for this information.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831
jpcarson@tds.net

**EXHIBIT**
6

EXHIBIT 7

January 15, 2007.

Ms. Erin McDonnell
U.S. Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036

Via: fax and mail

Subject: Amended Request for Expedited FOIA Request Processing; Request for "Opportunity to Modify FOIA Request for FOIA Requests FO-06-1484, 2493, and 2732

Dear Ms. McDonnell,

This amended request replaces the one I sent you on January 13, 2007.

I have read your declaration in support of a stay for processing Carson v. Office of Special Counsel, Docket no. 06-1834 in Federal District Court for the District of Columbia.

I understand Judge Friedman has granted the stay request, but am filing an objection and motion requesting for reconsideration of the stay with the Court based on OSC's failure to comply with aspects of relevant law and this request.

## OSC non-compliance with law for FOIA processing in this matter.

1) OSC regulations for FOIA, found at 5 CFR 1820, do not describe how requests for expediting FOIA requests can be made, contrary to the requirements of 5 USC 552(a)(6)(E).  5 USC 552, does not authorize alternative methods to provide the required information, but OSC's website does describe reasons for expediting FOIA requests, including ones I think relevant for some of the information requested:

From <http://www.osc.gov/foia.htm>:

> 8. Under what circumstances can the processing of my request be expedited?
>
> OSC will honor a written request for expedited processing of a FOIA request for records when OSC has established to its satisfaction that: (a) the requester has a case pending before the Merit Systems Protection Board (MSPB) or similar administrative tribunal, or in court of law, or faces an imminent deadline for filing in any of those venues, and (b) the records requested relate to the case in question.
>
> Likewise, if a requester demonstrates that failure to obtain requested records on an

1

expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual, or if a requester primarily engaged in disseminating information demonstrates that an need to inform the public about actual or alleged Federal Government activity, OSC will expedite processing of the request.

Within 10 days of its receipt of a written request for expedited processing, OSC's FOIA office will notify the requester as to whether or not the request for expedited processing has been granted. If granted, processing of the request will be completed as quickly as possible.

2)    OSC has failed to comply with the requirements of 5 USC 552(a)(6)(B) in these requests ni it has failed to provide me the required "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

So while paragraph 18 of your declaration notes I have not made an expedited request, it fails to note the material fact that OSC regulations are defective in not addressing when and how such requests are to be made. Additionally, paragraph 18 of your declaration states, "The plaintiff has not modified any of his requests," without mentioning the material fact that OSC has failed to comply with its lawful duty to provide me an "opportunity to limit the scope of the request so that it may be processed with the time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."

## Reasons for expediting FOIA request FO-06-1484 include:

1.    Some of the information requested, specifically items nos. 3, 4 and 5, may be relevant to either or both pending cases in Federal Court - Carson v. Office of Special Counsel, docket no. 06-1833 in Federal District Court for DC and Carson v. OSC, docket no. 06-5364 in the Federal Court of Appeals for DC. Therefore, by the guidelines OSC has established for expediting FOIA requests, which include: the requester has a case pending in court of law, and the records requested relate to the case, this FOIA merits expedited processing.

2.    By 5 USC 1218 the information requested in items 2, 4, and 5 is required to be provided in OSC's Annual Reports to Congress, but it is not in them, based on OSC Annual Report to Congress from 1989 through 2005. Because my FOIA request results from OSC failing to provide the required information in its Annual Reports, I think OSC needs to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency."

3.    The information requested may be relevant to planned bills in Congress to strengthen the protections federal employees have from prohibited personnel practices, particularly whistleblower reprisal. In the 109th Congress, H.R. 1317, H.R. 3097, S.494, and S. 2285 addressed strengthening protections for federal employees from PPPs. As the attached

2

press release of the Government Accountability Project (GAP) indicates, such a bill has already been introduced in the Senate in the current Congress. OSC is the primary bulwark of such protection, under current law and its performance in this function - protecting federal employee from PPPs, its primary function - has apparently received no Congressional, MSPB, or other third party oversight since the last changes to relevant law at 5 USC 1214 occurred in late 1994. Because my FOIA request is intended to obtain information relevant to planned bills to reform OSC and intend to widely disseminate it, via the internet, to the media, and others, I think OSC is justified to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency," as well as by 552(a)(6)(E)(v)(II) - "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity."

Additionally, Christopher Kurt, OSC's FOIA officer, contacted me by phone several times in August and September 2006 to inform me that OSC's completion of this FOIA request was imminent, as the July 11, 2006 status letter stated the FOIA would be fulfilled by August 31, 2006. I think the failure of your declaration to mention these phone conversations are other omissions of material fact that are relevant to this request - why should I make an expedited request when 1) your regulations by which I prepared the request fail to mention it, and 2) I was told it would be fulfilled by the end of August 2006?

I suspect you directed Mr. Kurt to not issue the completed FOIA response, perhaps at the direction of Special Counsel Bloch, because the information would be contrary to OSC's representations to Congress, the public, and the Court in <u>Carson v. OSC</u>, about its practices and record in protecting federal employees from PPPs. My suspicion strengthened by your declarations failure to mention material facts related to OSC's actions/inactions/statements in processing this FOIA request.

I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so.

## Reasons for Expediting FO-06-2732 include:

1. A number of bills were introduced in the 109th Congress about improving FOIA, including S.589, S.394, S.622, H.R. 867, and H.R. 1620. By 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3), OSC has unique responsibilities to enforce FOIA compliance in every federal agency and its performance in doing so, indicated by its response to this FOIA, may be relevant to planned and pending efforts to improve FOIA in federal government. Because my FOIA request is intended to obtain information relevant to planned bills to reform FOIA and intend to widely disseminate it, via the internet, to the media, and others, I think OSC is justified to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency," as well as by 552(a)(6)(E)(v)(II) - "with respect to a request made by a person primarily engaged in disseminating information, urgency to

inform the public concerning actual or alleged Federal Government activity."

2.    I suspect OSC may have simply "trashed" - disposed without proper investigation and/or submitting the required findings and recommendations - every referral for an investigation made to it by **federal courts** per 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3). I could be wrong in that suspicion, but I have that suspicion, as the law does not require OSC to report the results of its investigations back to the referring Court, or the aggrieved party. Such willful lawbreaking, involving referrals made to OSC by Federal Courts, if demonstrated, would be consistent with my contentions about OSC's systemic and persistent lawbreaking involving its primary responsibilities to protect federal employees from PPPs per 5 USC 1214, and might be considered relevant by the Courts in the cases mentioned previously as well as case pending about OSC's response to my FOIA requests. Therefore, by the guidelines OSC has established for expediting FOIA requests, which include: the requester has a case pending in court of law, and the records requested relate to the case, I think this FOIA merits expedited processing.

3.    By 5 USC 1218 the information requested in item 2 of this FOIA request is required to be provided in OSC's Annual Reports to Congress for every referral made to it by a federal court. Such information is not present, based on OSC Annual Report to Congress from 1989 through 2005. Because my FOIA request results, at least in part, from OSC failing to provide the required information in its Annual Reports, I think OSC needs to expedite it, based on 5 USC 552(a)(6)(E)(ii) - "in other cases determined by the agency."

Mr. Kurt's letter of September 5, 2006 is uninformed by the law and OSC records. I have reviewed each OSC Annual Report to Congress for relevant information and compiled a table of relevant information, which is attached. The immediately apparent explanation for the disparity between the number of complaints/referrals received and actual investigations conducted is that almost all complaints alleging agency wrongdoing in FOIA come from private citizens. OSC cannot control if it receives complaints from such sources, even though it is not authorized to investigate them. OSC is only authorized (and required) to investigate referrals made to it by federal courts, which apparently do not often occur (I suspect there is a typo for large number given for 1999).

So OSC can readily determine how many referrals were made by Federal Court, which is what I requested - they were the only ones OSC investigated. That is a relatively small number, based on OSC Annual Reports to Congress. OSC's case management system indicates which complaints resulted in investigations, those are the only ones germane to my FOIA request.

Consistent with my suspicion that OSC has failed to comply with its statutory obligations to investigate such referrals and make reports with recommendations to the involved agencies, are some other OSC/MSPB records (or lack thereof.) Not a single OSC press release since 1998 (available on OSC's website) mentions the results of any OSC investigation about agency FOIA non-compliance. Additionally, there are no published decisions at the U.S. Merit Systems

Protection Board (MSPB) involving disciplinary action taken as a result of such an OSC investigation (MSPB's website <http://www.mspb.gov/mspbdecisionspage.html> has a searchable database of all its published decisions since 1979.)   Finally, the Department of Justice, since 2000, has issued annual reports summarizing FOIA suits in federal court, including whether the plaintiff prevailed, and what attorney fees and costs were awarded (available on its website <http://www.usdoj.gov/oip/04_6.html>).  For the court to make a referral to OSC, the plaintiff has to prevail and attorney fees need to be awarded, a situation which has regularly occurred, according to the information compiled by Department of Justice.

I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so.

**FOIA Request FO-06-2493**

While I do not have a basis to seek its being expedited, I am willing to discuss modifying the scope of the FOIA request or the timetable for its fulfillment, if OSC complies with its lawful duty to give the opportunity to do so.  It should be straightforward to provide me the information requested about OSC's current attorney employees, which is one of the two items requested.

Per 5 USC/552(a)(6)(E)(vi), I certify statements contained in this request are true and correct to the best of my knowledge and belief.

Respectfully,

Joseph P. Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

copy: Christopher Kurt, OSC FOIA Officer

Attachments:

1.    January 12, 2007 Press Release of Government Accountability Project (GAP) about Senate bill about whisteblowing

2.    Information related to law and OSC reports about complaints received and investigations conducted related to agency FOIA non-compliance

 GOVERNMENT•ACCOUNTABILITY•PROJECT



**SEARCH**
Printer Friendly Version

| Home | About GAP | Support Gap | Request GAP Assistance |

- Corporate Accountability
- Nuclear Oversight
- Food & Drug Safety
- International Reform
- Legislation
- Environmental
- Donate
- Adjunct Attorney Program
- Whistleblower Support Network
- Media Inquiries & News Room
- Publications
- Resources/Related Links
- Contact Us

HELP GIVE VOICE
TO TRUTH-TELLERS
DONATE ONLINE
CLICK HERE

## Senate Committee Reintroduces Whistleblower Protection Legislation

January 12, 2007

FOR IMMEDIATE RELEASE

Contact: Adam Miles, Legislative Representative
Phone: 202.408.0034 ext. 132, cell 202 276 2007
Email: adamm@whistleblower.org

Contact: Tom Devine, Legal Director
Phone: 202.408.0034 ext. 124, cell 240 888.4080
Email: whistle47@aol.com

Contact: Dylan Blaylock, Communications Director
Phone: 202.408.0034 ext 137, cell 202 236 3733
Email: dylanb@whistleblower.org

**Senate Committee Reintroduces Whistleblower Protection Legislation**
**GAP Hails Quick Action by Civil Service Leaders to Restore Whistleblower Rights**

(Washington, D.C.) – The Government Accountability Project (GAP) applauds members of the Senate Homeland Security and Governmental Affairs Committee for acting quickly today to plug a government accountability loophole created last May when the Supreme Court's Garcetti v. Ceballos decision canceled constitutional free speech rights for government workers carrying out their job duties.

Senators Daniel Akaka (D-HI) and Susan Collins (R ME), with other committee leaders introduced the "Federal Employee Protection of Disclosures Act," S 274, which includes this reform amidst a general overhaul of the Whistleblower Protection Act. In response to the court ruling, last June the Senate agreed to identical legislation by unanimous consent as an amendment to the 2007 National Defense Authorization Act. The reform was killed by House leaders in a joint conference committee after intensive back room pressure by the White House and Justice Department, despite backing by four Senate and House committee chairs.

GAP has been pushing the reform for seven years, along with a diverse coalition of 45 good government groups.

GAP Legal Director Tom Devine praised the Senate leaders for moving quickly. "If the first 100 hours are reserved for leadership by Democrats, restoring credible whistleblower rights should be enacted in the first minute of bipartisan consensus. It is the foundation for effective congressional oversight and a prerequisite for enforcement of ethics reform. If Congress is serious about those goals, it will start protecting its witnesses."

The legislation restores the mandate of the Whistleblower Protection Act (WPA), which has been gutted by judicial activism since 1994, when Congress unanimously strengthened the WPA. The amendment also strengthens the due process enforcement structure for WPA paper rights, and applies them to a broader set of harassment scenarios, such as security clearance actions, retaliatory investigations and gag orders.

Specifically, the legislation would –

- Codify the legislative history for "any" protected disclosure, meaning the WPA applies to all lawful communication of misconduct. This restores "no loopholes" protection and cancels the effect of Garcetti v. Ceballos on federal workers.

**Latest News**

1/12/2007  Senate Committee Reintroduces Whistleblower Protection Legislation

12/13/2006  Congressional Tunnel Workers to Receive Civic Courage Honor

10/26/2006  GAP Releases Draft Summary of Investigation into Workers' Concerns at Hanford Contractor

10/17/2006  Congressional Tunnel Workers File Whistleblower Retaliation Claim

10/11/2006  Settlement of Conspiracy Case Forces Major Restructuring of Prescription Drug Pricing System

HELP GIVE VOICE
TO TRUTH-TELLERS
DONATE ONLINE
CLICK HERE

Get GAP Email Updates

Are you a journalist? ▶

*Attach. 1 to OSC beyond*
*/ - )*

- Restore the unqualified, original "reasonable belief" standard established in the 1978 Civil Service Reform Act for whistleblowers to qualify for protection
- Make permanent and provide a remedy for the anti-gag statute – a rider in the Treasury Postal Appropriations bill for the past 17 years – that bans illegal agency gag orders. The anti-gag statute neutralizes hybrid secrecy categories like "classifiable," "sensitive but unclassified," "sensitive security information" and other new labels that lock in prior restraint secrecy status, enforced by threat of criminal prosecution for unclassified whistleblowing disclosures by national security whistleblowers.
- Codify protection against retaliatory investigations, giving whistleblowers a chance to end reprisals in their early stages.
- Bar the President from imposing ex post facto "intelligence employee" status to strip employees of their merit system rights after they assert them by filing a lawsuit
- End the Federal Circuit Court of Appeals monopoly on appellate review of the Whistleblower Protection Act (The Court has single-handedly gutted the WPA, leading to a 2-129 record against whistleblowers from October 1994 to October 2006), restoring all-Circuit review, as in the original 1978 Civil Service Reform Act and the Administrative Procedures Act
- Restore independent due process review of security clearance determinations for whistleblower reprisal, unavailable since a 1985 Supreme Court decision
- Provide specific authority for whistleblowers to disclose classified information to Members of Congress on relevant oversight committees or their staff.
- Strengthen the Office of Special Counsel's authority to seek disciplinary sanctions against managers who retaliate.
- Authorize the Special Counsel to file friend of the court briefs.

The legislation covers 94.4 percent (1.67 of 1.77 million) of federal employees, and 88.3 percent (755,000 of 855,000) of national security whistleblowers at agencies like the Pentagon, Department of Homeland Security, Department of Energy (DOE) and Nuclear Regulatory Commission (NRC). But, the bill does not contain five critical reforms approved last year by the House Government Reform Committee in two bills, H.R. 1317 and H.R. 5112. These include protection for national security whistleblowers at the FBI and intelligence agencies, protection for government contractors, protection for federal baggage screeners, jury trials for a fair day in court, and neutralization of the government's use of the "state secrets privilege" as a way to cancel whistleblower trials

Jury trials are the cornerstone of Congress' Sarbanes-Oxley reform for corporate workers, and were approved in 2005's Energy Policy Act for employees at the DOE and NRC. The legislation also does not address the Office of Special Counsel's abdication of leadership by Special Counsel Scott Bloch, who has effectively terminated that agency's mission to help whistleblowers and turned it into a magnet for contempt by federal workers.

GAP Legislative Representative Adam Miles commented, "When first proposed in 2000, the Senate bill would have solved the breakdown of whistleblower law. But the legislation has not changed significantly during a six year secrecy tidal wave. We urge the Senate to modernize this legislation before a final vote. The composite Senate and House committee-passed bills last session reflect the best practices of global whistleblower law."

Government Accountability Project

The Government Accountability Project is the nation's leading whistleblower protection organization. Through litigating whistleblower cases, publicizing concerns and developing legal reforms, GAP's mission is to protect the public interest by promoting government and corporate accountability. Founded in 1977, GAP is a non-profit, non-partisan advocacy organization with offices in Washington, D.C. and Seattle, WA.

#####

Government Accountability Project • www.whistleblower.org

| National Office | West Coast Office |
|---|---|
| 1612 K Street, NW Suite #1100 | 1511 Third Ave. Suite 321 |
| Washington, D.C. 20006 | Seattle, Washington 98101 |
| 202.408.0034 | 206.292.2850 |



## INFORMATION ABOUT COMPLAINTS RECEIVED BY OSC ABOUT FOIA AND INVESTIGATIONS CONDUCTED BY IT, TAKEN FROM OSC'S ANNUAL REPORTS TO CONGRESS.

By 5 USC 1218, OSC's Annual Reports to Congress are required to include the number and types of investigations conducted by it, as well as a description of the recommendations and reports made by it to other agencies pursuant to this subchapter, and the actions taken by the agencies as a result of the reports and recommendations.

By 5 USC 1216(a)(3), OSC is required to investigate of referrals made per 5 USC 552 involving possible arbitrary or capricious withholding of information.

By 5 USC 552(a)(4)(F):

> "Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends."

The table on the next page indicates, by fiscal year, something that is not required to be included in OSC's annual reports - the number of complaints received by OSC (from all sources) involving FOIA - and something that is required to be in it - the number of investigations OSC conducted based on referrals about FOIA from federal courts.

Required information, by 5 USC 1218, that is missing in all OSC Annual Reports is a description of the recommendations and reports made by OSC as a result of its FOIA investigations as well as the actions taken by the agencies as a result of the reports or recommendations.

(Note: There is probably a typo for the number of FOIA investigations conducted in 1999.)

| Year FY | number of complaints received from all sources about agencies' FOIA practices | number of OSC investigations conducted as a result of referrals from federal courts about agency FOIA issues, per 5 USC 552(a)(4)(F) and 1216(a)(3). |
|---|---|---|
| 1989 | 34 | 1 |
| 1990 | 27 | 2 |
| 1991 | 30 | 1 |
| 1992 | 29 | 1 |
| 1993 | 50 | 3 |
| 1994 | 48 | 1 |
| 1995 | 55 | 4 |
| 1996 | 45 | 6 |
| 1997 | 33 | 3 |
| 1998 | 35 | 5 |
| 1999 | 43 | 27 |
| 2000 | 47 | 3 |
| 2001 | 29 | 6 |
| 2002 | 25 | 2 |
| 2003 | info not in annual report | info not in annual report |
| 2004 | info not in annual report | info not in annual report |
| 2005 | info not in annual report | info not in annual report |

EXHIBIT 8

Freedom of Information Act (FOIA) request

September 4, 2006

Christopher Kurt, FOIA Officer
US Office of Special Counsel
1730 M St, NW, Suite 218
Washington, DC 20036
202-653-5151 fax

Re: FOIA Request,

Dear Mr. Kurt,

Per law and OSC regulation, I respectfully make a FOIA request for the following information:

1) Any court referrals made to OSC, since 1989, per 5 USC 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests, the relevant part of OSC law is 5 USC 1216(a)(3).

5 USC 552(a)(4)(F) states:

> "and the court additionally issues a written finding that the circumstances surrounding the withholding *raise questions* whether agency personnel acted arbitrarily or capriciously with respect to the withholding (emphasis added), the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends."

2) Copies of the OSC's findings and recommendations for its investigation of all such Court referrals.

I will pay the necessary money, up to $50, for OSC to fulfill this FOIA request.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

EXHIBIT

8

EXHIBIT 9



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505



September 5, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE:  Freedom of Information Act Request (Ref. # FO-06-2732)

Dear Mr. Carson:

I am writing in response to your letter, dated September 4, 2006. In that letter, you asked the Office of Special Counsel (OSC) to provide you with certain records or information from OSC files. Your patience during the delay in responding to your request has been greatly appreciated.

Your request has been processed under the Freedom of Information Act (FOIA).[1] In response to that request, I have been informed that OSC's automated case management system does not distinguish between allegations of arbitrary or capricious withholding under FOIA received and investigated by this agency under 5 U.S.C. § 552(a)(4)(F) (court referrals) and those received under 5 U.S.C. § 1216(a)(3) (referrals from other sources). The case management system, therefore, does not record the information you requested. A search of agency case files would not be feasible, as many case files over three years old have been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files. I am, therefore, unable to furnish you with the information you requested.

You have the right to appeal this response under the FOIA. Any such appeal must be in writing, and be postmarked within 30 days of the date of this letter. The appeal should be sent to Ms. Erin M. McDonnell, Associate Special Counsel, Office of Special Counsel, at the address shown at the top of this letter.

Sincerely,

*Chris Kurt*

Christopher M. Kurt
FOIA Officer
Legal Counsel and Policy Division

---

[1]  5 U.S.C. § 552.

**EXHIBIT**

9

EXHIBIT 10

FOIA APPEAL

September 9, 2006

2006 SEP 13 PM 4: 01

Ms. Erin McDonnell, Esq
Associate General Counsel
OSC 1730 M St, Suite 218
Washington, DC 20036-4505

Re: Appeal of FOIA response of September 5, 2006, Ref. # FO-06-2732

Dear Ms. McDonnell,

I appreciate the very prompt response of Mr. Kurt, the OSC FOIA Officer, to this request. Given OSC's singular and vital responsibilities for protecting the FOIA process, I think it should be a model of responsiveness.

However, I disagree with Mr. Kurt's reasoning. As I understand 5 USC 552, only a federal court can make a referral to OSC as described in 5 USC 1216(a)(3) - any investigation conducted by OSC per 5 USC 1216(a)(3) can result only from a Court referral made per 5 USC 552(a)(4)(F), no other sources are authorized to request such an OSC investigation. I have performed a word search of 5 USC 552, the only mention of OSC occurs in 552(a)(4)(F), a result consistent with my understanding.

Therefore my FOIA request is for any available information about any investigation conducted by OSC per 5 USC 1216(a)(3) since 1989 and, if any related reports made by OSC per 5 USC 552(a)(4)(F) have been destroyed, what kind of information was in those reports.

Therefore, I renew my FOIA request, as clarified by this letter, and appeal OSC's determination.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

EXHIBIT

10

To: "Aftergood, Steven" <saftergood@fas.org>
From: Joe Carson <jpcarson@tds.net>
Subject: FOIA request of OSC about its FOIA investigations
Cc:
Bcc:
Attached:

Freedom of Information Act (FOIA) request

September 4, 2006

Christopher Kurt, FOIA Officer
US Office of Special Counsel
1730 M St, NW, Suite 218
Washington, DC 20036
202-653-5151 fax

Re: FOIA Request,

Dear Mr. Kurt,

Per law and OSC regulation, I respectfully make a FOIA request for the following information:

1) Any court referrals made to OSC, since 1989, per 5 USC 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests, the relevant part of OSC law is 5 USC 1216(a)(3).

5 USC 552(a)(4)(F) states:

> "and the **court additionally issues a written finding that the circumstances surrounding the withholding _raise questions_ whether agency personnel acted arbitrarily or capriciously with respect to the withholding** (emphasis added), the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends."

2) Copies of the OSC's findings and recommendations for its investigation of all such Court referrals.

I will pay the necessary money, up to $50, for OSC to fulfill this FOIA request.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

September 5, 2006

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE: <u>Freedom of Information Act Request (Ref. # FO-06-2732)</u>

Dear Mr. Carson:

I am writing in response to your letter, dated September 4, 2006. In that letter, you asked the Office of Special Counsel (OSC) to provide you with certain records or information from OSC files. Your patience during the delay in responding to your request has been greatly appreciated.

Your request has been processed under the Freedom of Information Act (FOIA).[1] In response to that request, I have been informed that OSC's automated case management system does not distinguish between allegations of arbitrary or capricious withholding under FOIA received and investigated by this agency under 5 U.S.C. § 552(a)(4)(F) (court referrals) and those received under 5 U.S.C. § 1216(a)(3) (referrals from other sources). The case management system, therefore, does not record the information you requested. A search of agency case files would not be feasible, as many case files over three years old have been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files. I am, therefore, unable to furnish you with the information you requested.

You have the right to appeal this response under the FOIA. Any such appeal must be in writing, and be postmarked within 30 days of the date of this letter. The appeal should be sent to Ms. Erin M. McDonnell, Associate Special Counsel, Office of Special Counsel, at the address shown at the top of this letter.

Sincerely,

*Chris Kurt*

Christopher M. Kurt
FOIA Officer
Legal Counsel and Policy Division

---

[1] 5 U.S.C. § 552.

EXHIBIT 11

FOIA APPEAL Information

SF-
WAC

2007 FEB -5 PM 4: 08

February 2, 2007

Ms. Erin McDonnell
OSC

Re: FOIA Appeal FO-06-2732

Dear Ms. McDonnell,

In my September 9, 2006 appeal of this FOIA request, I clarified the request to make as clear as I could that I have no interest in whatever extraneous complaints OSC has received from unauthorized sources about possible FOIA non-compliance in Executive agencies.

Despite these efforts, OSC appears to be committed to evading its lawful responsibility, making possibly pejurious statements to a federal judge, to respond to my FOIA request.

Even though OSC, has, to this point, refused to comply with its statutory obligation to provide me an opportunity to modify/clarify my FOIA request, before claiming "exceptional circumstances" to a federal court as part of a stay request, and I have no expectation that it will, I desire the record be established as clearly as possible about my request.

To that end, I have enclosed a table of OSC complaints received and field investigations conducted for FOIA.  I am only interested in getting information about the FOIA field investigations OSC conducted.  If OSC is incapable of determining which FOIA complaints it receivsed came from federal courts, as Mr. Kurt claims it is - then just provide me information requested in the FOIA request and its appeal about the Field investigations OSC conducted as a result of the FOIA complaints it received.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934

copy: Judith Kidwell, DOJ

**EXHIBIT**

_11_

OSC FOIA abuse (arbitrary and capricious withholding of information) allegations received and investigations conducted, based on information contained in OSC Annual Reports to Congress, made per 5 USC 1218

Note: 5 USC 552(a)(4)(F) is only place where "Special Counsel" is mentioned in section 552

| Year | allegations received by OSC per 5 USC 1216(a)(3) | OSC field investigations conducted |
|------|--------------------------------------------------|-------------------------------------|
| 1989 | 34 | 1 |
| 1990 | 27 | 2 |
| 1991 | 30 | 1 |
| 1992 | 29 | 1 |
| 1993 | 50 | 3 |
| 1994 | 48 | 1 |
| 1995 | 55 | 4 |
| 1996 | 45 | 6 |
| 1997 | 33 | 3 |
| 1998 | 35 | 5 |
| 1999 | 43 | 27 (most likely a typo, instead of 2) |
| 2000 | 47 | 3 |
| 2001 | 29 | 6 |
| 2002 | 25 | 2 |
| 2003 | info not in annual report | info not in annual report |
| 2004 | info not in annual report | info not in annual report |
| 2005 | info not in annual report | info not in annual report |