UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOSEPH P. CARSON,            )
                             )
    Plaintiff                )
                             )
                             ) Civil Action No: 06-1834 (PLF)
    v.                       )
U.S. OFFICE OF SPECIAL COUNSEL, )
                             )
    Defendant                )
                             )
                             )

## PLAINTIFF'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO THE SCHEDULING ORDER OF JUNE 15, 2007

Plaintiff, Joseph P. Carson, PE, submits this unopposed motion to amend the scheduling order of June 15, 2007 to add 14 days to its dates. His opposition to the motion for summary judgement and cross motion are now due on August 31, 2007.

Plaintiff communicated with Sherease Louis by email (who has taken over from Ms. Kidwell in representing defendant) and she concurred by email.

There is good cause for this motion. The plaintiff, based on OSC's May 31, 2007 response to his FOIA requests FO-06-1484, FO-06-2493, and FO-06-2732 (Exhibit 1), no longer seeks a Court review for OSC's responses to his FOIA requests FO-06-1484 and FO-06-2493. Additionally, based on OSC's response to his August 23, 2007 appeal (and request for expedited processing) of its response to FOIA request FO-07-2091 (Exhibit 2), he may also end his request for a Court review of OSC's response to FO-06-2732.

While plaintiff does not agree that OSC's May 31, 2007 response to FOIA request FO-06-2732 was adequate, he filed another FOIA request, FO-07-2091, as OSC's response

1

suggested, to try to get the information he sought by FO-06-2732. He requested expedited processing, based on this case. OSC denied his request for expedited processing and responded to the FOIA request on August 20, 2007. On August 23, 2007 he filed an appeal of OSC's initial response and requested expedited processing, based on this case.

Plaintiff does not want to bring this matter to the Court's attention, until OSC has completed its processing of his appeal in FOIA request FO-07-2091, and only then if he still desires a Court review. Unless OSC denies his request for expedited processing of his appeal, something that plaintiff respectfully suggests the counsel for the defendant can prevent, a 14 day enlargement of time to the current briefing schedule should be adequate.

Therefore, plaintiff respectfully requests the dates of the Court's June 15, 2007 order be enlarged by 14 days to allow OSC to respond to his appeal of its FOIA response, based on its response, will then decide about proceeding with this case.

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Plaintiff
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON,<br><br>　　Plaintiff<br><br>　　v.<br>U.S. OFFICE OF SPECIAL COUNSEL,<br><br>　　Defendant | )<br>)<br>)<br>)　Civil Action No: 06-1834 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

UPON CONSIDERATION OF Plaintiff's Unopposed Motion to Amend the Schedule established by the Order of June 15, 2007 and the entire record herein, it is this ___ day of _____, 2007,

**ORDERED**, that Plaintiff's unopposed motion is **GRANTED**, and it is,

**FURTHER ORDERED** that the dates of the June 15, 2007 scheduling order will be enlarged by 14 days.

_____
UNITED STATES DISTRICT JUDGE

1

## Certificate of Service

I certify that the Plaintiff's motion to amend the scheduling order of June 15, 2007, with proposed order and exhibits, in <u>Carson v. Office of Special Counsel</u>, docket no. 06-1834:

was served, U.S. Mail, on


<u>Representative for OSC</u>

US Dept. of Justice
Attention: Shereae Louis
555 Fourth St, NW
Room 4821
Washington, DC 20530

_____
Joseph P. Carson

August 24, 2007



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, DC 20036-4505
(202) 254-3600

May 31, 2007

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE: <u>Freedom of Information Act Appeals
(Ref. Nos. FO-06-1484; FO-06-2493; FO-06-2732)</u>

Dear Mr. Carson:

I am writing in response to your appeals under the Freedom of Information Act (FOIA) in the above-captioned matters, identified as follows:

1. <u>FO-06-1484</u>: initial request letter dated April 9, 2006, and received in the FOIA office on April 10, 2006; appeal filed in Federal District Court on October 23, 2006;

2. <u>FO-06-2493</u>: initial request letter dated July 31, 2006, and received in the FOIA office on August 2, 2006; appeal filed in Federal District Court on same date shown above; and

3. <u>FO-06-2732</u>: initial request letter dated September 4, 2006, and received in the FOIA office on September 5, 2006; administrative appeal letter dated September 9, 2006, and received in the FOIA office on September 15, 2006; appeal filed in Federal District Court on same date shown above.

The Office of Special Counsel's (OSC's) responses are as follows, after a description of the initial request in each matter:

<u>FO-06-1484</u>

Your initial request asked for five lists. Your description of those lists, along with OSC's response to each request, follows:

1. *"A list of all instances where OSC attempted to enforce its subpoena, per 5 USC 1212(b)(3)(A), with sufficient detail to obtain the relevant records from the relevant Federal District Court."*

Ex. 11

U.S. Office of Special Counsel
Letter to Mr. Joe Carson
May 31, 2007
Page 2 of 4

OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

2. *"A list of all instances in which the Special Counsel initiated and conducted an investigation into a possible PPP or pattern PPP per 5 USC 1214(a)(5)."*

OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

3. *"A list of all written requests made to OSC by Congress, per 5 USC 1217, from 1989 to present, describing the requests."*

OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

4. *"A list of all reports made by OSC to MSPB, OPM, and involved agency, per 5 USC 1214(b)(2)(B)."*

Those reports listed in the case tracking system used by OSC are shown in the enclosed list. One other listing, including six of the same reports shown in the case tracking system, was also identified, and the portion of that list responsive to your request is also enclosed. Complainant names have been redacted from both lists pursuant to exemption (7)(C) of the FOIA.[1] Names of OSC employees have also been redacted from the second list pursuant to exemption (7)(C). One or more other reports have been made by OSC pursuant to 5 U.S.C. § 1214(b)(2)(B), but are not listed in the agency's case tracking system, and OSC is not required by the FOIA to create such a list in order to respond to your request.

5. *"A list of actions initiated by OSC at the MSPB for "willful and knowing refusal or failure" to comply with a MSPB Order, per 5 USC 1215(a)(1)(C), preferably with the MSPB Docket No. or, if a published MSPB resulted, the MSPR citation."*

OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

FO-06-2493

Your initial request asked for two lists. Your description of those lists, along with OSC's response to each request, follows:

---

[1] 5 U.S.C. § 552(b)(7)(C).

**U.S. Office of Special Counsel**
Letter to Mr. Joe Carson
May 31, 2007
Page 3 of 4

1. *"A list of all current licensed attorneys employed by OSC, and where they are licensed to practice law."*

   OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

2. *"A list of all previously employed attorneys at OSC, from 1989, both career and appointed, with where they told OSC they were licensed to practice law."*

   OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

<u>FO-06-2732</u>

Your initial request asked for: (1) any court referrals made to OSC since 1989 pursuant to 5 U.S.C. § 552(a)(4)(F); and (2) copies of the OSC's findings and recommendations for its investigation of all such court referrals. In Mr. Kurt's response, dated September 5, 2006, he correctly informed you that OSC's automated case management system does not distinguish between allegations of arbitrary or capricious withholding under FOIA received and investigated by this agency under 5 U.S.C. § 552(a)(4)(F) (referrals from Federal courts) and those received under 5 U.S.C. § 1216(a)(3) (allegations from other sources). He also correctly informed you that most case files over three years old have been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files. I note, however, that no court referrals to OSC pursuant to 5 U.S.C. § 552(a) are known to have been made since 1989, with the result that OSC would have no records responsive to your request.

Your administrative appeal from Mr. Kurt's initial decision, and a subsequent letter dated February 2, 2007, indicate a misunderstanding of § 1216(a)(3). Referrals from a Federal court pursuant to 5 U.S.C. § 552(a)(4)(F) are investigated by OSC under that section. OSC investigates allegations of arbitrary and capricious withholding under the FOIA received from others pursuant to 5 U.S.C. § 1216(a)(3). The allegations shown as having been received and investigated by OSC in its annual reports since 1989 are allegations received from persons or entities other than Federal courts, pursuant to 5 U.S.C. § 1216(a)(3).

Mr. Kurt's decision responded to your initial request, as you defined it, and my decision on your appeal is confined to that request. In light of the explanation above of the difference between investigations conducted pursuant to 5 U.S.C. §§ 552(a)(4)(F) and 1216(a)(3), if you want to request records about investigations under § 1216(a)(3) of allegations received from persons or entities other than Federal courts, you should send a request under the FOIA to Mr. Kurt, at the address shown at the top of this letter.

U.S. Office of Special Counsel
Letter to Mr. Joe Carson
May 31, 2007
Page 4 of 4

In closing, you may seek judicial review of this decision on your FOIA/PA appeals by filing a complaint in an appropriate United States district court. *See* 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(1).

Sincerely,

Erin M. McDonnell
Associate Special Counsel
    for Legal Counsel and Policy

Enclosure

FOIA APPEAL and Request for Expedited Processing of FOIA Appeal

August 23, 2007

Ms. Erin McDonnell
Chief FOIA Officer
Office of Special Counsel
1730 M St, NW
Suite 218
Washington, DC 20036

Subject: Appeal of OSC's August 20, 2007 response to FOIA request FO-07-2091 and Request for Expedited Processing of the Appeal

Dear Ms. McDonnell,

For almost a year, via FOIA requests FO-06-2732 and FO-07-2091, I have been seeking some simple information, much of which should be publicly available, by 5 USC 1219 and/or OSC's Annual Reports to Congress, per 5 USC 1218, a for OSC's records related to its discharge of its singular responsibilities to enforce compliance with FOIA in federal agencies.

OSC's most recent response simply does not contain any of the information I seek, even though I elaborated upon it in my requests that its processing be expedited, so I am appealing it and again requesting its processing be expedited.

For almost a year, you have thrown up roadblock after roadblock to providing the requested information, which I have repeatedly and reasonable described, per 5 USC 552(a)(3)(A)(i). As you know, I suspect you are motivated to cover-up your unlawfully directing OSC to "dump" forty or more complaints it received per 5 USC 1216(a)(3) since 1989 which cited the requisite Federal Judge finding of 5 USC 552(a)(4)(F).

I suspect OSC has no records of the results of these investigations for the simple reason it either did not conduct the required investigation and/or terminated them without reporting to the involved agency the required findings and recommendations of 5 USC 552(a)(4)(F) and, when warranted, per 5 USC 1214(e).

As you know, there is a related FOIA suit in Federal District Court, <u>Carson v. OSC</u>, docket no. 06-1834 in Federal District Court for the District of Columbia. By a Court Order, my current deadline for filing a response to a summary motion to dismiss the case and a cross-motion for summary judgement in my favor is August 31, 2007. I intend to request an extension to that deadline, until this FOIA appeal is processed, as its processing should moot the case.

For that reason, this appeal merits expedited processing, by the guidelines OSC has listed on its

1

Ex 12

website, even though they are not contained in its FOIA regulations, contrary to the law at 5 USC 552(a)(6)(E).

In your declaration of July 27, 2007 for Carson v. OSC, paragraph 19, you cited OSC's May 31, 2007 response to FO-06-2732, and claimed it stated "that there had been no known court referrals to OSC pursuant to 5 USC 552(a) since 1989."

However OSC's response of May 31, 2007 contained significant additional information, supporting my contention of OSC's "dumping" of 40 or more complaints made to it per 5 USC 1216(a)(3), which cited the requisite Federal Judge Finding of 5 USC 552(a)(4)(F). Specifically, it stated on page 3:

> ".... I note, however, that no court referrals to OSC pursuant to 5 USC 552(a) are known to have been made since 1989, with the result that OSC would have no records responsive to your request.
>
> "Your administrative appeal from Mr. Kurt's initial decision, and a subsequent letter dated February 2, 2007, indicate a misunderstanding of 1216(a)(3). Referrals from a Federal court pursuant to 5 USC 552(a)(4)(F) are investigated by OSC under that section. OSC investigates allegations of arbitrary and capricious withholding under the FOIA received from others pursuant to 5 USC 1216(a)(3). The allegations shown as having been received and investigated by OSC in its annual reports since 1989 are allegations received from persons or entities other than Federal courts, pursuant to five USC 1216(a)(3).
>
> "Mr. Kurt's decision responded to your initial request, as your defined it, and my decision on your appeal is confined to that request. In light of the explanation above of the difference between investigations conducted pursuant to 5 USC 552 (a)(4)(F) and 1216(a)(3), if you want to request records about investigations under 1216(a)(3) of allegations received from persons or entities other than Federal courts, you should send a request under FOIA to Mr. Kurt, at the address shown at the top of the of this letter."

So, as I understand the law (see exhibit 1), if anyone (at any time, there is no statute of limitations) - whether it be a Federal Judge, the Department of Justice, a party, or a non-party - submits a complaint to OSC that cites the requisite Federal Judge's finding, OSC is authorized (and mandated) to investigate it and must comply with 5 USC 552(a)(4)(F) and, when its investigation's findings warrant, 5 USC 1214(e) in reporting the results. Additionally, as I understand the law, the only time OSC is authorized to investigate a complaint received per 5 USC 1216(a)(3) is when it cites the requisite Federal Judge finding - OSC has no authority to investigate an allegation of possible agency FOIA malfeasance absent such a finding.

As I understand your position, the only time OSC has to comply with 5 USC 552(a)(4)(F) is when the Federal Judge who made the finding personally files a complaint with OSC, if anyone

2

else files a complaint with OSC that cites the requisite Federal Judge's finding, OSC can, per 5 USC 1216( c), investigate or not investigate and report or not report its findings at its complete discretion, that it need not comply with 5 USC 552(a)(4)(F) and, when warranted, 5 USC 1214(e). Additionally, it appears to be your position that OSC is authorized to investigate a complaint of possible agency FOIA malfeasance, at its discretion, without the requisite Federal Judge finding.

As you know, OSC does not have an inspector general, you fill that role in OSC, just as you fill the role of general counsel, and Chief FOIA officer, despite the obvious conflicts of interest. As you also know, the Department of Justice is responsible, per 5 USC 552(e)(5), to "encourage agency compliance with this section," which includes encouraging OSC's compliance with 552(a)(4)(F). Additionally, as you know, a bill to reform FOIA, that has passed the House and is awaiting a vote in the Senate, tasks the Attorney General to ensure all requisite Federal Judge findings are referred to OSC.

So, I respectfully request, in your response to this FOIA appeal that you submit a declaration that addresses:

1) whether the 40 or more field investigation OSC has conducted, per 5 USC 1216(a)(3), according to its Annual Reports (exhibit 2), resulted only from complaints that cited the requisite Federal Judge finding.

2) that provides information about the cases - such as the title and docket no. of the case in which the Federal Judge's finding was made.

3) that is a comprehensive, up-to-date, list - OSC's annual reports for past several years do not state, contrary to 5 USC 1218, how many 5 USC 1216(a)(3) field investigations it conducted.

4) that addresses why and whether OSC complied with 5 USC 552(a)(4)(F) and, when warranted, 5 USC 1214(e), in conducting and/or reporting the findings and recommendations of these 1216(a)(3) investigations that resulted from complaints, for any party, at any time, that cited the requisite Federal Judge finding.

5) that addresses whether OSC ever conducted a 5 USC 1216(a)(3) investigation when the complaint did not cite the requisite Federal Judge's finding and, if so, what lawful authority it had to conduct such an investigation.

Your responding to this appeal with this information will, most likely, moot the case in Federal Court. Should you choose not to provide this information, I will respond appropriately to the pending motion for summary judgment. I am also copying this letter to Ms. Kidwell, the attorney at Department of Justice for the pending case, the DOJ Inspector General, the DOJ Office of Professional Responsibility, the DOJ Office of FOIA, and appropriate Congressional committees,

3

given their interest and responsibilities for OSC's proper compliance with its statutory obligations under 5 USC 552(a)(4)(F), 1216(a)(3), and 1214(e).

Respectfully,

Joe Carson, PE
10953 Twin Harbour Drive
Knoxville, TN 37934

Sections of Law Relevant to OSC's Investigations of Possible Agency FOIA Malfeasance (emphasis added).

5 U.S.C. 552 (a)(4)(F) Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the *court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding*, the <u>Special Counsel</u> shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The <u>Special Counsel</u>, after investigation and consideration of the evidence submitted, *shall submit his findings and recommendations to the administrative authority of the agency* concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the <u>Special Counsel</u> recommends.

5 U.S.C. 552 (e)(5) The Attorney General of the United States shall submit an annual report on or before April 1 of each calendar year which shall include for the prior calendar year a listing of the number of cases arising under this section, the exemption involved in each case, the disposition of such case, and the cost, fees, and penalties assessed under subparagraphs (E), **(F)**, and (G) of subsection **(a)(4)**. Such report shall also include a description of the efforts undertaken by the Department of Justice to encourage agency compliance with this section.

5 U.S.C. 1216(a)(3) In addition to the authority otherwise provided in this chapter, the Special Counsel shall, except as provided in subsection (b), conduct an investigation of any allegation concerning arbitrary or capricious withholding of information prohibited under **section 552**, except that the Special Counsel shall make no investigation of any withholding of foreign intelligence or counterintelligence information the disclosure of which is specifically prohibited by law or by Executive order.

5 U.S.C. 1216( c) If the Special Counsel receives an allegation concerning any matter under paragraph (1), (3), (4), or (5) of subsection (a), the Special Counsel may investigate and seek corrective action under section 1214 and disciplinary action under section 1215 in the same way as if a prohibited personnel practice were involved.

5 U.S.C. 1214(e) If, in connection with any investigation under this subchapter, the Special Counsel determines that there is reasonable cause to believe that any violation of any law, rule, or regulation has occurred other than one referred to in subsection (b) or (d), the Special Counsel shall report such violation to the head of the agency involved. The Special Counsel shall require, within 30 days after the receipt of the report by the agency, a certification by the head of the agency which states -

    (1) that the head of the agency has personally reviewed the report; and
    (2) what action has been or is to be taken, and when the action will be completed.

/ — 1                              Ex hibit /

By S. 849 "Open the government" bill, changes are made to 5 USC552(a)(4)(F), specifically:

> SEC. 5. DISCIPLINARY ACTIONS FOR ARBITRARY AND CAPRICIOUS REJECTIONS OF REQUESTS.
>
> Section 552(a)(4)(F) of title 5, United States Code, is amended--
> (1) by inserting `(i)' after `(F)'; and
> (2) by adding at the end the following:
> (ii) The Attorney General shall--
> (I) notify the Special Counsel of each civil action described under the first sentence of clause (i); and
> (II) annually submit a report to Congress on the number of such civil actions in the preceding year.
> (iii) The Special Counsel shall annually submit a report to Congress on the actions taken by the Special Counsel under clause (I).'.

2

OSC FOIA abuse (arbitrary and capricious withholding of information) allegations received and investigations conducted, based on information contained in OSC Annual Reports to Congress, made per 5 USC 1218

Note: 5 USC 552(a)(4)(F) is only place where "Special Counsel" is mentioned in section 552

| Year | allegations received by OSC per 5 USC 1216(a)(3) | OSC field investigations conducted |
|---|---|---|
| 1989 | 34 | 1 |
| 1990 | 27 | 2 |
| 1991 | 30 | 1 |
| 1992 | 29 | 1 |
| 1993 | 50 | 3 |
| 1994 | 48 | 1 |
| 1995 | 55 | 4 |
| 1996 | 45 | 6 |
| 1997 | 33 | 3 |
| 1998 | 35 | 5 |
| 1999 | 43 | 27 (most likely a typo, instead of 2) |
| 2000 | 47 | 3 |
| 2001 | 29 | 6 |
| 2002 | 25 | 2 |
| 2003 | info not in annual report | info not in annual report |
| 2004 | info not in annual report | info not in annual report |
| 2005 | info not in annual report | info not in annual report |



Exhibit 2