UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, )<br>)<br>Plaintiff )<br>)<br>) Civil Action No: 06-1834 (PLF)<br>v. )<br>U.S. OFFICE OF SPECIAL COUNSEL, )<br>)<br>Defendant )<br>)<br>_____) | RECEIVED<br>OCT 1 5 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiff, based on defendant's May 31, 2007 response (exhibit 5 of McDonnell declaration of July 27, 2007) to his appeals in FOIA requests nos. FO-06-1484 and 06-2493, no longer seeks this Court's intervention in those two FOIA requests and appeals.

For FOIA request and appeal no. FO-06-2732, though, he continues to seek this Court's intervention. As set forth in the accompanying Memorandum of Points and Authorities, defendant is not complying with the relevant law and, therefore, not creating the publicly available records required by law.

Therefore FO-06-2732 is not a normal FOIA request and appeal, because it seeks information that the defendant is required by law to include in publicly available documents, but which it is failing to do. For that reason this case now

1

resembles several other cases before this Court in which the Plaintiff seeks information from the defendant - in two cases, the US Merit Systems Protection Board, and in the third, the Office of Special Counsel that, by law, should be in publicly available documents. These cases are <u>Carson v. MSPB</u>, docket nos. 07-261 and 07-445, and <u>Carson v. OSC</u>, docket no. 07-443.

Plaintiff, in retrospect, should have immediately sought this Court's further review upon receiving the defendant's May 31, 2007 response to FO-06-2732, because of its incorrect claim that it investigates some allegations of agency FOIA malfeasance per section 552 and others per section 1216.

Instead, he filed another FOIA request, redundant of FO-06-2732, as Ms. McDonnell said would be necessary (page 5 of exhibit 5 of McDonnell declaration). Since then he has waited for OSC to respond to it (FO-07-2091) and to his appeal of its untimely response in the hope it would be adequate to resolve this matter without requiring more of the Court's attention.

Plaintiff apologies to the Court for seeking and obtaining two unopposed extensions of time, because he presumed, incorrectly, that when the counsel for the defendant agreed to an extension of time that was calculated on the assumption that OSC would comply with the law's requirements for timeliness in responding to his appeal of it response in FOIA request FO-07-2091, the counsel for the

defendant would then ensure OSC responded to the FOIA appeal in the law's required time frame. Counsel for the defendant has made clear that its agreeing to the extension of time did not mean that OSC would comply with that law or that counsel would care when it did not.

Because his FOIA request no. FO-06-2732 seeks information with would be publicly available if defendant discharged its relevant statutory duties, the plaintiff is entitled to judgment as a matter of law. Additionally, for the same reason, he requests this Court issue the additional finding "that the circumstances surrounding the withholding raise questions whether the agency personnel acted arbitrarily or capriciously with respect to the withholding." Plaintiff has submitted a memorandum of points and authorities in support of this motion as well as a Statement of Material Facts Not in Genuine Dispute and a Proposed Order.

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Plaintiff
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH P. CARSON, )
      Plaintiff )
      v. )  Civil Action No: 06-1834 (PLF)
U.S. OFFICE OF SPECIAL COUNSEL, )
      Defendant )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF HIS CROSS MOTION FOR SUMMARY JUDGMENT

OSC's response of May 31, 2007 about plaintiff's FOIA request and appeal no. FO-06-2732 is incorrect in its description of the relevant law and OSC's obligations by it (page 3 of exhibit 5 of McDonnell declaration). Its errors are repeated in the declaration of Erin McDonnell (paragraphs 14 and 19) and the defendant's memorandum of points and authorities (pages 4 and 5). OSC claims that sections 1216 and 552 are an "either/or," that they do not work together in any way.

However, 5 USC 552(a)(4)(F) and 5 USC 1216(a)(3) are not "either/or" as OSC represents. This is clear by the wording of 5 USC 1216(a)(3):

> ...the Special Counsel shall... conduct an investigation of any allegation concerning arbitrary or capricious withholding of information prohibited

1

under section 552...

when compared with the only place in section 552 that mentions the Special Counsel, 552(a)(4)(F) (emphasis added):

> ...the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the **Special Counsel** shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The **Special Counsel**, after investigation and consideration of the evidence submitted, shall **submit his findings and recommendations to the administrative authority** of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends.

Clearly, the two subsections of law work together, and not separately as OSC claims. By them, OSC MUST investigate, per sections 1216 and 552, any allegation it receives of possible agency FOIA malfeasance, per 1216(a)(3), that cites the requisite Federal Judge finding. Conversely, OSC MUST NOT investigate any allegation of possible Agency FOIA malfeasance it receives, per 1216(a)(3), that does not contain or cite the requisite finding. OSC has no discretion about conducting field investigations of allegations of agency FOIA malfeasance - if the complaint cites the requisite finding, OSC must investigate per sections 1216 and 552; if the complaint does not, then OSC cannot investigate

it.

Contrary to Ms. McDonnell's statements, it is not necessary for the federal judge to personally file his finding with OSC, anyone can, per 1216(a)(3), at any time. The result is always the same, OSC conducts an investigation per 1216 and 552(a) if the complaint cites the requisite finding and does not investigate if it does not.

Additionally, when OSC determines there is "reasonable cause to believe" that the requirements of 5 USC 552 or associated agency FOIA regulations or rules were violated in the matter, its report to the involved agency MUST also fulfill the requirements of 5 USC 1214(e). This 1214(e) report and the agency head certified response become public records per 5 USC 1219(a)(3) and both must also be described in OSC's Annual Report to Congress, per 5 USC 1218.

The above describes clear, unambiguous law. OSC has no discretion about conducting a field investigation, per sections 1216 and 552, of any allegation it receives per 1216(a)(3) - if the allegation cites or contains the requite finding by a Federal Judge, OSC MUST conduct an field investigation; if it does not, then OSC MUST NOT conduct a field investigation per sections 1216 and 552. When OSC conducts such a field investigation, it MUST issue a report that complies with the requirements of 5 USC 552(a)(4)(F). If OSC determines there is "reasonable

cause to believe" that a violation of FOIA law, rule, or regulation at the agency occurred, then it also MUST make a 5 USC 1214(e) report to the head of the involved agency (which could be the same as the report made per 5 USC 552(a)(4)(F). In that case, OSC MUST ensure it receives an agency-head certified response, and both its report and the agency response become public records per 5 USC 1219(a)(3). Additionally both documents MUST be described in OSC's Annual Report to Congress, made per 5 USC 1218.

OSC simply is not following the law, based on comparing the information contained in its Annual Reports to Congress (exhibit 11 of McDonnell declaration) and its public records, maintained per 5 USC 1219, with Ms. McDonnell's May 31, 2007 response to this FOIA request and her July 27, 2007 declaration. By comparison of these documents, one of the following unlawful conditions MUST be true:

1    Since 1989, OSC has unlawfully conducted 40 or more field investigations of possible agency FOIA malfeasance because the 1216(a)(3) allegations did not contain or cite the requisite Federal Judge's finding.

2    Since 1989, OSC has conducted 40 or more field investigations, per sections 1216 and 552, of complaints received per 5 USC 1216(a)(3) that contained or cited the requisite Federal Judge's finding, but then failed to make and/or

describe the associated lawfully required findings and reports per 5 USC 552(a)(4)(F), 5 USC 1214(e), 1218, and/or 1219(a)(3).

Plaintiff thinks it an "arbitrary and capriciously withholding of information" when OSC fails to comply the relevant law, including the creation of relevant publicly available records, and then tries to evade compliance with a proper FOIA request by claiming to have authority it does not have - to conduct field investigations of FOIA complaints received, from any source, per 5 USC 1216(a)(3), that do not cite or contain the requisite Federal Judge's finding.

Plaintiff respectfully requests this Court use its power to get to the bottom of OSC's apparent non-compliance with:

1) its singular responsibilities to enforce FOIA compliance conducting field investigations per sections 1216 and 552, when it receives complaints per 1216(a)(3) that cite the requisite Federal Judge finding and, based on those investigations, recommending disciplinary actions against agency FOIA officers who did not comply with their lawful obligations to FOIA requesters, and/or

2. its lawful obligations to document - to the involved agencies, to Congress, and the public, the results of these investigations.

This started off as a FOIA suit, but it is now apparent that the reason the

5

requested records to not exist is because OSC has not complied with relevant law.

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Plaintiff
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, <br><br> Plaintiff <br><br> v. <br><br> U.S. OFFICE OF SPECIAL COUNSEL, <br><br> Defendant | ) <br> ) <br> ) <br> ) Civil Action No: 06-1834 (PLF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Plaintiff, Joseph P. Carson, PE, submits this statement of material facts as to which there is no genuine dispute in accordance with Local Rule 7(h). The attached declaration of Joseph P Carson, PE, plaintiff, supports this statement.

1. Plaintiff, in his FOIA request and appeal no. FO-06-2732, requested the following records from OSC (where "records," consistent with 5 USC 552(a)(3)(A)(i), "reasonably describe such records"): any report containing any "finding and recommendations" that OSC provided any agency, per 5 USC 552(a)(4)(F), as a result of an OSC field investigation, conducted per 5 USC 1216 and 5 USC 552, that resulted from any complaint, by any source, at any time since 1989, made per 5 USC 1216(a)(3) that cited or contained the requisite Federal Judge's findings of 5 USC 552(a)(4)(F), "that the

1

circumstances surrounding the withholding raise questions whether the agency personnel acted arbitrarily or capriciously with respect to the withholding," together with any associated reports made by OSC per 5 USC 1214(e) with their agency-head certified response.

2. No OSC Annual Report since 1989, each of which OSC claims was made per 5 USC 1218, describes any OSC report to any agency made per 5 USC 552(a)(4)(F) and/or 5 USC 1214(e) that resulted from an OSC field investigation, conducted per 5 USC 1216 and 552, of a FOIA complaint it received per 5 USC 1216(a)(3), nor any agency response to any such OSC report. Despite this, 5 USC 1218 requires OSC's Annual Reports to Congress to contain "a description of the recommendations and reports made by it to other agencies pursuant to this subchapter, and the actions taken by the agencies as a result of the reports or recommendations."

3. OSC has not once, since 1989, ever made a 5 USC 1214(e) report about any field investigation it has ever conducted - including PPP investigations (about 4000), Hatch Act investigations (about 400), and FOIA investigations (40 or more - see exhibit 11 of McDonnell declaration).

4. OSC's Annual Reports to Congress from 1989 to 2002 document (exhibit 11 of McDonnell declaration) it has conducted 40 or more field

        investigations of FOIA complaints received per 5 USC 1216(a)(3). This information is not provided in subsequent OSC Annual Reports to Congress, even though 5 USC 1218 requires OSC to document this number.

5.   OSC has yet to produce, in response to this FOIA request, any records of "reports and recommendations" it is required, by 5 USC 552(a)(4)(F) and/or 5 USC 1214(e), to provide to the involved agency when it conducts an investigation, per sections 1216 and 552, of a complaint it receives per 5 USC 1216(a)(3) and finds "there is reasonable cause to believe" an agency or agency official violated 5 USC 552 and/or associated agency regulation or rule.

6.   OSC has also not produced, in response to this FOIA request, any "reports and recommendations" it is required, by 5 USC 552(a)(4)(F), to create when it conducts a field investigation, per sections 1216 and 552, of a complaint it receives per 5 USC 1216(a)(3) when it finds "there is no reasonable cause to believe" an agency or agency official violated 5 USC 552 and/or associated agency regulation or rule.

7.   There are no published decisions of the Merit Systems Protection Board (MSPB) or the US Court of Appeals for the Federal Circuit involving any disciplinary action taken either by any agency or OSC against any agency

official for failing to comply with 5 USC 552(a)(4)(F) or any associated agency regulation or rule as a result of any field investigation OSC conducted, per sections 1216 and 552, and associated report made per 5 USC 552(a)(4)(F).

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Plaintiff
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

**Certificate of Service**

I certify that the Plaintiff's opposition to defendant's motion for summary judgment, his cross motion for summary judgment, the memorandum of points and authorities, Statement of Material Facts Not in Dispute, and proposed Order

was served, by U.S. Mail, on:

Representative for OSC

Ms. Blanche Bruce
US Attorneys Office
555 Fourth St. NW
Washington, DC 20530

_____
Joseph P. Carson

October 12, 2007

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON,<br><br>   Plaintiff<br><br>   v.<br><br>U.S. OFFICE OF SPECIAL COUNSEL,<br><br>   Defendant | )<br>)<br>)<br>)<br>) Civil Action No: 06-1834 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION of Defendant's Motion for Summary Judgment and the attachments and exhibits thereto, Defendant's Memorandum of Points and Authorities in Support thereof, and Defendants' Statement of Facts Not in Material Dispute, Plaintiff's Opposition thereto, and Defendant's Reply, and the entire record herein, it is this ____ day of ____, 2007 hereby

ORDERED that Defendant's Motion for Summary Judgement is denied.

_____
UNITED STATES DISTRICT JUDGE