UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH P. CARSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1834 (PLF) |
| UNITED STATES OFFICE OF SPECIAL COUNSEL, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY AND MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Defendant, the United States Office of Special Counsel ("OSC"), through the undersigned attorneys, hereby files its reply and memorandum in opposition to Plaintiff's cross-motion for summary judgment, and Defendant's response to Plaintiff's statement of material facts. Defendant submits that plaintiff has conceded his position with respect to two of his requests to the OSC under the Freedom of Information Act ("FOIA"), and therefore, Defendant is entitled to summary judgment on those two requests.[1] With respect to Plaintiff's third FOIA request, Plaintiff has failed to present any evidence that the OSC improperly withheld agency records. Accordingly, the OSC is also entitled to summary judgment on this request.

---

[1] Plaintiff states that he "no longer seeks this Court's intervention" in regard to FOIA requests Nos. 06-1484 and 06-2493. (Plaintiff's Opposition to Defendant's Motion for Summary Judgment, p. 1.)

## I. Plaintiff's Mandamus Arguments Are Improper

With respect to Plaintiff's third FOIA request, No. FO-06-2732,[2] he argues that it "is not a normal FOIA request and appeal, because it seeks information that the defendant is required by law to include in publicly available documents, but which it is failing to do." Plaintiff argues that he is entitled to judgment as a matter of law because his request "seeks information with [sic] would be publicly available if defendant discharged its relevant statutory duties." Plaintiff's Opposition, pp. 1-3. Additionally, Plaintiff asserts that although this case "started off as a FOIA suit" the Court should "use its power to get to the bottom of OSC's apparent non-compliance with [its statutory duties]." Plaintiff's Memorandum of Points and Authorities, p. 5.

Contrary to Plaintiff's assertion, the record clearly shows that Plaintiff initially filed this action as a petition for a writ of mandamus. Plaintiff's petition alleged that the OSC had failed to meet its statutory obligations under 5 U.S.C. § 552 to respond to Plaintiff's FOIA requests, and asserted that "he simply wants OSC to comply with the law in processing his FOIA request." *See* Petition for Writ of Mandamus ("Petition"), pp. 2-3. On November 8, 2006, the Court denied Plaintiff's petition for a writ of mandamus and ordered that this action proceed as a civil action pursuant to the FOIA. Since that time, this matter has proceeded as such.

Now, despite the Court's earlier ruling, Plaintiff improperly attempts to resurrect his petition for writ of mandamus. Plaintiff argues that the OSC is wrong in its legal interpretation that 5 U.S.C.

---

[2] Pursuant to this request, Plaintiff requested the following records: (a) any court referrals made to the OSC since 1989, pursuant to 5 U.S.C. § 552(a)(4)(F); and (b) copies of the OSC's findings and recommendations for its investigation of all such Court referrals. *See* Defendant's Motion for Summary Judgment, McDonnell Declaration¶ 13, Exhibit 8.

§ 552 and 5 U.S.C. § 1216 are independent statutes.[3]  *See* Plaintiff's Memo., p.1.  As a result, Plaintiff urges the Court to find that the OSC has not complied with what Plaintiff perceives is the OSC 's duty to create certain records, instead of determining whether the OSC has improperly withheld agency records from Plaintiff.  Plaintiff's Memo. p. 5.[4]

Plaintiff's arguments display a complete lack of understanding of the Court's jurisdiction under the FOIA.  *See* 5 U.S.C. § 552(a)(4)(B).  The FOIA cannot be used as an enforcement mechanism to compel agencies to perform what a plaintiff believes is the agency's mission.  *See Kissinger v. Reporters Committee for Freedom of the Press*, 455 U.S. 136, 150 (1980) (absent improper withholding, the FOIA confers no "[j]udicial authority to devise remedies and enjoin agencies").  Plaintiff's arguments in this regard should be rejected by the Court.

### II.  A Finding Under 5 U.S.C. § 552(a)(4)(F) Is Unwarranted

Plaintiff requests that the Court find "that the circumstances surrounding the withholding raises questions whether the agency personnel acted arbitrarily or capriciously with respect to the withholding."  Plaintiff's Opposition, p. 3.  Plaintiff appears to be making his request pursuant to

---

[3] In fact, 5 U.S.C. § 552 (a)(4)(F), as discussed *infra*, is part of the FOIA, as amended.  It provides that in narrow circumstances agency employees who arbitrarily or capriciously withhold information may be subject to disciplinary action.  Whereas, 5 U.S.C. § 1216(a)(3) is a provision of the Whistleblower Protection Act of 1989, which authorizes the Office of Special Counsel to investigate certain allegations concerning arbitrary or capricious withholding of information requested under the FOIA.  Unlike subsection (a)(4)(F) of the FOIA, this provision does not require a lawsuit or judicial finding.  If the Special Counsel receives an allegation concerning such a matter, "the Special Counsel *may* investigate and seek corrective action under section 1214 and disciplinary action under section 1215 in the same way as if a prohibited personnel practice were involved". [emphasis added].  5 U.S.C. § 1216(c).

[4] Plaintiff recites his history of pursuing vexatious litigation as if it somehow supports his position.  *See* Plaintiff's Opposition, p. 2.  In fact, it demonstrates Plaintiff's knowledge of the different forums and distinct remedies for certain matters.

5 U.S.C. § 552(a)(4)(F).

However, the language of this statute limits the Court's authority to make such a finding.

Section 552 (a)(4)(F) provides:

> Whenever the court orders the production of any agency
> records improperly withheld from the complainant and assesses
> against the United States reasonable attorney fees
> and other litigation costs, and the court additionally
> issues a written finding that the circumstances surrounding
> the withholding raise questions whether agency personnel acted
> arbitrarily or capriciously with respect to the withholding,
> the [United States Office of] Special Counsel shall promptly
> initiate a proceeding to determine whether disciplinary action
> is warranted against the officer or employee who was
> primarily responsible for the withholding.

5 U.S.C. § 552 (a)(4)(F). There are three distinct jurisdictional prerequisites to the initiation of a Special Counsel investigation under the FOIA: (1) the court must order the production of agency records found to be improperly withheld; (2) it must award attorney fees and litigation costs; and (3) it must issue a specific "written finding" of suspected arbitrary or capricious conduct. *See, e.g.*, *O'Shea v. NLRB*, 2006 WL 1977152, at *6 (D.S.C. July 11, 2006) (holding that a referral to Office of Special Counsel was unwarranted because defendant agency was not improperly withholding documents); *Defenders of Wildlife v. USDA*, 311 F. Supp. 2d 44, 61 (D.D.C. 2004) (declining to find that authority acted arbitrarily and capriciously, because the court did not find that the agency withheld nonexempt records).

Plaintiff has failed to demonstrate that even the first of these prerequisites has been met, and there is simply no basis in the record to justify Plaintiff's request. *See Chourre v. IRS*, 203 F. Supp. 2d 1196, 1202 (W.D. Wash. 2002) (denying request for sanctions because there was "nothing in the record to suggest that [defendant] acted arbitrarily or capriciously"). Accordingly, Plaintiff's request

4

for the Court to make such a finding should be denied.

### III. The OSC Is Entitled to Summary Judgment

Plaintiff has failed to deny the facts set forth in Defendant's Statement of Material Facts Not In Genuine Dispute. *See* Local Civil Rule 7(h), Fed. R. Civ. P. 56(c) and (e). Nor has the OSC's declaration been controverted by any competent evidence. *See Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984).

In fact, Plaintiff does not allege that the OSC improperly withheld agency records under the FOIA. Instead, he argues that the OSC would have records to release to him, but for the OSC's alleged non-compliance with the OSC's statutory duties. Plaintiff's arguments are inopposite.

"Speculative claims about [the] existence of other documents cannot rebut [the] presumption of good faith afforded [to] agency affidavits." *See Mace v. EEOC*, 197 F.3d 320, 330 (8th Cir. 1999) (citing *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). Because Plaintiff has failed to controvert the OSC's factual assertions, these assertions must be accepted as true. *See Butler v. Dep't of the Air Force*, 888 F. Supp. 174, 179 (D.D.C. 1995), aff'd, 116 F.3d 941 (D.C. Cir. 1997) (per curiam). Moreover, FOIA does not require that an agency create documents. Moreover, FOIA does not require that an agency create documents. Center for Public Integrity v. F.C.C., 2007 WL 2411811 (August 27, 2007). Plaintiff's cross-motion for summary judgment should, therefore, be denied.

### IV. Defendant's Response to Plaintiff's Statement of Facts

1.  Dispute. Plaintiff requested "1) Any *court referrals* made to OSC, since 1989, per 5 USC 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests, the relevant part of OSC law is 5 USC 1216(a)(3). *** 2) Copies of the OSC's findings and recommendations

for its investigation of all such *Court referrals*." (Emphasis by OSC.)

2.    What OSC reports in its Annual Reports is not material to the question of whether OSC properly responded to/withheld information in response to plaintiff's FOIA request for information about investigations conducted and findings and recommendations made by OSC regarding arbitrary and capricious withholdings under FOIA *based on court referrals to OSC.*

3.    Whether OSC has made a report under 5 U.S.C. § 1214(e) is not material to the question of whether OSC properly responded to/withheld information in response to plaintiff's FOIA request for information about investigations conducted and findings and recommendations made by OSC regarding arbitrary and capricious withholdings under FOIA *based on court referrals to OSC.*

4.    Whether OSC included information specified in 5 U.S.C. § 1218 (which has not been in effect since May 2000) in its Annual Reports after 2002 is not material to the question of whether OSC properly responded to/withheld information in response to plaintiff's FOIA request for information about investigations conducted and findings and recommendations made by OSC regarding arbitrary and capricious withholdings under FOIA *based on court referrals to OSC.*

5.    OSC's response to plaintiff's request for "findings and recommendations for investigations of all … Court referrals" under 5 U.S.C. § 552(a)(4)(F) has been fully explained.  Whether OSC has produced to plaintiff a report under 5 U.S.C. § 1214(e) is not material to the question of whether OSC properly responded to/withheld information in response to plaintiff's FOIA request for information about investigations conducted and findings and recommendations made by OSC regarding arbitrary and capricious withholdings under FOIA *based on court referrals to OSC.*

6.    OSC's response to plaintiff's request for "findings and recommendations for investigations of all … Court referrals" under 5 U.S.C. § 552(a)(4)(F) has been fully explained.

7.      Whether there are any reported MSPB cases involving disciplinary action taken against an official for failing to comply with 5 U.S.C. § 552(a)(4)(F) is not material to the question of whether OSC properly responded to/withheld information in response to plaintiff's FOIA request for information about investigations conducted and findings and recommendations made by OSC regarding arbitrary and capricious withholdings under FOIA *based on court referrals to OSC*.

## Conclusion

For the foregoing reasons, Defendant respectfully moves the Court to grant Defendant's motion for summary judgment.

Dated: October 26, 2007

                                          Respectfully submitted,

                                          _____/s/_____
                                          JEFFREY A. TAYLOR, D.C. Bar #498610
                                          UNITED STATES ATTORNEY

                                          _____/s/_____
                                          RUDOLPH CONTRERAS, D.C. Bar #434122
                                          Assistant United States Attorney

                                          _____/s/_____
                                          BLANCHE L. BRUCE, D.C. BAR #96054
                                          Assistant United States Attorney
                                          555 4th Street, NW,
                                          Washington, D.C.  20530
                                          (202) 307-6078

**CERTIFICATE OF SERVICE**

      I hereby certify that on this   26th  day of October, 2007, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:

JOSEPH P. CARSON
10953 Twin Harbor Drive
Knoxville, Tn.  37934
(865) 300-5831


                        _____/s/_____
                        BLANCHE L. BRUCE
                        Assistant United States Attorney
                        555 Fourth Street, N.W., Room E-4220
                        Washington, D.C. 20530
                        (202) 307-6078 (telephone)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH P. CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1834 (PLF) |
| | ) | |
| UNITED STATES OFFICE OF SPECIAL COUNSEL. | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

UPON CONSIDERATION of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment, and Plaintiff's Statement of Material Facts Not in Genuine Dispute, Defendant's opposition thereto, any opposition by Plaintiff, and the entire record herein, it is on this ___ day of _____, 2007,

ORDERED that Defendant's Motion for Summary Judgment is granted; and it is further

ORDERED that Plaintiff's Cross Motion for Summary Judgment is DENIED.

_____
United States District Judge