UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON,<br><br>   Plaintiff<br><br>v.<br><br>U.S. OFFICE OF SPECIAL COUNSEL,<br><br>   Defendant | )<br>)<br>)<br>)<br>) Civil Action No: 06-1834 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED
OCT 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Has OSC improperly withheld agency records in Mr. Carson's FOIA request FO-06-2732? Yes, it improperly failed to comply with the relevant law by which the requested records would be created and publicly disseminated, so it is improperly withholding records that would exist, absent its lawbreaking.

OSC's argument, that its lawbreaking in failing to create records relevant to 552(a)(4)(F), 1214(e), 1216, 1218, and 1219(a)(3), for the 40 or more field investigations it has conducted since 1989 as a result of receiving complaints, per 1216(a)(3), that contained or cited the requisite finding of 552(a)(4)(F) by a Federal Judge of possible agency FOIA malfeasance, means those records cannot be sought via FOIA, is consistent with other aspects of its long-standing lawbreaking.

1

What difference would there be if instead of unlawfully failing to create the required records, OSC unlawfully destroyed the records in response to the plaintiff's FOIA request - would it not then claim the same thing - it was not improperly withholding records because they had been destroyed?

Footnote 3 on page 3 of the OSC's reply is simply and completely wrong. OSC only has jurisdiction to conduct a field investigation of a complaint of improper FOIA withholding if it contains or cites the requisite finding of 552(a)(4)(F). In no other circumstance does it have jurisdiction to do a field investigation of any complaint it receives, per 1216(a)(3), of possible improper agency withholding. By 1212(a)(5) and 1216(a)(3) OSC **shall** investigate any such complaint that cites the requisite federal judge finding. By 1216(c), it **may** conduct its mandatory investigation per 1214(a) and it **may** seek disciplinary action per 1215 - 1216(c) gives OSC **no** discretion about conducting an investigation required by 1216(a)(3) (because the complaint cites or contains the requisite 552(a)(4)(F) finding), it only gives OSC discretion about complying with 1214(a) in its conduct.

This case is now exactly as <u>Carson v. MSPB</u>, docket no. 07-445 and <u>Carson v. OSC</u>, docket no. 07-443 - Mr. Carson seeks information that ought to be publicly available, but is not, because MSPB and OSC have not complied with

relevant laws to create it. The cases cited by OSC are irrelevant - they do not describe situations in which the agency was lawbreaking in failing to create publicly available records.

When an agency breaks laws requiring it to produce publicly available records and then claims that it is not improperly withholding them, Mr. Carson hopes this Court determines it warrants a finding, per 552(a)(4)(F), of possible agency FOIA malfeasance.

Respectfully Submitted,

Joseph P. Carson, P.E., Plaintiff
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

**Certificate of Service**

I certify that the Plaintiff's reply to defendant's memorandum of opposition to plaintiff's motion for summary judgment

was served, by U.S. Mail, on:

Representative for OSC

Ms. Blanche Bruce
US Attorneys Office
555 Fourth St. NW
Washington, DC 20530

_____
Joseph P. Carson

October 27, 2007