UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1834 (PLF) |
| ) | |
| U.S. OFFICE OF SPECIAL COUNSEL, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Pro se plaintiff Joseph Carson seeks relief from the Court against the United States Office of Special Counsel ("OSC") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1] This matter is now before the Court on cross motions for summary judgment.[2] For the reasons explained below, the Court will grant defendant's motion for summary judgment and will deny plaintiff's motion for summary judgment.

---

[1]   Plaintiff originally sought a writ of mandamus. The Court informed the parties that it would construe this action as one brought under the FOIA, because it is one seeking release of records, in an Order dated November 8, 2006.

[2]   The papers submitted to the Court in connection with these motions include: defendant's motion for summary judgment ("Def. Mot."); defendant's memorandum of points and authorities in support of defendant's motion for summary judgment ("Def. Mem."); defendant's statement of material facts not in dispute ("Def. SMF"); plaintiff's opposition to defendant's motion for summary judgment and cross motion for summary judgment ("Pl. Mot."); defendant's reply and memorandum in opposition to plaintiff's cross motion for summary judgment and response to plaintiff's statement of material facts ("Def. Rep."); and plaintiff's reply to defendant's memorandum in opposition to plaintiff's motion for summary judgment ("Pl. Rep."). Defendant also submitted the sworn declaration of Erin McDonnell ("McDonnell Decl.").

I. BACKGROUND

This case was filed as an appeal from the responses of the Office of Special Counsel to three requests made by plaintiff under the FOIA. See Complaint at 1. In his opposition and cross motion, however, plaintiff informs the Court that he withdraws his request under two of the FOIA requests, leaving only his request designated FO-06-2732 under consideration. See Pl. Mot. at 1.

Defendant submitted the following statement of material facts in relation to this FOIA request:

> 9. On September 5, 2006, the OSC received a third FOIA request from Plaintiff dated September 4, 2006, and designated as the OSC's File Number FO-06-2732. McDonnell Decl. ¶ 13.
>
> 10. Plaintiff requested the following records from the OSC: (a) any court referrals made to the OSC, since 1989, pursuant to 5 U.S.C. § 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests; and (b) copies of the OSC's findings and recommendations for its investigation of all such Court referrals. McDonnell Decl. ¶ 13, Exhibit 8.
>
> 11. On September 5, 2006, the OSC responded to Plaintiff's request and advised him that the OSC's automated case management system does not distinguish between allegations received from courts and other sources. The OSC also advised Plaintiff that a manual search of records was not feasible because most of the case files over three years old had been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files. McDonnell Decl. ¶ 14, Exhibit 9.
>
> 12. By letter dated September 9, 2006, Plaintiff appealed the OSC's response. McDonnell Decl. ¶ 15, Exhibit 10.
>
> 13. While his FOIA action was pending, Plaintiff, by letter to the OSC dated January 13, 2007, requested expedited processing of his FOIA request. McDonnell Decl. ¶ 16, Exhibit 3. The OSC denied

>Plaintiff's request. McDonnell Decl. ¶ 17, Exhibit 4.
>
>14. By letter to the OSC dated February 2, 2007, Plaintiff clarified his FOIA request. McDonnell Decl. ¶ 18, Exhibit 11.
>
>15. On May 31, 2007, the OSC responded to Plaintiff's FOIA appeal. The OSC advised Plaintiff that the OSC was upholding its initial response to Plaintiff that the OSC had no records responsive to his request. In addition, the OSC notified Plaintiff that there had been no known court referrals to the OSC pursuant to 5 U.S.C. § 552(a) since 1989. McDonnell Decl. ¶ 19, Exhibit 5.

Def. SMF ¶¶ 9-15.[3]

Plaintiff "continues to seek this Court's intervention" with respect to this FOIA request because, he asserts, "defendant is not complying with the relevant law and, therefore, not creating the publicly available records required by law." Pl. Mot. at 1. Plaintiff therefore is conceding that the records he is requesting do not exist, rendering this FOIA action moot.

## II.  DISCUSSION

FOIA cases appropriately may be decided on motions for summary judgment. Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993); Farrugia v. Executive Office for United States Attorneys, Civil No. 04-0294, 2006 WL 335771 at *3 (D.D.C. Feb. 14, 2006). In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations are "relatively detailed and non-

---

[3] In this circuit, a party moving for summary judgment must file with each such motion "a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." L. Civ. R. 7(h); see also L. Civ. R. 56.1 (same). Both parties provide statements of material fact. The Local Rule provides that "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." L. Civ. R. 56.1.

conclusory," SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and describe (1) the nature of the search for documents the agency conducted and the adequacy of that search, see Baker & Hostetler LLP v. Dep't of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006); Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994); and (2) "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974); Hertzberg v. Veneman, 273 F. Supp. 2d 67, 74 (D.D.C. 2003). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978); see also Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Hertzberg v. Veneman, 273 F. Supp. 2d at 74.

   Under the FOIA, an agency may withhold documents responsive to a FOIA request only if the responsive documents fall within one of nine enumerated statutory exemptions. See 5 U.S.C. § 552(b); see also Dep't of Defense v. Fed. Labor Relations Auth., 510 U.S. 487, 494 (1994). Consistent with the Act's "goal of broad disclosure, these exemptions have been consistently given a narrow compass," Dep't of Justice v. Tax Analysts, 492 U.S. 136, 151 (1989), and there is a "strong presumption in favor of disclosure." Dep't of State v. Ray, 502 U.S. 164, 173 (1991). The agency bears the burden of justifying any withholding, and the Court reviews the agency claims of exemption de novo. See 5 U.S.C. § 552(a)(4)(B); see also

4

Dep't of State v. Ray, 502 U.S. at 173-74; Assassination Archives and Research Ctr. v. Central Intelligence Agency, 334 F.3d 55, 57 (D.C. Cir. 2003); Summers v. Dep't of Justice, 140 F.3d 1077, 1079-80 (D.C. Cir. 1998).

The Court's jurisdiction under the FOIA, however, extends only to claims arising from the improper *withholding* of agency records.  See McGehee v. CIA, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980)).  An agency is required to produce only those records in its custody and control at the time of the FOIA request.  See McGehee v. CIA, 697 F.2d at 1110.  The FOIA does not require an agency to create documents that do not exist or to collect disparate data and then generate an agency record.  See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. at 152 ("The Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained.").

Because the Court's jurisdiction under the FOIA extends only to claims arising from the improper *withholding* of agency records, see McGehee v. CIA, 697 F.2d at 1105 (quoting Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. at 150), plaintiff's request that this Court order the defendant to create records or to render opinions that plaintiff thinks defendant is required to create or render is not cognizable under the FOIA.  Accordingly, the Court will grant defendant's motion and dismiss plaintiff's complaint.

An Order consistent with this Memorandum Opinion will be issued this same day.

_____/s/_____
PAUL L. FRIEDMAN
DATE:  February 19, 2008         United States District Judge