UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON,  )<br> )<br>   Plaintiff  )<br> )   Civil Action No: 06-1834 (PLF)<br>v.  )<br>U.S. OFFICE OF SPECIAL COUNSEL,  )<br> )<br>   Defendant  )<br> )<br>_____) | **RECEIVED**<br><br>FEB 2 1 2008<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### NOTICE OF RELATED FOIA REQUEST AND REQUEST FOR EXPEDITED PROCESSING

Plaintiff, Joseph P. Carson, PE, provides notice and a copy of his appeal and request for expedited processing of OSC's February 11, 2008 response to his FOIA request FO-08-1148.

Respectfully Submitted,

_____
Joseph P. Carson, P.E., Plaintiff
10953 Twin Harbor Dr
Knoxville, TN 37934
865-300-5831

1

**Certificate of Service**

I certify that this notice of related FOIA appeal and request for expedited processing was served, via US Mail, on


**Representative for OSC**

US Dept. of Justice
Attention: Blanche Bruce
555 Fourth St, NW
Washington, DC 20530

_____
Joseph P. Carson

February 19, 2008

FOIA APPEAL AND REQUEST FOR EXPEDITED PROCESSING

February 19, 2008

Ms. Erin McDonnell
OSC FOIA Reviewing Officer
1730 M St, NW
Suite 218
Washington, DC 20036

Re: Appeal of FO-08-1148 and request for expedited processing of the appeal.

Dear Ms. McDonnell,

As you know, I contend your declaration of July 27, 2007 in Carson v. OSC, docket no. 06-1834, D.D.C. may contain perjurious statements regarding one or more of OSC's 40 or more field investigations of possible agency FOIA malfeasance, conducted per 1216(a)(3) and 552(a)(4)(F). This FOIA request and appeal are directly related to that case, therefore I request what this appeal clearly merits by OSC guidelines - **expedited processing**.

I contend you may have perjuriously described the facts about the Court findings, made per 5 USC 552(a)(4)(F), that were (or, by law, should have been) the basis of these field investigations in claiming, under oath in a declaration dated July 27, 2007 in that case, "no **court referrals** (emphasis added) to OSC pursuant to 5 USC 552(a)(4)(F) are known to have been made since 1989, with the result that OSC would have no records responsive to your request."

Therefore, I am asking more expansive questions about any possible connection between any such Court finding and any OSC field investigation conducted per 1216(a)(3) and/or 552(a)(4)(F) in this FOIA request. As you may be aware, in the new FOIA law, the Attorney General is specifically tasked to report the requisite Court finding, made per 5 USC 552(a)(4)(F), to OSC to ensure OSC is informed of these requisite findings, that authorize and mandate OSC to perform an investigation per 1216(a)(3) and 552(a)(4)(F).

Anyone - the Judge, the clerk, any party, any agency, any citizen, any organization, etc - who files a complaint with OSC per 1216(a)(3) that cites, refers, copies, references, etc this requisite finding - has provided OSC the information that gives OSC jurisdiction and a requirement to conduct an investigation per 1216(a)(3) and 552(a)(4)(F). Conversely, absent receiving information about this requisite finding, OSC is not authorized to conduct any investigation per 1216(a)(3).

Something had to create jurisdiction for OSC to conduct the 40 or more field investigations OSC has conducted per 1216(a)(3) since 1989 and I suspect you perjuriously claimed to a Federal Judge that none were connected, in any way, to a finding made per 552(a)(4)(F). To get to the

1

bottom of it, I submitted the additional FOIA request FO-08-1148, which seeks information additional to that sought in previous, related, FOIA requests FO-06-2732 and FO-07-2091.

I will pay up to $50.00 for these records. Please contact me if this is insufficient.

Respectfully,

Joseph Carson, PE
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

Attachments:

My FOIA request FO-06-2732 and the relevant OSC response

My FOIA request FO-07-2091 and the relevant OSC response

My FOIA request FO-08-1148 and OSC response.

Freedom of Information Act (FOIA) request

September 4, 2006

Christopher Kurt, FOIA Officer
US Office of Special Counsel
1730 M St, NW, Suite 218
Washington, DC 20036
202-653-5151 fax

Re: FOIA Request,

Dear Mr. Kurt,

Per law and OSC regulation, I respectfully make a FOIA request for the following information:

1) Any court referrals made to OSC, since 1989, per 5 USC 552(a)(4)(F), regarding federal district determinations in litigation about FOIA requests, the relevant part of OSC law is 5 USC 1216(a)(3).

5 USC 552(a)(4)(F) states:

> "and the **court additionally issues a written finding that the circumstances surrounding the withholding *raise questions* whether agency personnel acted arbitrarily or capriciously with respect to the withholding** (emphasis added), the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends."

2) Copies of the OSC's findings and recommendations for its investigation of all such Court referrals.

I will pay the necessary money, up to $50, for OSC to fulfill this FOIA request.

Respectfully,

Joe Carson, P.E.
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

FO-06-2732

**U.S. Office of Special Counsel**
Letter to Mr. Joe Carson
May 31, 2007
Page 3 of 4

1. *"A list of all current licensed attorneys employed by OSC, and where they are licensed to practice law."*

    OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

2. *"A list of all previously employed attorneys at OSC, from 1989, both career and appointed, with where they told OSC they were licensed to practice law."*

    OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

<u>FO-06-2732</u>

   Your initial request asked for: (1) any court referrals made to OSC since 1989 pursuant to 5 U.S.C. § 552(a)(4)(F); and (2) copies of the OSC's findings and recommendations for its investigation of all such court referrals. In Mr. Kurt's response, dated September 5, 2006, he correctly informed you that OSC's automated case management system does not distinguish between allegations of arbitrary or capricious withholding under FOIA received and investigated by this agency under 5 U.S.C. § 552(a)(4)(F) (referrals from Federal courts) and those received under 5 U.S.C. § 1216(a)(3) (allegations from other sources). He also correctly informed you that most case files over three years old have been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files. I note, however, that no court referrals to OSC pursuant to 5 U.S.C. § 552(a) are known to have been made since 1989, with the result that OSC would have no records responsive to your request.

   Your administrative appeal from Mr. Kurt's initial decision, and a subsequent letter dated February 2, 2007, indicate a misunderstanding of § 1216(a)(3). Referrals from a Federal court pursuant to 5 U.S.C. § 552(a)(4)(F) are investigated by OSC under that section. OSC investigates allegations of arbitrary and capricious withholding under the FOIA received from others pursuant to 5 U.S.C. § 1216(a)(3). The allegations shown as having been received and investigated by OSC in its annual reports since 1989 are allegations received from persons or entities other than Federal courts, pursuant to 5 U.S.C. § 1216(a)(3).

   Mr. Kurt's decision responded to your initial request, as you defined it, and my decision on your appeal is confined to that request. In light of the explanation above of the difference between investigations conducted pursuant to 5 U.S.C. §§ 552(a)(4)(F) and 1216(a)(3), if you want to request records about investigations under § 1216(a)(3) of allegations received from persons or entities other than Federal courts, you should send a request under the FOIA to Mr. Kurt, at the address shown at the top of this letter.

FOIA Request

June 4, 2007

Mr. Christopher Kurt
FOIA Officer
Office of Special Counsel
1730 M St, NW
Washington, DC 20036

Re: FOIA Request for information relevant to OSC field investigations conducted per 5 USC 1216(a)(3).

Dear Mr. Kurt,

Per Ms. McDonnell's letter of May 31, 2007, relevant to FO-06-2732 (page 3 of letter with relevant info is attached), I request any information about any field investigations conducted by OSC pursuant to 5 USC 1216(a)(3).

I disagree with Ms. McDonnell's claim about 5 USC 1216(a)(3) and 5 USC 552(a)(4)(F). By those sections of the law, OSC is not authorized to investigate allegations of "arbitrary or capricious withholding of information prohibited under section 552," unless the Federal Court makes such a referral to OSC.

I suspect Ms. McDonnell may be engaged in "arbitrary or capricious withholding of information" in her claim and I suspect OSC may simply have failed to investigate a number of such Court referrals made to it over the years, since 1989. I intend to raise this concern to the Court in Carson v. Office of Special Counsel, docket no. 06-1834 (D.C.C.), the related FOIA case.

Therefore I request expedited processing of this FOIA request, because this information may be relevant to that case. I will pay up to $50.00 for this information.

Respectfully,

Joe Carson, PE
10963 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

FO-07-2091

U.S. Office of Special Counsel
Letter to Mr. Joe Carson
May 31, 2007
Page 3 of 4

1. *"A list of all current licensed attorneys employed by OSC, and where they are licensed to practice law."*

   OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

2. *"A list of all previously employed attorneys at OSC, from 1989, both career and appointed, with where they told OSC they were licensed to practice law."*

   OSC does not have such a list, and is not required by the FOIA to create such a list in order to respond to your request.

FO-06-2732

   Your initial request asked for: (1) any court referrals made to OSC since 1989 pursuant to 5 U.S.C. § 552(a)(4)(F); and (2) copies of the OSC's findings and recommendations for its investigation of all such court referrals. In Mr. Kurt's response, dated September 5, 2006, he correctly informed you that OSC's automated case management system does not distinguish between allegations of arbitrary or capricious withholding under FOIA received and investigated by this agency under 5 U.S.C. § 552(a)(4)(F) (referrals from Federal courts) and those received under 5 U.S.C. § 1216(a)(3) (allegations from other sources). He also correctly informed you that most case files over three years old have been destroyed in accordance with the National Archives and Records Administration disposition schedule for such files. I note, however, that no court referrals to OSC pursuant to 5 U.S.C. § 552(a) are known to have been made since 1989, with the result that OSC would have no records responsive to your request.

   Your administrative appeal from Mr. Kurt's initial decision, and a subsequent letter dated February 2, 2007, indicate a misunderstanding of § 1216(a)(3). Referrals from a Federal court pursuant to 5 U.S.C. § 552(a)(4)(F) are investigated by OSC under that section. OSC investigates allegations of arbitrary and capricious withholding under the FOIA received from others pursuant to 5 U.S.C. § 1216(a)(3). The allegations shown as having been received and investigated by OSC in its annual reports since 1989 are allegations received from persons or entities other than Federal courts, pursuant to 5 U.S.C. § 1216(a)(3).

   Mr. Kurt's decision responded to your initial request, as you defined it, and my decision on your appeal is confined to that request. In light of the explanation above of the difference between investigations conducted pursuant to 5 U.S.C. §§ 552(a)(4)(F) and 1216(a)(3), if you want to request records about investigations under § 1216(a)(3) of allegations received from persons or entities other than Federal courts, you should send a request under the FOIA to Mr. Kurt, at the address shown at the top of this letter.



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, DC 20036-4505
(202) 254-3600

August 20, 2007

Mr. Joe Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE: <u>Freedom of Information Act Request (Ref. # FO-07-2091)</u>

Dear Mr. Carson:

I am writing in response to your letter, dated June 4, 2007, in which you asked the Office of Special Counsel (OSC) to provide you with certain records or information from OSC files.

You requested "any information about any field investigations conducted by OSC pursuant to 5 USC 1216(a)(3)". A search of our electronic case tracking system identified eleven complaints since 1989, in which an allegation of arbitrary or capricious withholding of information under the Freedom of Information Act (FOIA)[1] was received and referred (alone, or in combination with other allegations in the same complaint) for field investigation as a possible violation of § 1216(a)(3).

Ordinarily, case profiles are withheld under FOIA exemption 2.[2] However, for purposes of this request, and in the exercise of my discretion, I am providing you with a case profile for each of the aforementioned eleven complaints, with information about the individuals who filed the complaints, and names of subjects and OSC personnel, redacted under FOIA exemptions 6 and 7(C).[3] All other materials in the pertinent case files are withheld under

---

[1] The FOIA appears in title 5 of the U.S. Code, at section 552 (5 U.S.C. § 552).
[2] The information relates solely to internal agency personnel rules and practices. This exemption applies to administrative records such as correspondence control information, routing slips, administrative data forms, case tracking information, and computer or other administrative codes. § 552(b)(2).
[3] Information covered by your request is withheld under the authority of FOIA exemption 6, because the information is contained in personnel, medical, or similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy § 552(b)(6), or because the information was compiled for law enforcement purposes and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. § 552(b)(7)(C).

U.S. Office of Special Counsel
Letter to Mr. Joe Carson
August 20, 2007
Page 2

FOIA exemption 2, 5[4], and 7(C).  Please note that in all eleven cases, the complaint was filed by an individual.

In closing, you have the right to appeal this decision under the FOIA. Any such appeal must be in writing, and be postmarked within 30 days of the date of this letter. The appeal should be sent to Ms. Erin M. McDonnell, Associate Special Counsel for Legal Counsel and Policy, Office of Special Counsel, at the address shown at the top of this letter.

Sincerely,

Chris Kurt /BT

Christopher M. Kurt
FOIA/Privacy Act Officer
Legal Counsel and Policy Division

Enclosures

---

[4] The information consists of one or more inter-agency or intra-agency memoranda normally protected from discovery in civil litigation, based on one or more legal privileges. § 552(b)(5). These include the attorney work product privilege, and the deliberative process privilege. Martin v. Office of Special Counsel, 819 F.2d 1181 (D.C. Cir. 1987).

FOIA REQUEST AND REQUEST FOR EXPEDITED PROCESSING

February 8, 2008

Mr. Chrisopher Kurt
OSC FOIA Officer
1730 M St, NW
Suite 218
Washington, DC 20036

*FO-08-1148*

Via fax and mail

Re: FOIA request for information about OSC's 40 or more field investigations conducted per 5 USC 1216(a)(3) since 1989.

Dear Mr. Kurt,

As you know, I contend OSC, as an independent agency since 1989, has been year-for-year, employee-for-employee, and statutory obligation-for-statutory obligation, the most law-breaking agency in the history of our Republic. I contend its lawbreaking contributed, indirectly at least to 9/11, failure of levees in New Orleans, loss of space shuttle Columbia, the subprime mortgage meltdown, and countless other instances of federal incompetence or malfeasance. I contend its lawbreaking, if not "outed" and stopped, could indirectly contribute to a nuclear 9/11.

Its failure to comply with its statutory duties to protect federal employees from PPP's, combined with its apparent failure to comply with 5 USC 1216(a)(3) and 5 USC 552(a)(4)(F) in the 40 or more field investigations it has conducted, since 1989, pursuant to those two statutes, is a significant factor in agencies non-compliance with FOIA - agency FOIA officials have good reason to fear agency reprisal if they comply with FOIA when inconvenient to their agencies - because OSC will not protect them - and nothing to fear if they do not comply with FOIA law in those circumstances - because OSC will not investigate them.

As you may know I am trying to obtain judicial and Congressional reviews of OSC's compliance with its singular responsibilities to enforce FOIA in the federal government. See Carson v. OSC, docket no. 06-1834, D.D.C.

I seek **expedited processing, per OSC guidelines on its website,** for this request as it is relevant to claims made, under penalty of perjury, by Erin McDonnell, OSC's General Counsel in declarations she made to a Federal Court in filing for this pending case.

Attached is a table, complied from information contained in OSC's Annual Reports to Congress from 1989 to 2002 (when this information stopped being included in the annual reports, contrary to the requirements of 1218), that indicates OSC has conducted 40 or more field investigations of

1

possible agency FOIA malfeasance per 1216(a)(3), which cites 5 USC 552(a)(4)(F) as the source of OSC's jurisdictional authority. For each field investigation conducted by OSC per 1216(a)(3), from 1989 to the present, whether or not listed in an annual report, I desire the following information:

1) any records related to the complaint that resulted in the field investigation, specifically whether it cited, provided, referenced, etc the requisite Federal Judge finding of 552(a)(4)(F) "that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding." If such a finding was cited, information sufficient to identify the case.

2) If the complaint that led to the field investigation did not cite or reference such a finding, information any reasons used by OSC to claim authority to conduct such a the field investigation.

3) Any records related to the results of any field investigation conducted by OSC per 1216(a)(3).

I suspect Ms. McDonnell made material false statements, under oath, to the Court in her declarations for <u>Carson v. OSC</u>, docket no. 06-1834, D.D.C., for that reason, if no other, this FOIA request warrants expedited processing.

I will pay up to $50.00 for these records. Please contact me if this is insufficient.

Respectfully,

Joseph Carson, PE
10953 Twin Harbour Drive
Knoxville, TN 37934
865-300-5831

Attachment: Table, based on OSC Annual Reports to Congress, of field investigations conducted by OSC per 1216(a)(3) from 1989 through 2002.

2

OSC FOIA abuse (arbitrary and capricious withholding of information) allegations received and investigations conducted, based on information contained in OSC Annual Reports to Congress, made per 5 USC 1218

Note: 5 USC 552(a)(4)(F) is only place where "Special Counsel" is mentioned in section 552

| Year | allegations received by OSC per 5 USC 1216(a)(3) | OSC field investigations conducted |
|---|---|---|
| 1989 | 34 | 1 |
| 1990 | 27 | 2 |
| 1991 | 30 | 1 |
| 1992 | 29 | 1 |
| 1993 | 50 | 3 |
| 1994 | 48 | 1 |
| 1995 | 55 | 4 |
| 1996 | 45 | 6 |
| 1997 | 33 | 3 |
| 1998 | 35 | 5 |
| 1999 | 43 | 27 (most likely a typo, instead of 2) |
| 2000 | 47 | 3 |
| 2001 | 29 | 6 |
| 2002 | 25 | 2 |
| 2003 | info not in annual report | info not in annual report |
| 2004 | info not in annual report | info not in annual report |
| 2005 | info not in annual report | info not in annual report |



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
(202) 254-3600

February 11, 2008

Mr. Joseph Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

RE: Freedom of Information Act Request (Ref. # FO-08-1148)

Dear Mr. Carson:

I am writing in response to your Freedom of Information Act (FOIA) request for records of the Office of Special Counsel (OSC), which you submitted by facsimile on February 8, 2008. The simplicity of the response to this request negates the need to consider expedited processing.

The information you seek regarding field investigations conducted per 5 U.S.C. § 1216(a)(3) has already been provided to you in FOIA requests #FO-06-2732 and #FO-07-2091.

You have the right to appeal this decision under the FOIA. Any such appeal must be in writing, and be received within 45 days of the date of this letter. The appeal should be sent to Ms. Erin M. McDonnell, Associate Special Counsel, Office of Special Counsel, at the address shown at the top of this letter.

Sincerely,

*Chris Kurt*

Christopher M. Kurt
FOIA Officer
Legal Counsel and Policy Division